UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

TROY MOORE,
    Plaintiff        :  CIVIL ACTION NO. 2:14-cv-03873

    v.                    :  HONORABLE EDUARDO C. ROBRENO
    v.

LOUIS GIORLA, et al.,  :
    Defendants

**FILED**
SEP 26 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL

Plaintiff, Troy Moore a state inmate brought this civil rights action against four different prison officials, in which he allege that those defendants for violating his constitutional rights allowing him to remain in a cell with human waste. Plaintiff took sick smelling human waste and urine as he stayed on G2 cell 18.

PROCEDURAL HISTORY

On 9-16-2013, at approximately 23:15 hours, the toilet in cell 18 on G2 violently overflowed every 20 minutes through out the night with feces and urine. After experiencing shortness of breaht and chest pains along with vomiting, plaintiff informed correctional officer Walden who ignored plaintiff request to remove out of that cell and requested medical attention. After being covered in and subjected to breathing raw sewage in access of eight (8) hours. Plaintiff was later permitted to go to medica where he informed RN McGrogan of chest pains. Plaintiff pulse was taken and he was ordered back to the block to that same cell. Even after requesting nitroglycerine which was denied.

Plaintiff exhausted the grievnace levels and had a conference meeting with Major Martin and Commissioner Giorla to no avail.

-1-

Major Martin ordered the video footages to be pulled and commissioner Giorla stated the situation is to be handle at the corrections officer discretion. Plaintiff instructed majorMartin and commissioner Giorla to preserve the video footage due to plaintiff filing a lawsuit to support his claims against those defendants. Commissioner Giorla stated he would preserve the video footage as required.

### ARGUMENT

Plaintiff has suffered an irreparable injury not inspecting video footage, repair reports for cell 18 on G2 and his medical records to prepare his case. Plaintiff requested to inspect said items for the second time. Nor has defendants attorney entered it appearence for the record as required.

### SOUGHT OF RELIEF

WHEREFORE, plaintiff prays that this honorable court grant a conference hearing within 14 days of this motion to instruct defendants to release said video footage, repair report for cell 18 at G2 and medical records. If some reason, the video footage becomes lost or destroyed, plaintiff will be seeking in damage in the amount of $100,000 or a settlement. Plaintiff instructed defendants in his grievance and during a conversation that the video must be preserved to support his claim in a lawsuit. See, Taylor v. City of New York, U.S.D.C. (S.D. NY), Case No. 1:12-cv-05881-RPP. On September 2, 2013, a New York federal district court held tha a jail official was precluded from testifying in a prison'e lawsuit about what she supposedly witnessed on surveillance video footage that had been erased. The court also granted the prisoner's request for an adverse inference jury instruction and attorney's fees. See, Exhibit 1 that are attached for review.

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | |
|---|---|
| TROY MOORE, | : CIVIL ACTION NO. 2:14-cv-03873 |
| Plaintiff | : HONORABLE EDUARDO C. ROBRENO |
| | : |
| v. | : |
| | |
| LOUIS GIORLA, et al., | : |
| Defendants | |

### CERTIFICATE OF SERVICE

I, <u>Troy Moore</u>, hereby certify that on Friday, September 19, 2014, I served a true and correct copy of the plaintiff's Brief In Support of Motion To Compel to the party indicated below by first class mail.

Louis Giorla, Commissioner
Industrial Correctional Center
8301 State Road
Philadelphia, Pa 19136

RESPECTFULLY SUBMITTED,

Troy Moore
FE-2483
SCI-Forest
P.O. Box 945
Marienville, Pa 16239

-3-

## Judge May Resolve Exhaustion Issue; No Policy on Grievance Non-decisions Means Remedies Unavailable

*by David Reutter*

THE THIRD CIRCUIT COURT OF APPEALS held on August 26, 2013 that a judge may resolve factual disputes relevant to the exhaustion of administrative remedies without the participation of a jury. It also held the district court had erred in finding a failure to exhaust where a prisoner did not receive a response to his grievances and appeals were not required in such circumstances.

Robert L. Small, a pretrial detainee at New Jersey's Camden County Correctional Facility (CCCF) and a paraplegic, filed a civil rights complaint alleging excessive force, denial of medical treatment, and confiscation of his wheelchair and its replacement with one without leg rests. The suit concerned events during two stints that Small served at CCCF between June and September 2004 and again between May 2005 and January 2008.

The lawsuit, originally filed in 2006, was amended by pro bono counsel in January 2008. The defendants moved for summary judgment in late 2009, claiming Small had failed to exhaust administrative remedies under CCCF's grievance policy. The district court dismissed all but one of Small's claims following an evidentiary hearing, and he appealed.

