IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 13-3873 |
| MARGARET McGROGAN, RN, et al. | : | |

MOTION OF MARGARET McGROGAN, RN TO DISMISS
THE COMPLAINT OF TROY LAMONT MOORE, SR.

Margaret McGrogan, RN ("McGrogan") respectfully requests that her motion to dismiss the complaint of Troy Lamont Moore, Sr. ("Moore") be granted and states in support thereof the following:

1. Moore, an inmate proceeding in forma pauperis, has filed a complaint against Commissioner Louis Giorla, Major Martin, C.O. Walden and McGrogan contending that they violated his constitutional rights while the City of Philadelphia incarcerated him by not providing him with adequate medical treatment. A copy of the complaint appears hereto as Exhibit "A".

2. An examination of the complaint shows that it fails to state a claim on any basis against McGrogan because it does not meet the plausibility standard of Rule 8(a) as interpreted by Ashcroft v. Iqbal, 556 U.S. 662 (2009).

3. Instead it contains vague allegations.

4. It fails to set forth a claim for deliberate indifference to a serious medical need. It does not set forth factual averments which if believed or proven show that McGrogan acted with deliberate indifference.

5. It does not establish a serious medical need. Instead, it contains vague averments that Moore suffered from shortness of breath, vomiting, diarrhea, facial rash along with unnecessary achiness. Exhibit "A", page 5a. It fails to indicate the extent of these conditions, when they arose and how long McGrogan knew about them.

6.       Moore has failed to allege sufficient factual averments to establish "but for" causation required to state a cause of action pursuant to 42 U.S.C. §1983 as to McGrogan.  See Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010)(plaintiff must plead factual averments to establish "but for" causation");Miszler v. Shoemaker, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20, 2009); Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9, 2009).

WHEREFORE, Margaret McGrogan, RN, respectfully requests that the complaint of Troy L. Moore, Sr. be dismissed as to Margaret McGrogan, RN.

GOLD & FERRANTE, P.C.


BY:      /S/ ALAN S. GOLD
ALAN S. GOLD
Attorney for Defendant,
Margaret McGrogan, RN

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 14-3873 |
| MARGARET McGROGAN, RN, et al. | : | |

BRIEF OF MARGARET McGROGAN, RN IN SUPPORT OF HER
MOTION TO DISMISS THE COMPLAINT OF TROY LAMONT MOORE, SR.

I. PROCEDURAL HISTORY

On June 23, 2014, Troy Lamont Moore, Sr. ("Moore") filed an application with the United States District Court for the Eastern District of Pennsylvania to proceed in forma pauperis. (Document 1). On June 26, 2014, this Court issued an order permitting him leave to proceed in forma pauperis. (Document 2). On June 26, 2014, Moore filed a complaint against Margaret McGrogan, RN ("McGrogan") Commissioner Louis Giorla, Major Martin, C.O. Walden and McGrogan contending that they failed to provide him with appropriate medical care in violation of the Eighth Amendment of the United States Constitution. A copy of the complaint appears hereto as Exhibit "A".

On October 29, 2014 Commissioner Louis Giorla filed an answer with affirmative defenses to the complaint. (Document 3). McGrogan has now filed a motion to dismiss the complaint together with supporting brief.

II. ISSUES PRESENTED

1. Should this Court grant the motion of McGrogan to dismiss the complaint of Moore when Moore has not set forth sufficient averments to establish deliberate indifference? The suggested answer is yes.

2. Should this Court grant the motion of McGrogan to dismiss the complaint of Moore when the complaint does not allege a serious medical need and has not met the plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009)? The suggested answer is yes.

3. Should this Court grant the motion of McGrogan to dismiss the complaint of

1

Moore when the complaint does not allege sufficient factual averments to establish "but for" causation? The suggested answer is yes.

    III.     FACTUAL AVERMENTS[1]

Moore contends that while an inmate in G2 in cell #18 in the prison system of the City of Philadelphia he resided in human waste when a toilet overflowed several times. Correctional Officer Walden refused to permit him to clean up the cell and would not allow him to move to another cell. Exhibit "A", page 5a.

He contends that McGrogan failed or refused to provide the proper medical care to him while he suffered from shortness of breath, vomiting, diarrhea and facial rash along with unnecessary achiness. Exhibit "A", page 5a. He contends that Commissioner Giorla had knowledge of the problem with his cell. He does not assert that McGrogan did. Exhibit "A", paragraph 7, page 5a.

    IV.     ARGUMENT

        A.     Standard To Be Utilized In Determining Whether to Grant a Motion to Dismiss a Complaint.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)(quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to 'give the

---

[1] In submitting this factual statement McGrogan relies on the complaint submitted by Moore only to the extent set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which indicated that the district court in determining a motion to dismiss must accept all well pled facts as true. McGrogan reserves the right to contest any of the facts in the complaint if the Court denies any portion of her motion to dismiss.

defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A plaintiff must make "a 'showing' rather than a blanket assertion of an entitlement to relief," and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 233 (citing Twombly, 550 U.S. at 556, n. 3). "[A] complaint must allege facts suggestive of [the proscribed] conduct," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Therefore, "stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

On the other hand, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231 (citing Twombly, 550 U.S. at 555-56, 563 n. 8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

In Ashcroft v. Iqbal, 556 U.S. 662 (2009) the Supreme Court of the United States stated that its discussion of pleading requirements for a complaint in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) applies to all civil actions filed in the United States District Court. The Supreme Court set forth a further explanation of its approach to pleading a cause of action pursuant to Federal Rule of Civil Procedure 8. The Court indicated:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the

3

> purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation". Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

Id. at 678-9.

