AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

EASTERN District of PENNSYLVANIA

TROY LAMONT MOORE, SR.
*Plaintiff(s)*
v.
COMMISSIONER LOUIS GIORLA, MAJOR MARTIN, C.O. WALDEN, R.N. MEDICAL NURSE MC GROGAN
*Defendant(s)*

Civil Action No. 14-3873

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
TROY LAMONT MOORE, SR, FE-2483
SCI-FOREST
P.O. BOX 945
MARIENVILLE, PA 16239-0945

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 6/26/2014

P. Rosser
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Troy Lamont Moore, Sr.

(In the space above enter the full name(s) of the plaintiff(s).)

RECEIVED JUN 2 3 2014

13

14 3873

- against -

Louis Giorla, Commissioner,
Major Martin, Corrections Offficer
Walden and McGrogan, RN Meidcal
Nurse..

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)

COMPLAINT

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No
(check one)

FILED
JUN 26 2014
MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

I. **Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name Troy Lamont Moore, Sr.
ID # Fe-2483
Current Institution SCI-Forest
Address P.O. Box 945, Marienville, Pa 16239-0945

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Louis Giorla Shield # 1
Where Currently Employed Industrial Correctional Center
Address 8301 State Road
Philadelphia, Pa 19136

Defendant No. 2
Name Major Martin Shield # 2
Where Currently Employed Industrial Correctional Center
Address 8301 State Road
Philadelphia, Pa 19136

Defendant No. 3
Name Walden, Correctional Officer Shield # 3
Where Currently Employed Industrial Correctional Center
Address 8301 State Road
Philadelphia, Pa 19136

Defendant No. 4
Name McGrogan, RN Medical Nurse Shield # 4
Where Currently Employed Industrial Correctional Center
Address 8301 State Road
Philadelphia, Pa 19136

Defendant No. 5
Name ____________ Shield # ______
Where Currently Employed ____________
Address ____________

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? PICC

B. Where in the institution did the events giving rise to your claim(s) occur?
ON G2 IN CELL 18 & THE MEDICAL DEPARTMENT.

C. What date and approximate time did the events giving rise to your claim(s) occur?
ON 9-16-2013 AT APPROXIMATELY 2315 HOURS

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

D. Facts: On 9-16-2013, at approximately 2315 hours, the toilet in the cell violently overflowed every 20 minutes through out the night with feces and urine. After experiencing shortness of breath, and chest pains along with vomiting, I informed correctional officer Walden who ignored my request to remove me out of that cell and to request medical attention. After being covered in and subjected to breathing raw sewage in access of 8 hours. I was permitted to go to medial where I informed Rn Mcgrogan of chest pains. My pulse was taken and I was ordered back to the block even after requesting nitro glycerine which was denied. I have exhausted the grievance levels and conferenced personally to Major Martin and Commissioner Giorla to no avail. Major Martin ordered the video footage to be pulled and commissioner Giorla stated the situation is to be handled at the corrections officer discretion. My cell 18 at G2 cell mate Gabriel Bassemy was present during the incident and attached are two affidavits from Larry Rodrigues #1125016 & Rodney Johnson 1013365 See, attached affidavits as Exhibit3 & Exhibit 4

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. PTSD Issues: Shortness of breath, vomiting, rash and prolonged chest pain due to exposure of raw sewage and feces in excess of 8 hours and refusal to provide medical treatment by prison officials.

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes X No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes X No ____ Do Not Know ____

If YES, which claim(s)? ____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes X No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No X

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

AT PICC

1. Which claim(s) in this complaint did you grieve? C/O, MEDICAL, DEPUTY WARDEN AND WARDEN. REVIEW ATTACH EXHIBITS 1-2

2. What was the result, if any? DENIED

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. C/O, MEDICAL, DEPUTY WARDEN AND WARDEN

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: DO NOT APPLY

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: DO NOT APPLY

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. N/A

I EXHAUSTED ALL ADMINISTRATIVE REMEDIES. REVIEW EXHIBITS

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies. PLEASE REVIEW ATTACHED EXHIBITS AS EVIDENCE...

