IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 13-3873 |
| MARGARET McGROGAN, RN, et al. | : | |

ANSWER OF MARGARET McGROGAN, RN TO THE MOTION
TO COMPEL OF TROY LAMONT MOORE, SR.

Margaret McGrogan, RN ("McGrogan") responds to the motion to compel of Troy Lamont Moore, Sr. ("Moore") as follows:

1.  McGrogan has no ability to produce any of the documents set forth by the corporation, Corizon Health, Inc. Corizon Health, Inc., a private corporation, employs McGrogan to provide medical care to inmates. The City of Philadelphia has the ability to produce all of the documents set forth in paragraph 1(a)-(c).

WHEREFORE, Margaret McGrogan, RN, respectfully requests that the motion to compel of Troy L. Moore, Sr. be denied as to her.

GOLD & FERRANTE, P.C.


BY:    /S/ ALAN S. GOLD
ALAN S. GOLD
Attorney for Defendant,
Margaret McGrogan, RN

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 14-3873 |
| MARGARET McGROGAN, RN, et al. | : | |

BRIEF OF MARGARET McGROGAN, RN  IN OPPOSITION TO THE
MOTION TO COMPEL OF TROY LAMONT MOORE, SR.

I.      PROCEDURAL HISTORY

On June 23, 2014, Troy Lamont Moore, Sr. ("Moore") filed an application with the United States District Court for the Eastern District of Pennsylvania to proceed in forma pauperis.  (Document 1).  On June 26, 2014, this Court issued an order permitting him leave to proceed in forma pauperis.  (Document 2).  On June 26, 2014, Moore filed a complaint against Margaret McGrogan, RN ("McGrogan") Commissioner Louis Giorla, Major Martin, C.O. Walden and McGrogan contending that they failed to provide him with appropriate medical care in violation of the Eighth Amendment of the United States Constitution.

On September 26, 2014, Moore submitted to this Court a motion to compel the production of documents from all defendants.  (Document 4).

On October 29, 2014 Commissioner Louis Giorla filed an answer with affirmative defenses to the complaint.   McGrogan filed a motion to dismiss the complaint together with supporting brief.

II.     ISSUES PRESENTED

1.      Should this Court require production of documents when a motion to dismiss is pending since the purpose of a motion to dismiss is to determine whether the plaintiff states a claim sufficient to justify discovery?

III.     FACTUAL AVERMENTS[1]

Moore contends that while an inmate in G2 in cell #18 in the prison system of the City of Philadelphia he resided in human waste when a toilet overflowed several times.  Correctional Officer Walden refused to permit him to clean up the cell and would not allow him to move to another cell.  Complaint, page 5a.

He contends that McGrogan failed or refused to provide the proper medical care to him while he suffered from shortness of breath, vomiting, diarrhea and facial rash along with unnecessary achiness.  Complaint, page 5a.  He contends that Commissioner Giorla had knowledge of the problem with his cell.  He does not assert that McGrogan did.  Complaint, paragraph 7, page 5a.

IV.     ARGUMENT

Moore asks for discovery by means of a motion to compel against McGrogan.  McGrogan has no control over the documents sought by Moore.  Moore also seeks discovery before this Court has had an opportunity to rule upon the motion to dismiss the complaint of McGrogan.

The Supreme Court of the United States has indicated in Ashcroft v. Iqbal, 556 U.S. 662 (2009)  that one of the main purposes of a motion to dismiss is to force the plaintiff to submit factual averments in a complaint that justifies the burden of discovery upon the defendant.  The Court has not had a chance yet to decide that.  It needs to decide that issue first.  Only if it decides that Moore has met that burden should Moore be able to engage in discovery.

---

[1]  In submitting this factual statement McGrogan relies on the complaint submitted by Moore only to the extent set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which indicated that the district court in determining a motion to dismiss must accept all well pled facts as true.  McGrogan reserves the right to contest any of the facts in the complaint if the Court denies any portion of her motion to dismiss.

V.	CONCLUSION

In the light of the foregoing, Margaret McGrogan, RN, respectfully requests that the motion to compel of Troy Lamont Moore, Sr. be denied as premature.

	GOLD & FERRANTE, P.C.


BY:	/S/ ALAN S. GOLD
	ALAN S. GOLD
	Attorney for Defendant,
	Margaret McGrogan, RN

	261 Old York Road, Suite 526
	Jenkintown, PA 19046
	(215)885-1118

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, Margaret McGrogan, RN's Answer and Brief in Opposition to Plaintiff's Motion to Compel, via US First Class Regular Mail on this date to the following individuals:

Troy Lamont Moore, Sr., FE-2483  
SCI-Forest  
PO Box 945  
Marienville, PA 16239-0945

                                                                 /s/ ALAN S. GOLD  
                                                                 ALAN S. GOLD

Dated: November 6, 2014