IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT MOORE, SR.          :       CIVIL ACTION

   V.                          :       NO. 14-3873

MARGARET McGROGAN, RN, et al.     :

ANSWER AND AFFIRMATIVE DEFENSES OF MARGARET MCGROGAN, RN TO
THE COMPLAINT OF TROY LAMONT MOORE, SR.

Defendant, Margaret McGrogan, RN ("McGrogan") answers the complaint of Troy

Lamont Moore, Sr. ("Moore") as follows:

I.      PARTIES

A.      Denied. After reasonable investigation McGrogan lacks sufficient knowledge and

information to form a belief as to the truth or falsity of these averments.  Therefore they are

denied.

B-1.      Admitted. It is admitted that Louis Giorla has an office at 8301 State Road,

Philadelphia, PA.

B-2.      Denied. This individual is not properly identified.  I do not know whom you are

referring to.  Therefore the paragraph is denied.  McGrogan lacks sufficient knowledge and

information to form a belief as to the truth or falsity of these averments.  Therefore they are

denied.

B-3.      Denied. This individual is not properly identified.  I do not know whom you are

referring to.  Therefore the paragraph is denied.  McGrogan lacks knowledge and information to

form a belief as to the truth or falsity of these averments.  Therefore they are denied.

B-4.      Admitted.  I am a nurse and employed at that location.  However, the Industrial

Center is not my employer.

II.     STATEMENT OF CLAIM

A-C.     Denied.  McGrogan is not in possession or control of Moore's medical records.

After reasonable investigation McGrogan lacks sufficient knowledge and information to form a

1

belief as to the truth or falsity of these averments.  Therefore they are denied.

      D.     Denied. McGrogan is not in possession or control of Moore's medical records.  After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

      III.    <u>INJURIES</u>

Denied.  McGrogan is not in possession or control of Moore's medical records.  After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

      IV.    <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

      A-D.   Denied. After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

      E.     Denied. McGrogan has no information concerning any grievance filed by Moore. After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

      F.     No response required.

      G.     Denied. McGrogan has no information concerning Moore's exhaustion of administrative remedies.  After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

      V.    <u>RELIEF</u>

Denied.  This paragraph is a conclusion of law to which no responsive pleading is required.  To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      <u>STATEMENT OF CLAIM</u>

      1.     Denied. This paragraph is a conclusion of law to which no responsive pleading is

required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      2.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      3.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      4.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      5.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      6.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      7.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      8.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

      9.      Denied. This paragraph is a conclusion of law to which no responsive pleading is required. To the extent that a responsive pleading is required, it is denied.  Strict proof is required at the time of trial.

VI.      <u>PREVIOUS LAWSUITS</u>

A.      Denied. After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

B       N/A

C.      After reasonable investigation McGrogan lacks sufficient knowledge and information to form a belief as to the truth or falsity of these averments.  Therefore they are denied.

D.      N/A

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

The applicable statute of limitations bars Moore's complaint.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The complaint fails to state a cause of action upon which relief can be granted.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Any injuries allegedly sustained by Moore resulted from the conduct of third parties other than McGrogan, over whom answering defendant had no right of control or duty to control, whether or not parties to this action.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

At all relevant times McGrogan provided treatment in accordance with the applicable standards of medical care at the time and place of treatment.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

No act or omission of McGrogan was the proximate cause of any of Moore's alleged injuries.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

McGrogan breached no duty, which was allegedly owed to Moore.

4

SEVENTH AFFIRMATIVE DEFENSE

McGrogan fulfilled each and every duty, which was owed to Moore.

EIGHTH AFFIRMATIVE DEFENSE

McGrogan reserves the right to assert any additional defenses, which may appear during the course of investigation and discovery of this matter.

NINTH AFFIRMATIVE DEFENSE

Moore has failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a) and Philadelphia Prison Policy and/or any other applicable policies.

TENTH AFFIRMATIVE DEFENSE

Moore has failed to allege a physical harm caused by McGrogan and only relies on emotional harm.  Consequently, 42 U.S.C. §1997e bars his claim.

ELEVENTH AFFIRMATIVE DEFENSE

McGrogan incorporates all of the limitations on attorneys' fees and damages set forth in 42 U.S.C. §1997e as defenses against the claims of Moore against her.

TWELFTH AFFIRMATIVE DEFENSE

Moore has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since McGrogan has engaged in no conduct which constitutes deliberate indifference to a serious medical need and since McGrogan had no subjective knowledge that her actions presented a substantial risk of harm to Moore.

THIRTEEN AFFIRMATIVE DEFENSE

Moore has failed to set forth a cause of action pursuant to 42 U.S.C. §1983 since he failed to suffer from a serious medical need to which he alleges McGrogan was deliberately indifferent.

FOURTEENTH AFFIRMATIVE DEFENSE

Moore has failed to identify a serious medical need.

FIFTEENTH AFFIRMATIVE DEFENSE

Moore has failed to state a cause of action pursuant to 42 U.S.C. §1983 since at all times McGrogan acted in good faith without subjective appreciation that her alleged actions deprived McGrogan of his constitutional rights.

SIXTEENTH AFFIRMATIVE DEFENSE

McGrogan at all times reasonably believed that she had not violated clearly established law concerning Moore's constitutional rights.  McGrogan has a qualified immunity, which protects her from liability under 42 U.S.C. §1983.

SEVENTEENTH AFFIRMATIVE DEFENSE

McGrogan hereby asserts each and every defense available to her not otherwise specified above, pursuant to applicable federal and state statutes.

EIGHTEENTH AFFIRMATIVE DEFENSE

McGrogan violated no duty care owed to Moore.

NINETEENTH AFFIRMATIVE DEFENSE

McGrogan's care and treatment was not negligent and at all times met the standard of care.

TWENTIETH AFFIRMATIVE DEFENSE

At all times, McGrogan used her own appropriate medical opinions in determining what treatment an inmate required for injuries.

GOLD & FERRANTE, P.C.

BY:      /S/ ALAN S. GOLD
ALAN S. GOLD
Attorney for Defendant,
Margaret McGrogan, RN

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, Margaret McGrogan, RN's Answer and Affirmative Defenses to the Complaint of Plaintiff via US First Class Regular Mail and ECF Filing, as noted below, on this date to the following individuals:

Troy Lamont Moore, Sr., FE-2483
SCI-Forest
PO Box 945
Marienville, PA 16239-0945
via US First Class Regular Mail

Aaron Shotland
via ECF Filing:  **aaron.shotland@phila.gov**


                                   _____/s/ ALAN S. GOLD_____
                                   ALAN S. GOLD

Dated:        December 8, 2014