IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | : | CIVIL ACTION |
| Defendants. | : | NO. 14-3873 |
| | : | |

## ORDER

And now, this _____ day of _____, _____, upon consideration of Defendants Louis Giorla and Claudette Martin's Motion for Summary Judgment and Plaintiff's response thereto, it is hereby **ORDERED and DECREED** that Defendants' Motion for Summary Judgment is granted and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____
Robreno, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY LAMONT MOORE, SR. : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| COMMISSIONER LOUIS GIORLA, et al., : | CIVIL ACTION |
| Defendants. : | NO. 14-3873 |
| : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendants Louis Giorla and Claudette Martin, by and through the undersigned counsel, hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

Pursuant to Local Rule 7.1(c) Defendants hereby incorporate by reference the attached Memorandum of Law as though fully set forth at length.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TROY LAMONT MOORE, SR.** : | |
|            Plaintiff, : | |
| : | |
| **v.** : | |
| : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** : | **CIVIL ACTION** |
|            Defendants. : | **NO. 14-3873** |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
FOR SUMMARY JUDGMENT**

Defendants, Louis Giorla and Claudette Martin ("Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in support of their Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(c).

**I. Factual and Procedural History**

On June 23, 2014, Plaintiff, Troy Moore, initiated this lawsuit by filing an application to proceed without paying costs or fees. ECF Doc. 1. Plaintiff filed a Complaint on June 26, 2014 against the Defendants, alleging that the toilet in his cell at Philadelphia Industrial Correctional Center ("PICC") overflowed on September 16, 2013, and that he was not allowed out of his cell for more than eight (8) hours. (See Compl. generally, ECF Doc. 3.) Plaintiff further alleges that he suffered from shortness of breath, vomiting, diarrhea, and a facial rash as a result of his exposure to sewage. Id. at P. 6, ¶3. He claims to have received inadequate medical care and claims that Defendants Louis Giorla and Claudette Martin failed to help him obtain appropriate medical care. Id. at P. 6, ¶¶5-6.

**II. Legal Standard**

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See id. All inferences must be drawn, and all doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See id. at 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." Celotex, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and

inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).  Furthermore, "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." Poles v. St. Joseph's Univ., 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325).

### III. Argument

1. **PLAINTIFF'S CLAIMS AGAINST LOUIS GIORLA AND CLAUDETTE MARTIN FAIL**
    a. **Defendants Had No Personal Involvement In the Constitutional Violations Alleged By Plaintiff**

A defendant in a civil rights action must have had personal involvement in committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988). Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs).  It is thus axiomatic that state actors cannot be held vicariously liable under Section 1983 for the actions of other state actors. See Parratt v. Taylor, 451 U.S. 527, 537 n.1 (1981).  Any liability of an individual officer must "be based on his own acts or omissions, not those of [other] individual officers." Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs).

Here, there is no evidence that suggests that either Defendant Louis Giorla or Claudette Martin caused Plaintiff's toilet to overflow or affirmatively exposed him to fecal matter. At Plaintiff's deposition, he admitted that he does not know what caused the toilet to overflow:

> Q. What caused the overflowing toilet in your cell?
> A. I have absolutely no idea what caused it.

(See Ex. 1: Deposition of Troy Lamonte Moore, Sr., 15:12-14). Additionally, Plaintiff testified that he first spoke to Louis Giorla about this incident until three (3) or four (4) days after this incident occurred:

> Q. When did you speak with Commissioner Giorla?
> A. I believe three or four days after the incident occurred.

Id. at 33:8-11. Similarly, he did not speak to Claudette Martin for two (2) or three (3) weeks after this incident.

> Q. Do you know how many days after this incident you spoke with Major Martin?
> A. It may have been two to three weeks afterwards.
> Q. You first spoke with Major Martin two to three weeks after this incident?
> A. I believe so.

Id. at 36:23-37:7. Beyond Plaintiff's alleged conversations with Defendants Martin and Giorla days and weeks after this incident, there is no evidence that they were in any way involved with the incident giving rise to Plaintiff's claims. Furthermore, there is no evidence that Commissioner Giorla or Claudette Martin were in any way involved in the medical care provided to Plaintiff. As there is no evidence of the Defendants personal involvement with this incident, or any cognizable claims that could be maintained based on their alleged actions, Plaintiff's claims against them should be dismissed.

### b. Plaintiff Suffered At Most A *De Minimis* Physical Injury

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides a limitation on the award of monetary damages: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Third Circuit has routinely held the physical injury requirement of § 1997e(e) requires an inmate to prove more than a *de minimis* physical injury. Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Michel v. Levinson, 437 Fed. Appx. 160, 163-164 (3d Cir. 2011). Absent showing of more than *de minimis* physical injury, an inmate may not be awarded compensatory damages for mental or emotional injuries, even if there exists physical manifestation of the mental injuries. Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998).[1] When an inmate can demonstrate only *de minimis* physical injury, or no physical injury at all, the inmate is limited to an award of nominal damages. Mitchell, 318 F.3d at 533; Salley v. Pa. Dep't of Corr., 181 Fed. Appx. 254, 263 (3d Cir. 2006).

