IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 14-3873 |
| MARGARET McGROGAN, RN, et al. | : | (Judge Robreno) |

MOTION OF MARGARET McGROGAN, RN IN SUPPORT OF HER
<u>MOTION FOR SUMMARY JUDGMENT</u>

Margaret McGrogan, RN ("McGrogan") respectfully requests that her motion for summary judgment be granted against Troy Lamont Moore, Sr. ("Moore") and states in support thereof the following:

1.     On June 23, 2014, Troy Lamont Moore, Sr. ("Moore") filed an application with the United States District Court for the Eastern District of Pennsylvania to proceed in forma pauperis.  (Document 1).

2.     On June 26, 2014, this Court issued an order permitting him leave to proceed in forma pauperis.  (Document 2).

3.     On June 26, 2014, Moore filed a complaint against McGrogan, Commissioner Louis Giorla, Major Martin, C.O. Walden and McGrogan contending that they failed to provide him with appropriate medical care in violation of the Eighth Amendment of the United States Constitution.  A copy of the complaint appears hereto as Exhibit "A".

4.     On October 29, 2014 Commissioner Louis Giorla filed an answer with affirmative defenses to the complaint.  (Document 3).

5.     On November 4, 2014, McGrogan filed a motion to dismiss the complaint together with supporting brief.  (Document 11).

1

6.     On December 3, 2014, this Court issued an order granting the defendants leave to take the deposition of Moore. (Document 14).  On the same date, this Court issued a first scheduling order, directing that any motion for summary judgment be filed by March 4, 2015. The order also directed that a conference be held approximately 30 days thereafter for Moore to identify any discovery need to respond to the motions. (Document 16).

7.     This Court as part of its scheduling order of December 3, 2014 dismissed without prejudice the motion to dismiss of McGrogan indicating that it wanted to resolve the motion by means of a motion for summary judgment.

8.     On December 12, 2014, McGrogan filed an answer and affirmative defenses to the complaint of the plaintiff.  (Document 18).

9.     McGrogan seeks summary judgment on several different grounds, each of which independently requires the granting of the motion.

10.     First, McGrogan contends that Moore has failed to establish sufficient evidence to support a jury verdict on the issue of deliberate indifference to a serious medical need since Moore has not shown that McGrogan knew that her conduct presented a substantial risk of harm to Moore and that she acted or failed to act anyway.  Farmer v. Brennan, 511 U.S. 825 (1994).

11.     Negligence never supports a cause of action pursuant to 42 U.S.C. §1983 and the Eighth Amendment to the United States Constitution. Daniels v. Williams, 474 U.S. 327 (1986); Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 192 n. 2 (3d Cir. 2002); Williams v. Kort, 223 Fed. Appx. 95 (3d Cir. 2007)(non-precedential); Whooten v. Bussanich, 248 Fed. Appx. 324, 327 (3d Cir. 2007)(non-precedential).

12.     Every time Moore sought medical treatment from McGrogan, she provided care

based on her own medical judgment.  See verification of McGrogan, Exhibit "G".

13.     The United States Court of Appeals for the Third Circuit has held that the judgment of prison healthcare workers is presumed valid unless the inmate provides evidence that the decision was such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a medical judgment.  White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990).  Moore has failed to produce sufficient evidence to rebut the presumption of validity.

