# EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 14-3873 |
| MARGARET McGROGAN, RN, et al. | : | |

## VERIFICATION OF MARGARET MCGROGAN, R.N..

I, Margaret McGrogan, R.N., being of full age, do depose and state as follows:

1.    I am a defendant in the above-captioned matter and if called to testify in the trial of this matter, I would do so under oath as stated herein.

2.    I am a nurse licensed to practice medicine in the Commonwealth of Pennsylvania and at all times relevant to this matter was employed as a nurse for Corizon Health Services at the Philadelphia Prison Campus.

3.    I have knowledge and information concerning the medical care provided to Troy Lamont Moore, Sr. ("Moore") particularly for the few months he spent in the Philadelphia Prison System.

4.    At all times I treated Moore believing that the care I was rendering was appropriate and geared to correctly diagnosing and treating his complaints.

5.    Moore was admitted into the Philadelphia Prisons System in July 2013.

6.    On September 17, 2013, I saw Moore in the medical department. I noted that Moore was sent to the medical department because of a history of shortness of breath and diarrhea. He stated that he had been exposed to raw sewage because his toilet overflowed during the night. Moore's vital signs were taken; his blood pressure was 110/80, his respiratory rate 16 and his pulse rate 76. Moore's blood oxygenation was also taken. It was 97% on room air. These findings are all within normal range. I asked Moore if he had shortness of breath. He indicated that he had no shortness of breath. I gave Moore medication for his complaint of diarrhea. There was absolutely no indication to keep Moore in the medical department. In addition, there was no reason to provide him with any other medication in light of his examination, medical findings and clinical presentation.

7.    On September 18, 2013, Moore returned to the medical departmentand was seen by another medical provider because his stomach was upset. The medical notes indicate that Moore was ambulating without difficulty and had no shortness of breath. His vital signs were again taken. They were all normal. His abdomen was soft and bowel sounds were present. The patient was educated about his condition and given Pepto-Bismol.

8. I next saw Moore on September 20, 2013, for complaints that his feet were irritated. I noticed some scaling and gave him medication for his feet.

9. On September 23, 2013, he was seen by Kim Adams, CRNP (CRNP Adams) for complaints that his feet were dry. CRNP Adams prescribed an anti-fungal cream.

10. I did not see Moore again until October 11, 2013. I saw and treated him for headaches.

11. On October 23, 2013, he was seen because of complaints of acid reflux. He was given medication to treat this condition.

12. On November 6, 2013, he was seen because of complaints of headaches. He was treated with amoxicilin and Motrin to help his condition.

13. On November 14, 2013, Moore was discharged from the Philadelphia Prison System.

14. At all times, I used my best medical judgment when determining what treatment Moore should receive for any of his presenting complaints.

15. In my professional medical opinion, everything was done appropriately to diagnose and treat Moore's medical complaints.

16. In my professional medical opinion, the care and treatment rendered has been reasonable and within the standard of care.

17. At no time did I act with deliberate indifference when caring for and treating Moore.

18. At no time did I believe that my conduct presented a substantial risk of harm to Moore.

I hereby verify that the above statements are true and correct to the best of my knowledge, information and belief. I also understand that the statements contained herein are subject to the penalty of perjury pursuant to 28 U.S. §1746 relating to unsworn falsification to authorities.

_____
MARGARET MCGROGAN, R.N.

DATE: 3/12/2015