Small argued the Prison Litigation Reform Act requires that a jury, not a judge, determine factual disputes related to administrative exhaustion issues because Seventh Amendment rights are implicated.

The Third Circuit disagreed, joining the Second, Fifth, Seventh, Ninth and Eleventh Circuits in concluding "that judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury."

The appellate court then turned to the exhaustion issue itself. First, it found "Small knew of, and was able to access, CCCF's grievance procedures." Having concluded that administrative remedies were available to him, the Court of Appeals considered whether he had substantially complied with the jail's grievance process.

Small argued he had complied by submitting sick call requests and letters of complaint, some of which were sent to people outside CCCF. The Third Circuit held those efforts were not substantially compliant with CCCF's grievance procedure.

However, as to two grievances that Small filed concerning incidents in 2005, the Court of Appeals held the district court had erred in finding Small did not comply with CCCF's grievance policy because he failed to appeal.

It was undisputed that neither of the grievances had resulted in a decision by jail staff, and the appellate court said it disagreed "that substantial compliance with CCCF's procedures requires appealing non-decisions." Rather, the jail's grievance policy addressed "only the appeal of a *decision* with which the inmate is not satisfied," and did not "mention what must be done or even could be done by the inmate when a decision is never made."

As CCCF's grievance procedure "did not contemplate an appeal from a non-decision ... the appeals process was unavailable" to Small. The Third Circuit thus affirmed in part and reversed and remanded as to claims related to the two grievances that did not result in decisions by jail staff. See: *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013).

Following remand, the district court appointed counsel to represent Small on February 21, 2014. This case, now eight years old, remains pending.

## New York Prisoner Awarded Sanctions for Spoliation of Evidence; Case Settles for $500,000

*by Mark Wilson*

ON SEPTEMBER 4, 2013, A NEW YORK federal district court held that a jail official was precluded from testifying in a prisoner's lawsuit about what she supposedly witnessed on surveillance video footage that had been erased. The court also granted the prisoner's request for an adverse inference jury instruction and attorney's fees.

In May 2011, guards did not intervene as New York City jail detainee Dwaine Taylor was savagely beaten by several gang members, including Batise Boyce, in a courthouse holding cell. He wasn't removed from the cell for approximately three hours.

When Taylor was finally taken to an emergency room, he was diagnosed with "jaw fractures on both ... sides of his face," an impacted tooth and another loose tooth. During surgery the next day, doctors closed the "jaw fractures with a metal plate and screws," removed one of his teeth and wired his jaw shut. Taylor was hospitalized for three days and then returned to the infirmary at the Rikers Island jail, where he remained for another month.

Within 15 days, officials prepared "an investigation 'package' recommending that Boyce be 're-arrested' for assaulting" Taylor. That package included copies of surveillance video footage. One week later, Boyce was indicted.

Taylor served notice of his intent to sue and on July 31, 2012 filed a failure to protect suit against jail officials in federal court. He alleged that the assault was sanctioned by guards "under a widespread practice called 'the Program,'" which permitted gang members to attack other non-gang-associated prisoners as a means of control.

"A ceiling-mounted, twenty-four hour surveillance camera" captured events in the holding cell during the assault. Assistant Deputy Warden Executive Officer Jacqueline Brantley reviewed the entire three hours of the video but saved just eight minutes, and the remaining footage was erased.

On June 7, 2013, Taylor moved for spoliation of evidence sanctions. The defendants claimed they had no duty to preserve the remaining three hours of video footage and that Brantley should be allowed to

testify as to what the rest of the footage depicted.

The district court disagreed, holding that Brantley was precluded from testifying about what she observed on the deleted surveillance footage. The court also granted Taylor's request for an adverse inference jury instruction and an award of reasonable attorney's fees and costs in connection with the motion for sanctions.

The case settled in October 2013, with the defendants agreeing to pay $500,000 inclusive of fees and costs. Taylor was represented by the Legal Aid Society and the law firm of Emery Celli Brinckerhoff & Abady, LLP. See: *Taylor v. City of New York*, U.S.D.C. (S.D. NY), Case No. 1:12-cv-05881-RPP.

## Seventh Circuit Admits Prisoner is Right but Denies Relief, Suggests Clemency

THE ARMED CAREER CRIMINAL ACT (ACCA), 18 U.S.C. § 924(e), mandates sentence enhancements for certain federal defendants who commit crimes with firearms; those who have three or more prior "violent felonies" or "serious" drug offenses face a minimum 15-year prison term.