According to the Supreme Court,

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Ashcroft, supra, 556 U.S. at 679.

The Court indicated that where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief.  Ashcroft, supra, at 679.

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) the United States Court of Appeals for the Third Circuit considered how to apply the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) to a motion to dismiss a complaint.  The United States Court of Appeals for the Third Circuit began its consideration of the motion for dismissal for failure to state a claim with an extensive discussion of the recent changes in pleading standards.  The Court of Appeals observed that after Iqbal:

> [I]t is clear that conclusory or 'bare bone' allegations will no longer survive a motion to dismiss.  'Threadbare' recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

578 F.3d at 210.

According to the Court of Appeals, in order to prevent dismissal all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The key, according to the Court of Appeals, is that the complaint must show that the allegations
4

are plausible.

The Court of Appeals provided specific instructions to this Court as to the standard for consideration of a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

578 F.3d at 210-11.

The Court must then:

> ...determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'.

578 F.3d at 211.

In determining plausibility, the Court should consider the claim in context and draw on its judicial experience and common sense.

An examination of the complaint establishes that Moore has failed to meet the plausibility standard. Moore submits legal conclusions only, not the factual averments required to state a claim.

> B.  Moore's Complaint Fails to State a Cause of Action for Deliberate Indifference to a Serious Medical Need Because it States Insufficient Factual Averments to Establish that McGrogan Knew that Her Conduct or Lack of Conduct Presented a Substantial Risk of Harm to Moore.

To establish a cause of action for deliberate indifference to a serious medical need pursuant to 42 U.S.C. §1983 Moore must establish factual averments that meet the plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009). He must show that McGrogan knew that her conduct presented a substantial risk of harm to him and that he acted or failed to act anyway. Estelle v. Gamble, 429 U.S. 97 (1976). The United States Supreme Court has defined the deliberate indifference standard in its opinion in Farmer v. Brennan, 511 U.S. 825 (1994). According to the Supreme Court, deliberate indifference requires a showing that prison medical staff were "subjectively" aware of a substantial risk of harm to the prisoner. Justice Souter,

writing for the Court, stated:

> We reject [the] invitation to adopt an objective test for deliberate indifference.  We hold...that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...<u>The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>.

511 U.S. at 837. (Emphasis added).

Negligence never supports a cause of action based on 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Singletary v. Pennsylvania Department of Corrections</u>, 266 F.3d 186, 192 n. 2 (3d Cir. 2002).

At best Moore alleges a disagreement with the treatment he received and a disagreement with the diagnosis rendered.  This never rises to the level of deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)(Justice Marshall writing for the Court held that the failure to order an x-ray or other diagnostic test never rose to the level of deliberate indifference); <u>Bednar v. County of Schuylkill</u>, 29 F.Supp. 2d 250, 253 (E.D. Pa. 1998)(failure to make correct diagnosis does not support deliberate indifference).  See <u>Taylor v. Norris</u>, 36 Fed. Appx. 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and a decision not to schedule a doctor's appointment); <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1024-35 (7th Cir.1996) (inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); <u>Sherrer v. Stephen</u>, 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); <u>Kayser v. Caspari</u>, 16 F.3d 280, 281 (8th Cir.1994) (prison provided escalating level of treatment for inmates's ailments over time, and inmate's disagreement with course of medical treatment was insufficient basis for Eighth Amendment violation); <u>Czajka v. Caspari</u>, 995 F.2d 870, 871 (8th Cir.1993) (inmate's mere disagreement with doctor's informed decision to delay surgery does not establish Eighth

Amendment claim); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to prove deliberate indifference where his complaints represented nothing more than mere disagreement with course of his medical treatment); Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir.1988) (disagreement about whether doctor should have prescribed medication does not result in constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985) (Inmate failed to state facts indicating doctor deliberately disregarded his medical problem; inmate's disagreement as to proper medical treatment does not give rise to Eighth Amendment violation). Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997)(citations omitted).

Here, Moore only alleges that McGrogan, a registered nurse, did not provide appropriate care or correct care to him. He never indicates, even in a conclusory manner, that McGrogan knew that her conduct presented a substantial risk of harm to him.

        C.        <u>Moore Has Failed to Assert a Serious Medical Need.</u>

Even if he has established deliberate indifference, which he has not, he has failed to allege a serious medical need. He must do so to establish a cause of action sufficient to survive a motion to dismiss pursuant to 42 U.S.C. §1983. See Estelle v. Gamble, 429 U.S. 97 (1976). In order to be considered serious a prisoner's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. The condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991). The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration or extreme pain. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.