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). REVIEW ATTACHED PAGE 5A...
If plaintiff are able to reach a settlement with the defendants in this case. Plaintiff would like to discuss

STATEMENT OF CLAIM

1. Plaintiff state a claim alleging that his constitutional rights was violated by Defendant Walden. Plaintiff was on G2 in cell 18 residing in human waste and a toilet that over flowed several times. Defendant Walden refused to permit plaintiff to clean-up the clean. Nor would Walden allow plaintiff to move to another cell. Plaintiff has suffered an actual injury of shortness of breath, vomiting, diarrhea and facial rash, along with unnecessary achnes.

2. Plaintiff demand for relief in damages in the amount of $35,000. If video footage has been destroyed of said incident that plaintiff instructed defendants to preserved. Plaintiff demand for relief in damage in the amount of $35,000.00

3. Plaintiff state a claim alleging that his constitutional rights was violated by Defendant McGrogan. Defendant McGrogan failed or refused to provide the proper medical care to plaintiff suffering from shortness of breath, vomiting, darrhea and facial rash along with unnecessary achnes.

4. Plaintiff demand for relief in damages in the amount of $35,000.

5. Plaintiff state a claim alleging that his constitutional rights violated by Defendant Martin. Plaintiff informed Martin in person that he house on G2 at cell 18 living in human waste and received inadequate medical care from defendant McGrogan. Defendant Martin had ample time to correct the wrong of plaintiff's serious medical needs.

6. Plaintiff demand for relief in damages in the amount of $35,000.

7. Plaintiff state a claim alleging that his constitutional rights was violated by Defendant Giorla once Giorla reviewed video footage on GA at cell 18. Nor would defendant Giorla correct the wrong plaintiff receiving inadequate medical care by defendant McGrogan. Defendant Giorla had knowledge of it, but instead Giorla deivated from their policy. Defendant Giorla knew that plaintiff needed the proper medical care residing in a cell with human waste.

8. Plaintiff demand for relief in damages in the amount of $35,000.

9. Plaintiff state a claim alleging that his constitutional rights was violated by Defendant Walden. Defendant Walden has "trippered" plaintiff PTSD problems that reoccurred since tranatic incident on 9-16-2013. Plaintiff was on G2 in cell 18 residing in human waste and a toilet that over flowed several times. Plaintiff requested to be examined by mental health department. See, Exhibit 2-B for review.

10. Plaintiff demand for relief in damages in the amount of -- $35, 000.

it with their attorneys once time is appropriate. Plaintiff has stated his claims on page 5A for the court review.

VI. **Previous lawsuits:**

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No X

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format. )

1. Parties to the previous lawsuit:

Plaintiff Do Not Apply

Defendants Do Not Apply

2. Court (if federal court, name the district; if state court, name the county) Do Not Apply

3. Docket or Index number Do Not Apply

4. Name of Judge assigned to your case DO NOT APPLY

5. Approximate date of filing lawsuit DO NOT APPLY

6. Is the case still pending? Yes ____ No ____ DO NOT APPLY

If NO, give the approximate date of disposition DO NOT APPLY

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) DO NOT APPLY

On other claims

C. Have you filed other lawsuits in state or federal court?

Yes ____ No X

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff DO NOT APPLY

Defendants DO NOT APPLY

2. Court (if federal court, name the district; if state court, name the county) DO NOT APPLY

3. Docket or Index number DO NOT APPLY

4. Name of Judge assigned to your case DO NOT APPLY

5. Approximate date of filing lawsuit DO NOT APPLY

6. Is the case still pending? Yes ____ No ____ DO NOT APPLY

If NO, give the approximate date of disposition DO NOT APPLY

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) DO NOT APPLY

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 15 day of JUNE, 2014.

Signature of Plaintiff [signature]

Inmate Number FE-2483

Institution Address SCI-FOREST
P.O. BOX 945
MARIENVILLE, PA
16239-0945

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 15 day of JUNE, 2014, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: [signature]

Exhibit 1

ASD ☐
CFCF ☐
DC ☐
HOC ☐
PICC ☑

**Philadelphia Prison System**

**Inmate Grievance Form**

Check box only if grievance is regarding Medical Services ☑

Name Troy L. Moore Sr. Housing Unit G2 Cell 18
Intake Number 853 403 Police Photo Number 853 403

Description of Grievance, Incident or Problem
(include date and time of incident)