While there has been no bright line rule developed as to what constitutes a *de minimis* injury, courts have held the following types of injury to be *de minimis*:[2]

- Headaches, stomach cramps, chest pain, nervousness, and worry, Ellis v. United States, Civ. No. 08-160, 2009 U.S. Dist. LEXIS 89392, at *6-7 (W.D. Pa. Sept. 28, 2009);

- Bruising, Dixon v. Toole, 225 Fed. Appx. 797, 799 (11th Cir. 2007);

---

[1] In Davis, the D.C. Circuit held physical manifestation of mental or emotional injuries was insufficient to clear the PLRA's physical injury hurdle. In support of its analysis the D.C. Circuit cited the Third Circuit case, Terrafranca v. Virgin Atl. Airways, 151 F.3d 108, 111-112 (3d Cir. 1991), which held that physical manifestation of emotional injuries did not satisfy the "bodily injury" requirement for recovery under the Warsaw Convention.

[2] These cases include injuries deemed *de minimis* under both the PLRA and the Federal Tort Claims Act because the Third Circuit has held that the damages limitation provisions in these acts are so similar that courts may rely on cases dealing with either statute in interpreting what is considered a *de minimis* injury. Tsosie v. Bureau of Prisons, 2012 U.S. Dist. LEXIS 138995, at *10-11 (M.D. Pa. Sept. 27, 2012) (citing Perez v. United States, 271 F. Appx. 240, 242 (3d Cir. 2008); 28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e(e).

7

- Painful and difficult bowel movements, Tsosie v. Bureau of Prisons, 2012 U.S. Dist. LEXIS 138995, at *11-12 (M.D. Pa. Sept 27, 2012);

- Foot fungus, nose sores, and constipation, Canell v. Multnomah Cnty, 141 F.Supp.2d 1046, 1053-1054 (D. Or. 2001);

- Diarrhea, memory loss, dizziness, and fatigue, Ellerbe v. Unites States, Civ. No. 09-2226, 2011 U.S. Dist. LEXIS 105854, at *5 (N.D. Ohio Sept. 19, 2011);

- Back pain, leg pain, and canker sores, Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002)

- Itching, Robinson v. Corr. Corp. of America, 14 Fed. Appx. 382, 383 (6th Cir. 2001);

- Insect bites, and exposure to rodents and rodent feces, Whitlock v. Director TDCJ-CID, Civ. No. 10-137, 2010 U.S. Dist. LEXIS 140236, at *14 (E.D.Tex. Dec. 15, 2010);

- Anxiety, nausea, and nightmares, Chatham v. Adcock, 334 Fed. Appx. 281, 285 (11th Cir. 2009)

- Exposure to fecal pathogens, Mitchell v. Horn, Civ. No. 98-4742, 2005 U.S. Dist. LEXIS 8139, at * 4-5 (E.D. Pa. May 5, 2005) (Ludwig, J.)

Here, Plaintiff claims that as a result of his exposure to sewage, he developed shortness of breath, chest pains, vomiting, diarrhea, and a facial rash. See Compl. P. 6, ¶3. Plaintiff concedes that his chest pains and shortness of breath subsided the day after the incident. (See Ex. 1: Deposition of Troy Lamonte Moore, Sr., 58:17-59:1).

Plaintiff has produced no diagnostic evidence of an injury. The injuries that he alleges are all self-reported and unverifiable. Given the lack of evidence of an injury suffered by the Plaintiff and the short duration during which he claims to have suffered even minor injuries, his claims should be dismissed.

**WHEREFORE**, the Defendants respectfully request that this Court grant their motion for summary judgment and enter judgment in favor of the Defendants as a matter of law.

Respectfully submitted,

Date: March 4, 2015

/s/ Aaron Shotland
Aaron Shotland
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
aaron.shotland@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** : | | |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| **COMMISSIONER LOUIS GIORLA, et al.,** : | CIVIL ACTION | |
| Defendants. : | NO. 14-3873 | |
| : | | |

## CERTIFICATE OF SERVICE

    I hereby certify that on this date I caused a copy of Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania, and to be served upon the following, via first class mail, postage prepaid:

        **TROY LAMONT MOORE, SR.**
        FE-2483
        BOX 945
        MARIENVILLE, PA 16239

Date: <u>March 4, 2015</u>
                                                       <u>/s/ Aaron Shotland</u>
                                                       Aaron Shotland
                                                       Pa. Attorney ID No. 205916
                                                       City of Philadelphia Law Department
                                                       1515 Arch Street, 14th Floor
                                                       Philadelphia, PA 19102
                                                       (215) 683-5434
                                                       aaron.shotland@phila.gov