14.     Second, McGrogan seeks summary judgment against Moore because Moore has not established a serious medical need.  He provides no evidence that his one day or one and a half days of shortness of breath, a brief period of vomiting and diarrhea, and a facial rash constitutes a serious medical need.  The majority of courts to decide this issue have held that these ailments do not rise to the level of a serious medical need.  Visintine v. Zickefoose, 2014 U.S. Dist. LEXIS 123742, 93-94 (D.N.J. Sept. 5, 2014)(a skin condition that did not result in bleeding and could be treated by over the counter medications fail to constitute a serious medical need); McKeithan v. Beard, 2010 U.S. Dist. LEXIS 50666, *9-14 (W.D. Pa. 2010)(a prisoner who has a rash from exposure to inmates with MRSA fails to allege a serious medical need); Navolio v. Lawrence County & Primecare Med., Inc., 2010 U.S. Dist. LEXIS 11218, 19-20 (W.D. Pa. Jan. 5, 2010)(nausea fails to constitute a serious medical need in the context of the Eighth Amendment); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417 (S.D.N.Y. Sept. 4, 2003)(nausea fails to constitute a serious medical need since it does not qualify as "a condition of urgency, one that may produce death, degeneration or extreme pain"); Bates v. Sullivan, 6 Fed. Appx. 425, 426 (7th Cir. 2001) (non-precedential)(finding that an inmate had not suffered a

serious asthmatic attack indicated shortness of breath was not proven serious enough to implicate the Eighth Amendment).

15.     Third, Moore has failed to produce expert testimony sufficient to establish "but for" causation based on 42 U.S.C. §1983.  See Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9, 2009); Miszler v. Shoemaker, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20, 2009).

16.     Fourth, Moore has not exhausted his administrative remedies provided to him by the City of Philadelphia.  See Exhibit "H".  He filed his initial grievance but did not appeal. Exhibit "B".

17.     42 U.S.C. §1997e(a) requires that an inmate exhaust all available administrative remedies.

WHEREFORE, Margaret McGrogan, RN, respectfully requests that her motion for summary judgment be granted.

GOLD & FERRANTE, P.C.

BY:     _____/S/ ALAN S. GOLD_____
ALAN S. GOLD
Attorney for Defendant,
Margaret McGrogan, RN

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT MOORE, SR.                :        CIVIL ACTION

    V.                                            :        NO. 14-3873

MARGARET McGROGAN, RN, et al.        :

BRIEF OF DEFENDANT, MARGARET MCGROGAN, R.N.,
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

I.        PROCEDURAL HISTORY

On June 23, 2014, Troy Lamont Moore, Sr. ("Moore") filed an application with the
United States District Court for the Eastern District of Pennsylvania to proceed in forma
pauperis. (Document 1). On June 26, 2014, this Court issued an order permitting him leave to
proceed in forma pauperis. (Document 2). On June 26, 2014, Moore filed a complaint against
Margaret McGrogan, RN ("McGrogan") Commissioner Louis Giorla, Major Martin, C.O.
Walden and McGrogan contending that they failed to provide him with appropriate medical care
in violation of the Eighth Amendment of the United States Constitution. A copy of the
complaint appears hereto as Exhibit "A".

On October 29, 2014 Commissioner Louis Giorla filed an answer with affirmative
defenses to the complaint. (Document 3). On November 4, 2014, McGrogan filed a motion to
dismiss the complaint together with supporting brief. (Document 11).

On December 3, 2014, this Court issued an order granting the defendants leave to take
the deposition of Moore. (Document 14). On the same date, this Court issued a first scheduling
order, directing that any motion for summary judgment be filed by March 4, 2015. The order
also directed that a conference be held approximately 30 days thereafter for Moore to identify

1

any discovery need to respond to the motions. (Document 16).  This Court as part of its scheduling order of December 3, 2014 dismissed without prejudice the motion to dismiss of McGrogan.

On December 12, 2014, McGrogan filed an answer and affirmative defenses to the complaint of the plaintiff.  (Document 18).

McGrogan has now filed a motion for summary judgment on several different grounds, each of which independently requires the granting of the motion.  First, McGrogan contends that Moore has failed to establish sufficient evidence to support a jury verdict on the issue of deliberate indifference to a serious medical need since Moore has not shown that McGrogan knew that her conduct presented a substantial risk of harm to Moore and that she acted or failed to act anyway.  Second, McGrogan seeks summary judgment against Moore because Moore has not established a serious medical need.  Third, McGrogan seeks summary judgment against Moore because Moore has not shown sufficient expert evidence to establish a "but for" causative relationship between McGrogan's alleged deliberate indifference and the injuries for which Moore seeks compensation.  Fourth, McGrogan has established Moore's failure to exhaust his administrative remedies prior to initiating this case.