In some cases, however, prior state convictions should not qualify as "predicate" offenses for the purpose of triggering an ACCA sentence enhancement.

In April 2014, the Seventh Circuit Court of Appeals issued a ruling in a case involving federal prisoner Cody F. Ellerman, who had challenged his ACCA enhanced sentence for being a felon in possession of a firearm.

The appellate court noted that "Ellerman's frustration with his inability to obtain relief is understandable given that he is correct, on the merits, that he never should have been sentenced as an armed career criminal." The Court of Appeals found that "His prior drug convictions were all for selling marijuana in Kansas, and as level 3 felonies, did not subject him to a statutory maximum of at least ten years.... Accordingly, those convictions did not qualify as 'serious drug offenses' under 18 U.S.C. § 924(e)(2)(A)(ii), and Ellerman should not have been sentenced as an armed career criminal."

However, he had not filed a direct appeal to his 2003 conviction, his post-conviction appeals were untimely and the Seventh Circuit wrote it was "not empowered to correct the sentencing error."

The appellate court concluded: "Having fallen victim to the procedural complexity of collateral attacks, Ellerman is out of judicial remedies. But he may consider asking the President for a pardon or to commute his sentence." See: *Ellerman v. Walton*, Seventh Circuit Court of Appeals, Case No. 14-501 (April 21, 2014).

In cases raising similar issues, scores of federal prisoners convicted in North Carolina have been found legally innocent in firearm possession cases, including cases involving ACCA enhancements. Yet some of those prisoners have been denied relief and remain incarcerated, too. [See related article in this issue of *PLN*, p. 48].

Ellerman informed PLN in June 2014 that, following the suggestion of the Seventh Circuit, he had filed a petition for commutation with the Office of the Pardon Attorney. That may be an even longer shot than trying to obtain judicial relief, however, considering President Obama's paltry track record of granting requests for clemency. [See: *PLN*, Jan. 2013, p.32; May 2011, p.36].

In February 2014, the U.S. Department of Justice announced an expanded clemency initiative; the administration apparently has taken the change seriously, replacing Pardon Attorney Ronald Rodgers in April 2014.

The initiative may not help Ellerman's chances for commutation, though, as it only applies to federal prisoners who have served at least 10 years of their sentence, have no significant prior convictions, and were convicted of a nonviolent crime that would have resulted in a lower sentence had they been sentenced today. The expanded clemency initiative will be covered in greater detail in a future issue of *PLN*.

Additional source: www.aclu.org

---

**Awesome Deal**
7photo pk.+ free cat.
For 7.50 or 20 stamps
For cat. Only send
2.75 or 9 stamps to:
**Picture Entertainment,**
PO Box 54806,
L.A., CA 90054
We also buy stamps
at .31 each

---

**Federal Writs**
• • •
**Texas Parole**
• • •
**Texas Writs**

We will fight endlessly for your rights and to secure your freedom.

Time is of the essence for many remedies, so please contact our office today.

You do not have to accept this. You CAN keep fighting.

Is your freedom worth it?

Surprisingly affordable.

Law Office of
**David Rushing**
723 Main St. Ste. 816
Houston, TX 77002
713-877-1300

ADVERTISEMENT

---

**Hepatitis & Liver Disease:**
**A Guide to Treating & Living with Hepatitis & Liver Disease**
Revised ed. By Dr. Melissa Palmer
See page 61 for more information.

September 19, 2014

Ofice of the Clerk
United States District Court
Room 2609
601 Market Street
Philadelphia, Pa 19106

    In Re: Troy Moore v. Louis Giorla, et al.,
          Civil Action No. 14-3873

Dear Clerk:

    Enclosed please find a copy of an Order along with Motion To Compel and Brief attached with Exhibit 1 to eb filed at your office timely to be served to Judge Eduardo C. Robreno. Thanking you in advance for your consideration and cooperation.

**RECEIVED**
SEP 2 6 2014

                                    RESPECTFULLY SUBMITTED,

                                    Troy Moore
                                    FE-2483
                                    SCI-Forest
                                    P.O. Box 945
                                    Marienville, Pa 16239

cc:
file/TM

Inmate Name Troy L. Moore Sr. DC# FE2483
Housing Unit: AB 2041
SCI Forest
PO Box 945
Marienville, PA 16239

U.S.M.S.
X-RAY

Office of Clerk
United States District Court
Room 2609
601 Market Street
Philadelphia, PA. 19106

Inmate Mail Dept. of Corrections
19106631795