1987).

The majority of courts to consider the situation have concluded that averments such as appear here relating to shortness of breath, vomiting, diarrhea and facial rash along with unnecessary achiness fail to meet the plausibility standard for a serious medical need. Moore does not allege the nature of the shortness of breath, vomiting, diarrhea and facial rash. He does not indicate how persistent they were or how long they lasted.

General allegation of skin sores are inadequate to establish a serious medical need. Visintine v. Zickefoose, 2014 U.S. Dist. LEXIS 123742, 93-94 (D.N.J. Sept. 5, 2014)(a skin condition that did not result in bleeding and could be treated over the counter medication fails to constitute a serious medical need); McKeithan v. Beard, 2010 U.S. Dist. LEXIS 50666, *9-14 (W.D. Pa. 2010)(a prisoner who has a rash from exposure to inmates with MRSA fails to allege a serious medical need); Freeman v. Northumberland County, 2013 U.S. Dist. LEXIS 14962, 2-4 (M.D. Pa. Jan. 22, 2013) (denying motion for reconsideration of order and opinion granting motion to dismiss, reported at Freeman v. Northumberland County, 2012 U.S. Dist. LEXIS 29072 (M.D. Pa. Mar. 5, 2012)); Hughes v. Miskell, 2011 U.S. Dist. LEXIS 154189, 29-30 (M.D. Pa. Jan. 10, 2011)(bed bug bites and rash not a serious medical need).

Nausea fails to constitute a serious medical need in the context of the Eighth Amendment. Navolio v. Lawrence County & Primecare Med., Inc., 2010 U.S. Dist. LEXIS 11218, 19-20 (W.D. Pa. Jan. 5, 2010); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417 (S.D.N.Y. Sept. 4, 2003)(nausea fails to constitute a serious medical need since it does not qualify as "a condition of urgency, one that may produce death, degeneration or extreme pain").

The following courts have concluded that shortness of breath fails to rise to the level of a serious medical need necessary to sustain a claim based on 42 U.S.C. §1983. Lindsey v. Brady, 537 F. Supp. 2d 666, 671 (D. Del. 2008); Bates v. Sullivan, 6 Fed. Appx. 425, 426 (7th Cir. 2001) (non-precedential)(finding that an inmate had not suffered a serious asthmatic attack thus shortness of breath was not proven serious enough to implicate the Eighth Amendment).

        D.       The Complaint Fails to Allege "But For" Causation Against McGrogan.

To plead a claim pursuant to 42 U.S.C. §1983 Moore must allege that McGrogan engaged in actions or omissions reaching the level of deliberate indifference that constitute the actual or proximate cause of Moore's injuries for which he now seeks compensation. White v. Roper, 901 F.2d 1501, 1505 (9th Cir. 1990). In asserting a §1983 claim plaintiff may only recover damages for injuries would not have occurred "but for" the alleged wrongful conduct. Id. See also, See also, Kelley v. Bradford County, 2010 U.S. Dist. LEXIS 27290 (M.D. Pa. March 23, 2010)(Vanaskie, J). Where, as here, the deliberate indifference takes the form of an omission or a failure to act, the proximate cause inquiry requires that at a minimum the plaintiff's injury would not have occurred but for the defendant's failure to take curative action. Hvorcik v. Sheahan, 847 F.Supp. 1414, 1425 n. 28 (N.D. Ill. 1994). Absent competent allegations that the alleged violation of a constitutional right proximately caused the injury for which damages are claimed no recovery is possible. Kelley v. Bradford Co., 2010 U.S. Dist. LEXIS 27290 (M.D. Pa. March 23, 2010).

Here, insufficient factual averments appear in the complaint to support "but for" causation based on the actions or omissions of McGrogan that constituted deliberate indifference. See Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010)(factual allegations must be pled to establish "but for" causation). Moore never states that "but for" the actions or omissions of McGrogan he would not have suffered the injuries he claims. Consequently, as a matter of law he cannot set forth a claim based on "but for" causation. See Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9, 2009); Miszler v. Shoemaker, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20, 2009).

V. <u>CONCLUSION</u>

In the light of the foregoing, Margaret McGrogan, RN, respectfully requests that her motion to dismiss the complaint of Troy Lamont Moore, Sr. be granted and that the complaint be dismissed.

                              GOLD & FERRANTE, P.C.

                BY:      /S/ ALAN S. GOLD
                              ALAN S. GOLD
                              Attorney for Defendant,
                              Margaret McGrogan, RN

                              261 Old York Road, Suite 526
                              Jenkintown, PA 19046
                              (215)885-1118

CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, Margaret McGrogan, RN's Motion to Dismiss the Complaint together with supporting Brief and Exhibit, via US First Class Regular Mail on this date to the following individuals:

Troy Lamont Moore, Sr., FE-2483
SCI-Forest
PO Box 945
Marienville, PA 16239-0945

                                                /s/ ALAN S. GOLD
                                               ALAN S. GOLD

Dated: November 4, 2014