ON 9-16-13 AT APPROX. 2315 HOURS, MY CELL'S (18) TOILET OVER FLOWED SEVERAL TIMES. AFTER INFORMING THE C/O OF THE SITUATION, SHE REFUSED TO PERMIT CLEAN UP. THE TOILET CONTINUED TO OVER FLOW EVERY 20 TO 30 MINUTES WHICH RESULTED IN ME RESIDING IN A CELL OVERNIGHT WITH TWO INCHES OF RAW SEWAGE ON THE FLOOR. AS OF THIS MORNING I HAVE SUFFERED FROM SHORTNESS OF BREATH, VOMITTING, DIARRHEA AND FACIAL RASH / ACHNE. AFTER INFORMING & VISITING MEDICAL DEPT. & BEING EXAMINED FOR 45 SECONDS I WAS ORDERED BACK TO THE BLOCK (G2). EXAMINED BY RN MC GROGAN AT MED DEPT.

Action Requested by Inmate:

MEDICAL ATTENTION OR SOLUTION TO RESOLVE PROBLEM FROM RE OCCURANCE.

See: Continuation of Grievance - Page 2 Yes ☐ No ☐

Describe how and when you tried to resolve this Grievance informally.

INFORMING C/O, SGT & MED STAFF

Date that ~~you are~~ depositing this Grievance in a grievance box: 9-17-13

[signature] 9-17-13

(Signature of Grievant) (Date)

Exhibit 1

ASD ☐
CFCF ☐
DC ☐
HOC ☐
PICC ☑

**Philadelphia Prison System**

**Inmate Grievance Form**

Check box only if grievance is regarding Medical Services ☐

Name [illegible] L. M[illegible]E SR. Housing Unit G-2 CELL 18

Intake Number [illegible]3[illegible]10 3 Police Photo Number

Description of Grievance, Incident or Problem (include date and time of incident)

I DECLARE (OR CERTIFY, VERIFY OR STATE) UNDER THE THE PENALTY OF PERJURY; UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT (TITLE 28 USC §1746)

THIS IS IN REFERENCE TO A PREVIOUS GRIEVANCE FILED THE GRIEVANCE WAS REVIEWED BY MAJOR MARTIN AND ONLY PARTIALLY REMEDIED. PART ONE OF "ACTION REQUESTED - MEDICAL NEEDS" WAS INITIATED. HOWEVER, PART TWO "ACTION REQUESTED - PROCEEDURAL AMENDMENT TO ENSURE NO REOCCURANCE" WAS INADEQUATELY ADDRESSED. I AM FORMALLY REQUESTING THAT THIS CONTINUATION GRIEVANCE BE APPEALED IN ORDER TO BE REVIEWED BY THE SUPERINTENDENT AT THE NEXT GRIEVANCE LEVEL SEEING THAT THE INITIAL GRIEVANCE WAS NOT REVIEWED BY A BOARD.

Action Requested by Inmate:

PROCEEDURAL AMENDMENT REVIEW BY SUPERINTENDENT AT NEXT GRIEVANCE LEVEL.

See: Continuation of Grievance - Page 2 Yes ☐ No ☐

Describe how and when you tried to resolve this Grievance informally.

INCIDENT THE NIGHT OF 9-16-13

Date that you are depositing this Grievance in a grievance box:

[signature] 10-4-13

(Signature of Grievant) (Date)

Distribution: 1. Deputy Warden for Administration 2. Warden 3. Inmate's Receipt of Filing




EXHIBIT 2-A

# SICK CALL REQUEST

Check one: ______ Dental ✓ Medical ______ Mental Health

Name: TROY L. MOORE SR. (Print Name) Inmate I.D. Number 853 403

Social Security No. 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

Housing Unit: G2 CELL 18

Medical Problem (be specific): SHORTNESS OF BREATH, THROWING UP, DIARRHEA, RASH (FACIAL & ARMS) - DUE TO EXPOSURE OF RAW SEWAGE FOR SEVERAL HOURS

Inmate's Signature [signature] Date: 9-17-13 Time:

**FOR MEDICAL UNIT USE ONLY**

Disposition:

Provider's Signature: Date: Time:

86-146

EXHIBIT 2-C

# SICK CALL REQUEST

Check one: ______ Dental ✓ Medical ______ Mental Health

Name: TROY L. MOORE SR. (Print Name) Inmate I.D. Number 853 403

Social Security No. 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

Housing Unit: G2 CELL 18

Medical Problem (be specific): STILL SUFFERING FROM HEAD ACHES, PLEASE RENEW MOTRIN SCRIPT FOR MED LINE.