II.    <u>ISSUES PRESENTED</u>

1     Should this Court grant summary judgment to McGrogan when Moore, an inmate, has failed to produce sufficient evidence to support a jury verdict on the issue of McGrogan knowing that her conduct presented a substantial risk of harm to Moore?

2.     Should this Court grant summary judgment to McGrogan and against Moore since Moore has not established a serious medical need?

3.      Should this Court grant summary judgment to McGrogan and against Moore since Moore has not shown sufficient expert evidence to support a jury verdict on the issue of "but for" causation?

4.      Should this Court grant summary judgment to McGrogan and against Moore since McGrogan has established Moore's failure to exhaust the administrative remedies provided to him by the Philadelphia Prison System?

III.     STATEMENT OF FACTS

McGrogan incorporates by reference as if set forth herein in full her proposed statement of uncontested facts which appears as a separate document.

IV      ARGUMENT

A.      Standard to be Utilized in Determining Whether to Grant
        a Motion for Summary Judgment.

In 1986 the Supreme Court of the United States radically changed the standard for summary judgment and in effect issued a directive to district courts to be more assertive in using this procedural tool to eliminate cases prior to trial.  As the Supreme Court indicated in Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986), once the party seeking summary judgment has pointed out to the Court the absence of a fact issue:

> ...its opponent must do more than simply show that there is a metaphysical doubt as to the material facts...In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial'...Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'.

475 U.S. at 586-87.

Summary judgment must be granted unless the evidence construed in favor of the non-

3

moving party is sufficient for a reasonable jury to return a verdict for that party.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  Granting summary judgment is appropriate

against "a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The United States Court of Appeals for the Third Circuit in Williams v. Borough of West

Chester, Pa., 891 F.2d 458 (3d Cir. 1989) recognized this drastic change in the standard for

summary judgment when it stated:

> Since the Supreme Court decided its summary judgment trilogy,
> appellate courts have increasingly been called upon to engage in
> difficult line-drawing exercises to determine whether a non-
> moving party has adduced sufficient evidence to defeat a motion
> for summary judgment.

Id. at 459.

The Court in Williams was faced with a situation where the plaintiff had established a

dispute as to a genuine issue of material fact.  Yet, the Court of Appeals upheld the district

court's granting of summary judgment for the defendants.  The Court stated that although a

dispute had been established, plaintiff had failed to show that he could produce sufficient

evidence to support a jury verdict in his favor.  In that case the plaintiff claimed that the decedent

had committed suicide while in the custody of the West Chester police.  The decedent had

previously been in the custody of the West Chester police on prior occasions.  A police sergeant

of the West Chester police testified at his deposition that the decedent's suicidal tendencies were

widely known at the West Chester police department.  The specific defendants who were

charged with not taking appropriate precautions to prevent decedent's suicide denied knowing of

4

the tendencies.  No direct evidence was established that they did know of his suicidal tendencies.

The defendant officers had served on a squad that had recorded the bizarre behavior of the

decedent.  The Court indicated that the question was whether given the propensity of human

beings to talk about bizarre behavior, a reasonable jury could find that the defendant officers

knew about decedent's suicidal tendencies and whether the jury could find that they acted with

deliberate indifference to the decedent's psychological condition by not following the West

Chester's police's normal policy regarding belt removal.

The United States Court of Appeals for the Third Circuit held that although the case was

extremely close it had to conclude that no reasonable jury could so find.  The Court indicated

that circumstantial evidence could not support the plaintiff's case concerning a constitutional

violation.  The late Judge Becker writing for the Court concluded:

> Although the line we draw today is, as I have said, not easy to
> place, the line must be drawn somewhere, and somewhere that
> adequately protects the salutary policies underlying Rule 56.  Of
> course the right to present one's claims to a jury provides
> competing, no less important policies to be considered, but the
> upshot of the Supreme Court's summary judgment trilogy is the
> former must not be sacrificed entirely to the latter.  <u>The old
> scintilla rule, although it would make cases like this one far easier
> to decide, did just that.  I concede, as I must, that plaintiffs have
> adduced some circumstantial evidence tending to show deliberate
> indifference.  However, because the line we must draw depends
> entirely on context and differences in degree, 'some' evidence is
> not necessarily enough to survive summary judgment.</u>

<u>Id</u>. at 891 F.2d at 466 (Emphasis added).