Inmate's Signature [signature] Date: 10/5/13 Time: 3:00PM

**FOR MEDICAL UNIT USE ONLY**

Disposition:

Provider's Signature: Date: Time:

EXHIBIT 2-B



# SICK CALL REQUEST

Check one: ________ Dental ________ Medical ✓ Mental Health

Name: TROY L MOORE SR. (Print Name) Inmate I.D. Number 853 403

Social Security No. 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

Housing Unit: 62 CELL 18

Medical Problem (be specific): REQUESTING TO SEE MR. GEE TO DISCUSS ONGOING PSYCH ISSUES ASAP ∇ PTSD PROBLEM HAS REOCCURED SINCE TRAUMATIC INCIDENT ON 9-16-13

Inmate's Signature [signature] Date: 9-25-13 Time: 2:50 PM

**FOR MEDICAL UNIT USE ONLY**

Disposition: ______________________

Provider's Signature: ______________ Date: ________ Time: ________

86-146



EXHIBIT 2-D

# SICK CALL REQUEST

Check one: ______ Dental ✓ Medical ______ Mental Health

Name: TROY L. MOORE SR. (Print Name) Inmate I.D. Number 853 403

Social Security No. ______

Housing Unit: ______

Medical Problem (be specific): HEAD ACHE & EAR ACHE FOR TWO DAYS

Inmate's Signature [signature] Date: 10-9-13 Time: 9:45

**FOR MEDICAL UNIT USE ONLY**

Disposition: ______

Provider's Signature: ______ Date: ______ Time: ______

86-146

---

EXHIBIT 2-E

# SICK CALL REQUEST

Check one: ______ Dental ✓ Medical ______ Mental Health

Name: TROY L. MOORE SR. (Print Name) Inmate I.D. Number 853403

Social Security No. 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

Housing Unit: G2 CELL 18

Medical Problem (be specific): PLEASE RENEW MY ANTI FUNGAL FOOT CREAM FOR MEDICATION LINE.

THANK YOU

Inmate's Signature [signature] Date: 10-17-13 Time: 8:00 AM

**FOR MEDICAL UNIT USE ONLY**

Disposition: ______

Provider's Signature: ______ Date: ______ Time: ______

86-146

Exhibit 2-G

# SICK CALL REQUEST

Check one: ______ Dental ✓ Medical ______ Mental Health

Name: TROY L. MOORE SR. (Print Name) Inmate I.D. Number 853403

Social Security No. 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

Housing Unit: G2 CELL 18

Medical Problem (be specific): STILL SUFFERING FROM UPSET STOMACH, PLEASE RENEW PEPTO BISMAL TABLETS FOR MED LINE

Inmate's Signature [signature] Date: 10/22/13 Time: 1:00 AM

**FOR MEDICAL UNIT USE ONLY**

Disposition: ______

Provider's Signature: ______ Date: ______ Time: ______

86-146

Exhibit 2-F

# SICK CALL REQUEST

Check one: ______ Dental ✓ Medical ______ Mental Health

Name: TROY L. MOORE SR. (Print Name) Inmate I.D. Number 853403

Social Security No. 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

Housing Unit: G2 CELL 18

Medical Problem (be specific): NEED ANTI FUNGAL CREAM RENEWED

Inmate's Signature [signature] Date: 10/29/13 Time: 2220

**FOR MEDICAL UNIT USE ONLY**

Disposition: ______

Provider's Signature: ______ Date: ______ Time: ______

Exhibit 3

**Affidavit**

I, LARRY RODRÍGUEZ PPE # 1125016, state under the penalties of Pa. C.T. 4904 relating unsworn falsification to authorize the following.