Moore has failed to come anywhere close to meeting this standard.  He has not produced

sufficient evidence to support a jury verdict on the issue of McGrogan knowing that her conduct

presented a substantial risk of harm to Moore.  Moore only asserts a disagreement between the

treatment provided to him and the treatment he desired.  This constitutes negligence not deliberate indifference.  <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).  Moore has not established sufficient evidence to support "but for" causation which he must establish to defeat a summary judgment motion.  See <u>Miszler v. Shoemaker</u>, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20, 2009)(Vanaskie, J); <u>Wilson v. Burke</u>, Civil Action No. 09-261, 2012 U.S. Dist. LEXIS 134009 at *23-4 (E.D. Pa. Sept. 18, 2012).

  B.  Moore Fails to Submit Sufficient Evidence to support a Jury Verdict in his Favor on Deliberate Indifference to a Serious Medical Need Because He Has Not Established that Nurse McGrogan Knew that Her Conduct Presented a Substantial <u>Risk of Harm to Moore and That She Acted  or Failed to Act Anyway.</u>

  To establish a cause of action pursuant to the Eighth Amendment of the United States Constitution and 42 U.S.C. §1983 Moore must show that McGrogan acted with deliberate indifference to a serious medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  The United States Supreme Court has defined the deliberate indifference standard in its opinion in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).  According to the Supreme Court, deliberate indifference requires a showing that prison medical staff were "subjectively" aware of a substantial risk of harm to the prisoner.  Justice Souter, writing for the Court, stated:

  We reject [the] invitation to adopt an objective test for deliberate indifference.  We hold...that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...<u>The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>.

511 U.S. at 837. (Emphasis added).

  Under <u>Farmer</u>, <u>supra</u>, Moore has to show that McGrogan knew that her alleged actions

6

would cause serious harm to Moore and that she proceeded anyway.  Officials who have no

knowledge of the risk cannot be said to have inflicted punishment.  Farmer, supra, 511 U.S. at

844.  Similarly, those who "actually knew of a substantial risk to inmate health or safety may be

found free of liability if they responded reasonably to the risk, even if harm ultimately was not

averted."  Id.; See also, Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Negligence

never supports a cause of action based on 42 U.S.C. §1983 and the Eighth Amendment of the

United States Constitution. Daniels v. Williams, 474 U.S. 327 (1986); Singletary v. Pennsylvania

Department of Corrections, 266 F.3d 186, 192 n. 2 (3d Cir. 2002).

       An examination of the record shows that Moore has not presented sufficient evidence to

support a jury verdict on the issue of McGrogan knowing that her conduct presented a

substantial risk of harm to him.  The undisputed facts show that Moore has failed to meet this

burden.

       The Philadelphia Prison System admitted Moore as an inmate in July, 2013.  He asserts

that on September 16, 2013 he suffered exposure to raw sewage while in his cell at the

Philadelphia Prison System.  He asked to go to the medical department.  At the medical

department, McGrogan, a nurse, examined him based on a prior history of shortness of breath

and diarrhea.  Moore stated that he had been exposed to the raw sewage during the night when

the toilet overflowed.  McGrogan took his vital signs, his blood pressure was 110/80; his

respiratory rate 16; and his pulse rate 76. Moore's blood oxygenation was also taken. It was 97%

on room air.  Exhibit "D", p. 1.  These findings are all within normal range.  Moore had no

shortness of breath.  He received medication for his diarrhea.