That is a sworn statement of the true facts of the following in behalf of TROY MOORE PPE#853403

(con't from previous page 1), and frame of my cell door. The smell of feces was unmistakable. As I listened carefully, I recognized the voice of Mr. Troy Moore PPE # 853403, who resides in cell # 18. Mr. Moore was begging for help. He said, "That there was 2 inches of raw sewage in his cell". Mr. Moore also stated that, "All I want is someone to please help me". As the evening progressed into early morning, only cell #19 was allowed out to clean reluctantly. I observed that Mr. Moore PPE # 853403 in cell #18 was not allowed out and was left to muddle in raw sewage. I fell asleep, but not sure at what time. I awoke the morning of September 17, 2013. I got dressed and walked up to my cell door (cell #26). I observed that there was still water with foreign debris still on the floor, in the vicinity of cell # 19 and spread out toward the area and direction of cell # 18. I could again hear Mr. Moore PPE # 853403 complaining about the inundation. I deduced that cell # 18 was still flooded by Mr. Moores statement of, "I spent all night in raw sewage", and "I could not sleep". Mr. Moore PPE # 853403 was eventually compelled to mop possibly infectious waste material without proper material and

(con't the next page, page 3, 2 of 3) →

Sworn before me _______ day of ____________________ 201___

_________________________

Notary

ALL RIGHTS RESERVED without prejudice

_________________________

Signature of Affidavit

3

# Affidavit

I, LARRY RODRIGUEZ, PPE # 112-5016, state under the penalties of Pa. C.T. 4904 relating unsworn falsification to authorize the following.

That is a sworn statement of the true facts of the following in behalf of TROY MOORE PPE# 853403

(con't from previous page 2) without proper protection, i.e. gloves, mask, or chemicals, etc. This is unacceptable exposure to biohazardous material. Which demands proper procedure and equipment, in order to dispose of properly in according to OSHA standards (occupational safety and hazards association). Mr. Moore PPE# 853403 was visibly upset and distressed. END OF STATEMENT @ September 17, 2013. Nothing Follows. @ 17 SEP 2013

Nothing Follows

@ 17 SEP 2013

END OF STATEMENT

@ 17 SEP 2013

Sworn before me _______ day of ____________________ 201___

______________________
Notary

ALL RIGHTS RESERVED
without prejudice
______________________
Signature of Affidavit

Exhibit C

# Affidavit

I Rodney Johnson 1013365 state under the penalties of Pa. C. T. 4904 relating to unsworn falsification to authorize the following.

**That this is a sworn statement of the true facts of the following in behalf Of;**

ON the NIGHT OF SEPTEMBER 16, 2013 AROUND 11:00 PM I WITNESSED THE PERSON SPOKEN OF ATTEMPING TO NOTIFY THE C/O ON DUTY OF A BACK UP AND OVERFLOWING OF HIS TOILET WITHIN HIS CELL. ON SEVERAL ATTEMPS I HEARD AND SAW HIM BANGING AND KNOCKING ON HIS DOOR WHILE YELLING TO THE C/O THAT THE INCIDENT WAS ACCURING. THERE WAS FICAL MATTER WITHIN THE WATER WHICH WAS POURING OUT OF HIS CELL AND ENTERING MINE. I ALSO YELLED TO THE C/O LETTING THEM UNDERSTAND WHAT WAS TAKING PLACE AND HOW DISGUSTING IT WAS. WITH ALL THE WARNINGS AND YELLING THE C/O ON DUTY REFUSED TO REACT AND PROCEEDED TO IGNORE ALL WARNINGS. NOT ONLY DID THEM NEGLECT TO REACT THAT NIGHT THEY MADE THE PERSON SPOKEN OF STAY WITHIN HIS CELL ALL NIGHT UNTIL THE NEXT MORNING. ALSO MAKING MYSELF AND OTHERS WHO CELLS ALSO FLOODED SUFFER. 8:00 AM OR AROUND THAT TIME THE NEXT MORNING HE WAS FINALLY ALLOWED TO EXIT AND CLEAN HIS CELL. BUT THE OTHER CELLS WERE NOT ALLOWED TO EXIT AND CLEAN THERE CELLS. BECAUSE OF THIS INCIDENT I NOW HAVE AN INFESTATION OF KNATS WITHIN MY CELL AND ALSO A LIGHT ODOR THAT STILL HASNT LEFT.

Sworn before me 20th day of ____________ 201_

______________________
Notary

______________________
Signature of Affidavit