       On September 18, 2013, Moore returned to the medical department where he complained

not of shortness of breath but of an upset stomach.  He walked without difficulty.  He had no shortness of breath.  He had normal vital signs.  He had a soft abdomen and bowel sounds were present.  He was told how to handle his condition and given Pepto-Bismol.  Exhibit "D", pp. 1 and 7.

On September 20, 2013, McGrogan saw Moore.  He complained of a foot irritation.  He had some scaling on his feet.  McGrogan treated this.  Exhibit "D", p. 14.  On September 23, 2013, Kim Adams, CRNP ("CRNP Adams") examined Moore for dry feet.  He did not complain about shortness of breath.  He only complained about dry feet.  There were no open areas.  There was no drainage.  CRNP Adams prescribed an anti-fungal cream.  Exhibit "D", pp. 2 and 7.

On October 11, 2013, McGrogan treated Moore for complaints of headaches.  Exhibit "D", p. 5.  On October 23, 2013, Moore was seen because of complaints of acid reflux.  He received medication to treat this condition.  Exhibit "D", pp. 2 and 8.

On November 6, 2013, Moore was seen because of complaints of headaches.  He was treated with Amoxicillin and Motrin.  Exhibit "D", pp. 6, 8 and 9.  On November 14, 2013, he was transferred from the Philadelphia Prison System to the State Correctional Institution at Graterford.  Exhibit "D", p. 3 and "E", p. 91.  Upon transfer he did not have any medical problems relating to his care and treatment from the incident on September 16, 2013.  Exhibit "E", pp. 140-152.

McGrogan believed that she provided adequate care to Moore.  Exhibit "G", paragraph 15.  At no time did McGrogan believe that she acted with deliberate indifference to a serious medical need.  Exhibit "G", paragraph 17.  At no time did she believe that her conduct presented a substantial risk of harm to Moore.  Exhibit "G", paragraph 17.  At all times she used her best

8

medical judgment.  Exhibit "G", paragraph 14.

Moore has no explanation for why he had a normal pulse and oxygen rate and still complained of chest pain.  Exhibit "G", p. 45, lines 17-20.  His shortness of breath and chest pain subsided on the afternoon of September 17, 2013.  By September 18, 2013 he was not complaining of shortness of breath.  Exhibit "G", p. 57, lines 18-24; p. 58, lines 1-5.

Moore admits that he and McGrogan had a disagreement over the medical care he needed.  Exhibit "G", p. 60, lines 2-5.  He has presented no evidence of deliberate indifference to a serious medical need.  He does not contend that he has.

At best Moore alleges a disagreement with the treatment he received and a disagreement with the diagnosis rendered.  This never rises to the level of deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97 (1976)(Justice Marshall writing for the Court held that the failure to order an x-ray or other diagnostic test never rose to the level of deliberate indifference); Bednar v. County of Schuylkill, 29 F.Supp. 2d 250, 253 (E.D. Pa. 1998)(failure to make correct diagnosis does not support deliberate indifference).  See Taylor v. Norris, 36 Fed. Appx. 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and a decision not to schedule a doctor's appointment); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-35 (7th Cir.1996) (inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994) (prison provided escalating level of treatment for inmates's ailments

over time, and inmate's disagreement with course of medical treatment was insufficient basis for

Eighth Amendment violation); Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir.1993) (inmate's

mere disagreement with doctor's informed decision to delay surgery does not establish Eighth

Amendment claim); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to

prove deliberate indifference where his complaints represented  nothing more than mere

disagreement with course of his medical treatment); Lair v. Oglesby, 859 F.2d 605, 606 (8th

Cir.1988) (disagreement about whether doctor should have prescribed medication does not result

in constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985) (Inmate failed

to state facts indicating doctor deliberately disregarded his medical problem; inmate's

disagreement as to proper medical treatment does not give rise to Eighth Amendment violation).

Therefore, where a dispute in essence entails nothing more than a disagreement between an

inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a

constitutional claim under § 1983 since "the exercise by a doctor of his professional judgment is

never deliberate indifference." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997).

Here, Moore only asserts that McGrogan, a registered nurse, did not provide appropriate

care or correct care to him.  He admits he received care.  He disagrees with the care rendered.

He never produces any evidence that McGrogan knew that her conduct presented a substantial

risk of harm to him let alone sufficient evidence to support a jury verdict.

In similar cases, the United States Court of Appeals for the Third Circuit has upheld the

granting of summary judgment in favor of the healthcare provider and against the inmate. In

Williams v. Kort, 223 Fed. Appx. 95 (3d Cir. 2007) (non-precedential), the United States Court

of Appeals found that an 11 month delay in treatment failed to constitute deliberate indifference.

The inmate plaintiff contended that defendants intentionally caused him  unnecessary pain by canceling his scheduled knee surgery and continuing courses of treatment that they knew were ineffective.  Williams complained that Dr. Kort told him he would order an MRI and refer Williams to a specialist if his injury did not improve , but Dr.  Kort never did.  After his transfer to another facility Williams received an MRI which revealed that he had a bilateral meniscus tear requiring surgery.  Medical records during the 11 month delay indicated that Williams was at least on some occasions feeling well, finding the pain to be improving, and moving without discomfort.  Dr. Kort accordingly determined that an MRI and referral to an orthopedic specialist would not be necessary.  The Court concluded that Dr. Kort's treatment decisions were not constitutionally deficient. 223 Fed. Appx.  at 100-101, citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) (as long as physician exercises professional judgment, physician's behavior will not violate prisoner's constitutional rights).

In Whooten v. Bussanich, 248 Fed. Appx. 324, 327 (3d Cir. 2007)(non precdential), the United States Court of Appeals rejected claims of deliberate indifference predicated upon allegations of delayed care and failure to follow a specialist's recommendations.  The inmate contended that Dr. Bussanich delayed referring him to a neurologist for treatment of his cluster headaches, refused to follow the treatment plan recommended by that neurologist, and refused to prescribe effective medications.  The United States Court of Appeals found that the delay in referring the plaintiff inmate to a specialist arose out of a conflict between the inmate and his prison doctor concerning the particular medication for his cluster headaches.  Whooten desired treatment with Nubain to relieve his headache pain.  Dr. Bussanich often refused Nubain and sought to treat with another medication because of the inmate's past drug addiction.   The United

States Court of Appeals concluded that whether the doctor's reasons justify his medical decision is a question of negligence, not deliberate indifference.   A dispute between the doctor and inmate concerning the appropriate medication does not indicate that necessary medical treatment was delayed for non-medical reasons.  This analysis supports granting summary judgment in favor of McGrogan.

The Court of Appeals rejected an argument similar to Moore's in Bearam v. Wigen, 2013 U.S. App. LEXIS 20400 (3d Cir. Oct. 7, 2013)  (non-precedential).  Bearam alleged that he had a brain tumor and advanced kidney damage, but the only treatment he received for these conditions was blood pressure medication.  Bearam contended that the defendant doctor either misdiagnosed or refused to diagnose his tumors, and refused to perform additional testing after some initial diagnostics suggested that Bearam did not have tumors.  No evidence existed that the doctor actually knew tumors existed and refused to treat them.  The facts alleged showed that the defendant performed some investigation and determined that Bearam did not have the condition he thought he had.  While the doctor's conclusion could prove wrong, the Court held, a defendant cannot consciously disregard a risk he has found reason to believe does not exist.  The Court concluded that, "[w]ithout more, the decision not to order additional diagnostic tests will not constitute deliberate indifference, as it suggests mere negligence, if that." Id. at *6.  See also, Rowland v. Duran, 2013 U.S. App. LEXIS 22282 (3d Cir. Nov. 1, 2013) (non-precedential).

Similarly, the Court of Appeals has held that a physician's reasoned refusal to send an inmate to a specialist fails to evidence deliberate indifference.  In Fantone v. Herbik, 528 Fed. Appx. 123 (3d Cir. 2013) (non-precedential), the plaintiff inmate contended he suffered a painful

and debilitating condition to which defendants were deliberately indifferent in failing to send

him to a specialist or to approve him for surgery.  The Court of Appeals affirmed the grant of

summary judgment for the defendant medical providers.  The record showed that the inmate had

eighty sick call entries with medical personnel at the prison, during which he regularly received

pain medication, and he also received x-rays, an EMG and an MRI which Dr. Herbik reviewed.

Based on this evidence, the Court found, Fantone had not demonstrated that the medical

defendants had a sufficiently "culpable state of mind" in not referring him to a specialist or

surgery.  Notably, the Court also observed that the surgery, which Fantone had after his release

from prison, was unsuccessful in relieving his chronic pain.

In <u>Albert v. Yost</u>, 431 Fed. Appx. 76 (3d Cir. 2011)(non-precedential), an inmate

contended he was made to suffer excruciating pain because the defendant medical providers

refused to send him to a specialist for his back condition.  The Court of Appeals affirmed

summary judgment for the defendants, finding that Albert, a chronic care patient with a number

of drug allergies, had voluminous medical records that reflected the defendants' attempts to treat

him. While Albert would have preferred to see a neurologist or a surgeon for his complaints, the

Court found no indication that referring him to an outside specialist would have aided in his pain

management. The Court stated:

> Albert clearly suffers from a number of physical ailments and we
> understand that he is in great discomfort and is unhappy with the
> medical care he has received. Based on the record before us,
> however, there is no basis on which to infer that any of these
> Appellees consciously  disregarded a serious risk to Albert's health
> or prevented him from receiving necessary medical treatment.

431 Fed. Appx. at 81.

The judgment of McGrogan is presumed valid unless Moore provides evidence that

McGrogan's decision was such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base their decision on such medical judgment.   White v. Napolean, 897 F.2d 103, 113 (3d Cir. 1990).   Moore has not met that standard.   The evidence establishes that McGrogan exercised her medical judgment and believed that at all times she was providing appropriate care.   Moore received constant care during the relevant time period.   His vital signs did not establish shortness of breath or any serious condition.   He admits that after a day or two he no longer had shortness of breath.   Apparently, it never returned during the time period he was in the Philadelphia Prison System.

C.   Moore Has Failed to Establish a Serious Medical Need.

Even if he has established deliberate indifference, which he has not, Moore has failed to allege a serious medical need.   He must do so to establish a cause of action sufficient to survive a motion for summary judgment pursuant to 42 U.S.C. §1983.   See Estelle v. Gamble, 429 U.S. 97 (1976).   In order to be considered serious a prisoner's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death.   The condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.   Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991).   The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration or extreme pain.   See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The majority of courts to consider the situation have concluded that averments such as

14

appear here relating to shortness of breath, vomiting, diarrhea and facial rash along with

unnecessary achiness fail to meet the standard for a serious medical need. Moore does not allege

the nature of the shortness of breath, vomiting, diarrhea and facial rash.  He does not indicate

how persistent they were or how long they lasted.

General allegation of skin sores are inadequate to establish a serious medical need.

Visintine v. Zickefoose, 2014 U.S. Dist. LEXIS 123742, 93-94 (D.N.J. Sept. 5, 2014)(a skin

condition that did not result in bleeding and could be treated over the counter medication fails to

constitute a serious medical need); McKeithan v. Beard, 2010 U.S. Dist. LEXIS 50666, *9-14

(W.D. Pa. 2010)(a prisoner who has a rash from exposure to inmates with MRSA fails to allege a

serious medical need); Freeman v. Northumberland County, 2013 U.S. Dist. LEXIS 14962, 2-4

(M.D. Pa. Jan. 22, 2013) (denying motion for reconsideration of order and opinion granting

motion to dismiss, reported at Freeman v. Northumberland County, 2012 U.S. Dist. LEXIS

29072 (M.D. Pa. Mar. 5, 2012)); Hughes v. Miskell, 2011 U.S. Dist. LEXIS 154189, 29-30

(M.D. Pa. Jan. 10, 2011)(bed bug bites and rash not a serious medical need).

Nausea fails to constitute a serious medical need in the context of the Eighth

Amendment.  Navolio v. Lawrence County & Primecare Med., Inc., 2010 U.S. Dist. LEXIS

11218, 19-20 (W.D. Pa. Jan. 5, 2010); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417

(S.D.N.Y. Sept. 4, 2003)(nausea fails to constitute a serious medical need since it does not

qualify as "a condition of urgency, one that may produce death, degeneration or extreme pain").

The following courts have concluded that shortness of breath fails to rise to the level of a

serious medical need necessary to sustain a claim based on 42 U.S.C. §1983.  Lindsey v. Brady,

537 F. Supp. 2d 666, 671 (D. Del. 2008); Bates v. Sullivan, 6 Fed. Appx. 425, 426 (7th Cir.

2001) (non-precedential)(finding that an inmate had not suffered a serious asthmatic attack

indicating shortness of breath was not proven serious enough to implicate the Eighth

Amendment).

> D.   Moore Has Failed to Show "But For" Causation Since He Has
> No Medical Expert to Establish the Link Between Any Injury He
> Claims he Suffered and the Alleged Deliberate Indifference of
> McGrogan.

Moore has not established "but for" causation.  He has no evidence, let alone sufficient

evidence, to support a jury verdict that any deliberate indifference to his serious medical need by

McGrogan caused harm to Moore.  He has not produced expert testimony that any conduct of

McGrogan caused him injury.

This Court held in Wilson v. Burke, Civil Action No. 09-261, 2012 U.S. Dist. LEXIS

134009 at *23-4 (E.D. Pa. Sept. 18, 2012) that in a deliberate indifference case the plaintiff must

establish "but for" causation to defeat a motion for summary judgment by providing expert

testimony.  See Miszler v. Shoemaker, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20,

2009)(Vanaskie, J.); Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9,

2009)(Vanaskie, J.).   Here, Moore has produced no expert testimony as to causation by

McGrogan.

> E.   Moore Has Failed to Exhaust his Administrative Remedies
> Because He Has not Appealed the Denial of Initial Grievance.

The Congress of the United States has required expressly and with no exception that any

inmate who wishes to pursue a cause of action based on any federal law or the United States

Constitution must exhaust all administrative remedies before filing suit.  See 42 U.S.C.

§1997e(a).  That statute states in relevant part:

> No action shall be brought with respect to prison conditions under §1979 of the Revised Statutes of the United States (42 U.S.C. §1983), or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Thus, in order to state a cause of action pursuant to any of the claims in his complaint against McGrogan relating to 42 U.S.C. §1983, Moore must show that he has exhausted all available administrative remedies. The City of Philadelphia has provided an original administrative remedy of grievance and an appeal process. See Exhibit "G".

The only grievance submitted by Moore concerning the incidents in his complaint was denied by prison authorities. No indication exists that Moore ever appealed this denial. See Exhibit "B". Consequently, he has not exhausted his administrative remedies.

V.      <u>CONCLUSION</u>

In the light of the foregoing, Margaret McGrogan, RN, respectfully requests that her motion for summary judgment be granted.

GOLD & FERRANTE, P.C.


BY:      _____/S/ ALAN S. GOLD_____
ALAN S. GOLD
Attorney for Defendant,
Margaret McGrogan, RN

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have sent a true and correct copy of defendant, Margaret McGrogan, RN's Motion for Summary Judgment, together with supporting Brief and Exhibits via US First Class Regular Mail and ECF Filing, as noted below, on this date to the following individuals:

Troy Lamont Moore, Sr., FE-2483
SCI-Forest
PO Box 945
Marienville, PA 16239-0945
via US First Class Regular Mail

Aaron Shotland
via ECF Filing:  aaron.shotland@phila.gov

                                  _____/s/ ALAN S. GOLD_____
                                  ALAN S. GOLD

Dated:        March 13, 2015