IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT MOORE, SR.      :     CIVIL ACTION

V.                     :     NO. 14-3873

MARGARET McGROGAN, RN, et al.      :

ANSWER OF DEFENDANT, MARGARET MCGROGAN, R.N.,
IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT
OF TROY LAMONT MOORE, SR.

Margaret McGrogan, RN ("McGrogan") respectfully requests that the motion for summary judgment of Troy Lamont Moore, Sr. ("Moore") be denied and that her motion for summary judgment which she filed on March 13, 2015 and which Moore has not opposed be granted and states in opposition the following:

1.      On June 23, 2014, Moore filed an application with the United States District Court for the Eastern District of Pennsylvania to proceed in forma pauperis.  (Document 1).

2.      On June 26, 2014, this Court issued an order permitting him leave to proceed in forma pauperis.  (Document 2).

3.      On June 26, 2014, Moore filed a complaint against McGrogan, Commissioner Louis Giorla, Major Martin, C.O. Walden and McGrogan contending that they failed to provide him with appropriate medical care in violation of the Eighth Amendment of the United States Constitution.  A copy of the complaint appears hereto as Exhibit "A".

4.      On October 29, 2014 Commissioner Louis Giorla filed an answer with affirmative defenses to the complaint.  (Document 3).

5.      On November 4, 2014, McGrogan filed a motion to dismiss the complaint together with supporting brief.  (Document 11).

6.      On December 3, 2014, this Court issued an order granting the defendants leave to take the deposition of Moore. (Document 14).  On the same date, this Court issued a first scheduling order, directing that any motion for summary judgment be filed by March 4, 2015.

The order also directed that a conference be held approximately 30 days thereafter for Moore to identify any discovery need to respond to the motions. (Document 16).

7.      This Court as part of its scheduling order of December 3, 2014 dismissed without prejudice the motion to dismiss of McGrogan indicating that it wanted to resolve the motion by means of a motion for summary judgment.

8.      On December 12, 2014, McGrogan filed an answer and affirmative defenses to the complaint of the plaintiff.  (Document 18).

9.      McGrogan seeks summary judgment on several different grounds, each of which independently requires the granting of the motion.

10.      Moore has sought summary judgment against McGrogan based on his belief that he has established that McGrogan acted toward him with deliberate indifference to a serious medical need and that no factual issue exists as to this.

11.      Moore has failed to meet any of the elements required to establish his claim for deliberate indifference against McGrogran.  Instead, McGrogan has established the basis for her summary judgment motion.  McGrogan incorporates by reference as if set forth herein in full her motion for summary, her statement of uncontested facts, her supporting brief and all exhibits attached thereto as if set forth herein in full.

12.      Moore has not responded to McGrath's motion for summary judgment.  He has not shown any legal basis for denying the motion for summary judgment of McGrogan.  He has not shown a genuine issue of material fact in dispute as to McGrogan's motion for summary judgment. McGrogan contends that Moore has failed to establish sufficient evidence to support a jury verdict on the issue of deliberate indifference to a serious medical need since Moore has not shown that McGrogan knew that her conduct presented a substantial risk of harm to Moore and that she acted or failed to act anyway.  Farmer v. Brennan, 511 U.S. 825 (1994).

13.      Negligence never supports a cause of action pursuant to 42 U.S.C. §1983 and the Eighth Amendment to the United States Constitution. Daniels v. Williams, 474 U.S. 327 (1986);

Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 192 n. 2 (3d Cir. 2002);
Williams v. Kort, 223 Fed. Appx. 95 (3d Cir. 2007)(non-precedential); Whooten v. Bussanich,
248 Fed. Appx. 324, 327 (3d Cir. 2007)(non-precedential).

14.      Every time Moore sought medical treatment from McGrogan, she provided care
based on her own medical judgment.  See verification of McGrogan, Exhibit "G".

15.      The United States Court of Appeals for the Third Circuit has held that the
judgment of prison healthcare workers is presumed valid unless the inmate provides evidence
that the decision was such a substantial departure from accepted professional judgment, practice
or standards as to demonstrate that the person responsible actually did not base the decision on
such a medical judgment.  White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990).  Moore has
failed to produce sufficient evidence to rebut the presumption of validity.

16.      Second, McGrogan seeks summary judgment against Moore because Moore has
not established a serious medical need.  He provides no evidence that his one day or one and a
half days of shortness of breath, a brief period of vomiting and diarrhea, and a facial rash
constitutes a serious medical need.  The majority of courts to decide this issue have held that
these ailments do not rise to the level of a serious medical need.  Visintine v. Zickefoose, 2014
U.S. Dist. LEXIS 123742, 93-94 (D.N.J. Sept. 5, 2014)(a skin condition that did not result in
bleeding and could be treated by over the counter medications fail to constitute a serious medical
need); McKeithan v. Beard, 2010 U.S. Dist. LEXIS 50666, *9-14 (W.D. Pa. 2010)(a prisoner
who has a rash from exposure to inmates with MRSA fails to allege a serious medical need);
Navolio v. Lawrence County & Primecare Med., Inc., 2010 U.S. Dist. LEXIS 11218, 19-20
(W.D. Pa. Jan. 5, 2010)(nausea fails to constitute a serious medical need in the context of the
Eighth Amendment); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417 (S.D.N.Y. Sept. 4,
2003)(nausea fails to constitute a serious medical need since it does not qualify as "a condition
of urgency, one that may produce death, degeneration or extreme pain"); Bates v. Sullivan, 6
Fed. Appx. 425, 426 (7th Cir. 2001) (non-precedential)(finding that an inmate had not suffered a

serious asthmatic attack indicated shortness of breath was not proven serious enough to implicate the Eighth Amendment).

17.     Third, Moore has failed to produce expert testimony sufficient to establish "but for" causation based on 42 U.S.C. §1983.  See <u>Walthour v. Tennis</u>, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9, 2009); <u>Miszler v. Shoemaker</u>, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20, 2009).

18.     Fourth, Moore has not exhausted his administrative remedies provided to him by the City of Philadelphia.  See Exhibit "H".  He filed his initial grievance but did not appeal. Exhibit "B".

19.     42 U.S.C. §1997e(a) requires that an inmate exhaust all available administrative remedies.

WHEREFORE, Margaret McGrogan, RN, respectfully requests that the motion for summary judgment of Troy Lamont Moore, Sr. be denied and that her motion previously filed be granted.

GOLD & FERRANTE, P.C.


BY:      ___/S/ ALAN S. GOLD_____
         ALAN S. GOLD
         Attorney for Defendant,
         Margaret McGrogan, RN

         261 Old York Road, Suite 526
         Jenkintown, PA 19046
         (215)885-1118

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | CIVIL ACTION |
| V. | : | NO. 14-3873 |
| MARGARET McGROGAN, RN, et al. | : | |

BRIEF OF DEFENDANT, MARGARET MCGROGAN, R.N.,
IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT
OF TROY LAMONT MOORE, SR.

I.    PROCEDURAL HISTORY

On June 23, 2014, Troy Lamont Moore, Sr. ("Moore") filed an application with the United States District Court for the Eastern District of Pennsylvania to proceed in forma pauperis.  (Document 1).  On June 26, 2014, this Court issued an order permitting him leave to proceed in forma pauperis.  (Document 2).  On June 26, 2014, Moore filed a complaint against Margaret McGrogan, RN ("McGrogan") Commissioner Louis Giorla, Major Martin, C.O. Walden and McGrogan contending that they failed to provide him with appropriate medical care in violation of the Eighth Amendment of the United States Constitution.  A copy of the complaint appears hereto as Exhibit "A".

On October 29, 2014 Commissioner Louis Giorla filed an answer with affirmative defenses to the complaint.  (Document 3).  On November 4, 2014, McGrogan filed a motion to dismiss the complaint together with supporting brief.  (Document 11).

On December 3, 2014, this Court issued an order granting the defendants leave to take the deposition of Moore. (Document 14).  On the same date, this Court issued a first scheduling order, directing that any motion for summary judgment be filed by March 4, 2015.  The order also directed that a conference be held approximately 30 days thereafter for Moore to identify any discovery need to respond to the motions. (Document 16).  This Court as part of its scheduling order of December 3, 2014 dismissed without prejudice the motion to dismiss of McGrogan.

1

On December 12, 2014, McGrogan filed an answer and affirmative defenses to the complaint of the plaintiff.  (Document 18).

McGrogan has now filed a motion for summary judgment on several different grounds, each of which independently requires the granting of the motion.  First, McGrogan contends that Moore has failed to establish sufficient evidence to support a jury verdict on the issue of deliberate indifference to a serious medical need since Moore has not shown that McGrogan knew that her conduct presented a substantial risk of harm to Moore and that she acted or failed to act anyway.  Second, McGrogan seeks summary judgment against Moore because Moore has not established a serious medical need.  Third, McGrogan seeks summary judgment against Moore because Moore has not shown sufficient expert evidence to establish a "but for" causative relationship between McGrogan's alleged deliberate indifference and the injuries for which Moore seeks compensation.  Fourth, McGrogan has established Moore's failure to exhaust his administrative remedies prior to initiating this case.

Moore has failed to respond in any way to McGrogan's motion for summary judgment. Instead, Moore has filed his own motion for summary judgment and has failed to establish any of the elements of his claim.  Instead, McGrogan has established all of the elements required for summary judgment.  The failure of Moore to exhaust his administrative remedies alone requires the denial of the summary judgment motion and the entrance of summary judgment for McGrogan.  Moore has not even attempted to show sufficient expert evidence to establish "but for" causation.  This requires the denial of his motion for summary judgment.  Moore has not successfully established a serious medical need.  This requires the grant of summary judgment in favor of McGrogan and against Moore.  Moore has not established sufficient evidence to support a jury verdict on the issues of deliberate indifference to a serious medical need since Moore has not shown that McGrogan knew that her conduct presented a substantial risk of harm to Moore and that she acted or failed to act anyway.  This requires the granting of summary judgment to McGrogan and the denial of summary judgment to Moore.

2

II.    <u>ISSUES PRESENTED</u>

1      Should this Court grant summary judgment to McGrogan when Moore, an inmate, has failed to produce sufficient evidence to support a jury verdict on the issue of McGrogan knowing that her conduct presented a substantial risk of harm to Moore?

2.     Should this Court grant summary judgment to McGrogan and against Moore since Moore has not established a serious medical need?

3.     Should this Court grant summary judgment to McGrogan and against Moore since Moore has not shown sufficient expert evidence to support a jury verdict on the issue of "but for" causation?

4.     Should this Court grant summary judgment to McGrogan and against Moore since McGrogan has established Moore's failure to exhaust the administrative remedies provided to him by the Philadelphia Prison System?

5.     Should this Court deny summary judgment to Moore if McGrogan has established four different grounds requiring the grant of summary judgment to her.

III.   <u>STATEMENT OF FACTS</u>

McGrogan incorporates by reference as if set forth herein in full her proposed statement of uncontested facts which she submitted in favor of her summary judgment against Moore.

IV     <u>ARGUMENT</u>

    A.     Standard to be Utilized in Determining Whether to Grant
        <u>a Motion for Summary Judgment.                              </u>

McGrogan incorporates by reference as if set forth herein in full Section A of her previously filed motion for summary judgment.

    B.     Moore Fails to Submit Sufficient Evidence to support a Jury
        Verdict in his Favor on Deliberate Indifference to a Serious
        Medical Need Because He Has Not Established that Nurse
        McGrogan Knew that Her Conduct Presented a Substantial
        <u>Risk of Harm to Moore and That She Acted  or Failed to Act Anyway.</u>

To establish a cause of action pursuant to the Eighth Amendment of the United States Constitution and 42 U.S.C. §1983 Moore must show that McGrogan acted with deliberate

indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97 (1976).  The United

States Supreme Court has defined the deliberate indifference standard in its opinion in Farmer v.

Brennan, 511 U.S. 825 (1994).  According to the Supreme Court, deliberate indifference requires

a showing that prison medical staff were "subjectively" aware of a substantial risk of harm to the

prisoner.  Justice Souter, writing for the Court, stated:

> We reject [the] invitation to adopt an objective test for deliberate
> indifference.  We hold...that a prison official cannot be found
> liable under the Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official knows of and
> disregards an excessive risk to inmate health or safety...The
> official must both be aware of facts from which the inference can
> be drawn that a substantial risk of serious harm exists, and he must
> also draw the inference.

511 U.S. at 837. (Emphasis added).

Under Farmer, supra, Moore has to show that McGrogan knew that her alleged actions

would cause serious harm to Moore and that she proceeded anyway.  Officials who have no

knowledge of the risk cannot be said to have inflicted punishment.  Farmer, supra, 511 U.S. at

844.  Similarly, those who "actually knew of a substantial risk to inmate health or safety may be

found free of liability if they responded reasonably to the risk, even if harm ultimately was not

averted."  Id.; See also, Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Negligence

never supports a cause of action based on 42 U.S.C. §1983 and the Eighth Amendment of the

United States Constitution. Daniels v. Williams, 474 U.S. 327 (1986); Singletary v. Pennsylvania

Department of Corrections, 266 F.3d 186, 192 n. 2 (3d Cir. 2002).

An examination of the record shows that Moore has not presented sufficient evidence to

support a jury verdict on the issue of McGrogan knowing that her conduct presented a

substantial risk of harm to him.  The undisputed facts show that Moore has failed to meet this

burden.

The Philadelphia Prison System admitted Moore as an inmate in July, 2013.  He asserts

that on September 16, 2013 he suffered exposure to raw sewage while in his cell at the

Philadelphia Prison System.  He asked to go to the medical department.  At the medical

4

department, McGrogan, a nurse, examined him based on a prior history of shortness of breath and diarrhea.  Moore stated that he had been exposed to the raw sewage during the night when the toilet overflowed.  McGrogan took his vital signs, his blood pressure was 110/80; his respiratory rate 16; and his pulse rate 76. Moore's blood oxygenation was also taken. It was 97% on room air.  Exhibit "E", p. 1.  These findings are all within normal range.  Moore had no shortness of breath.  He received medication for his diarrhea.

On September 18, 2013, Moore returned to the medical department where he complained not of shortness of breath but of an upset stomach.  He walked without difficulty.  He had no shortness of breath.  He had normal vital signs.  He had a soft abdomen and bowel sounds were present.  He was told how to handle his condition and given Pepto-Bismol.  Exhibit "D", pp. 1 and 7.

On September 20, 2013, McGrogan saw Moore.  He complained of a foot irritation.  He had some scaling on his feet.  McGrogan treated this.  Exhibit "D", p. 14.  On September 23, 2013, Kim Adams, CRNP ("CRNP Adams") examined Moore for dry feet.  He did not complain about shortness of breath.  He only complained about dry feet.  There were no open areas.  There was no drainage.  CRNP Adams prescribed an anti-fungal cream.  Exhibit "D", pp. 2 and 7.

On October 11, 2013, McGrogan treated Moore for complaints of headaches.  Exhibit "D", p. 5.  On October 23, 2013, Moore was seen because of complaints of acid reflux.  He received medication to treat this condition.  Exhibit "D", pp. 2 and 8.

On November 6, 2013, Moore was seen because of complaints of headaches.  He was treated with Amoxicillin and Motrin.  Exhibit "D", pp. 6, 8 and 9.  On November 14, 2013, he was transferred from the Philadelphia Prison System to the State Correctional Institution at Graterford.  Exhibit "D", p. 3 and "E", p. 91  Upon transfer he did not have any medical problems relating to his care and treatment from the incident on September 16, 2013.  Exhibit "E", pp. 140-152.

McGrogan believed that she provided adequate care to Moore.  Exhibit "G", paragraph

15.  At no time did McGrogan believe that she acted with deliberate indifference to a serious medical need.  Exhibit "G", paragraph 17.  At no time did she believe that her conduct presented a substantial risk of harm to Moore.  Exhibit "G", paragraph 17.  At all times she used her best medical judgment.  Exhibit "G", paragraph 14.

Moore has no explanation for why he had a normal pulse and oxygen rate and still complained of chest pain.  Exhibit "G", p. 45, lines 17-20.  His shortness of breath and chest pain subsided on the afternoon of September 17, 2013.  By September 18, 2013 he was not complaining of shortness of breath.  Exhibit "G", p. 57, lines 18-24; p. 58, lines 1-5.

Moore admits that he and McGrogan had a disagreement over the medical care he needed.  Exhibit "G", p. 60, lines 2-5.  He has presented no evidence of deliberate indifference to a serious medical need.  He does not contend that he has.

At best Moore alleges a disagreement with the treatment he received and a disagreement with the diagnosis rendered.  This never rises to the level of deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97 (1976)(Justice Marshall writing for the Court held that the failure to order an x-ray or other diagnostic test never rose to the level of deliberate indifference); Bednar v. County of Schuylkill, 29 F.Supp. 2d 250, 253 (E.D. Pa. 1998)(failure to make correct diagnosis does not support deliberate indifference).  See Taylor v. Norris, 36 Fed. Appx. 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and a decision not to schedule a doctor's appointment); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-35 (7th Cir.1996) (inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994) (prison provided escalating level of treatment for inmates's ailments over time, and inmate's disagreement with course of medical treatment was insufficient basis for

Eighth Amendment violation); Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir.1993) (inmate's mere disagreement with doctor's informed decision to delay surgery does not establish Eighth Amendment claim); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to prove deliberate indifference where his complaints represented nothing more than mere disagreement with course of his medical treatment); Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir.1988) (disagreement about whether doctor should have prescribed medication does not result in constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985) (Inmate failed to state facts indicating doctor deliberately disregarded his medical problem; inmate's disagreement as to proper medical treatment does not give rise to Eighth Amendment violation). Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997).

Here, Moore only asserts that McGrogan, a registered nurse, did not provide appropriate care or correct care to him. He admits he received care. He disagrees with the care rendered. He never produces any evidence that McGrogan knew that her conduct presented a substantial risk of harm to him let alone sufficient evidence to support a jury verdict.[1]

C.     Moore Has Failed to Establish a Serious Medical Need.

Even if he has established deliberate indifference, which he has not, Moore has failed to allege a serious medical need. He must do so to establish a cause of action sufficient to survive a motion for summary judgment pursuant to 42 U.S.C. §1983. See Estelle v. Gamble, 429 U.S. 97 (1976). In order to be considered serious a prisoner's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. The condition must be one that has been diagnosed by a physician as requiring treatment or one that

---

[1] McGrogan incorporates by reference as if set forth herein in full pages 10 to 14 of her brief in support of her previously filed motion for summary judgment.

is so obvious that a lay person would easily recognize the necessity for a doctor's attention. Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d Cir. 1991). The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration or extreme pain. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The majority of courts to consider the situation have concluded that averments such as appear here relating to shortness of breath, vomiting, diarrhea and facial rash along with unnecessary achiness fail to meet the standard for a serious medical need. Moore does not allege the nature of the shortness of breath, vomiting, diarrhea and facial rash. He does not indicate how persistent they were or how long they lasted.

General allegation of skin sores are inadequate to establish a serious medical need. Visintine v. Zickefoose, 2014 U.S. Dist. LEXIS 123742, 93-94 (D.N.J. Sept. 5, 2014)(a skin condition that did not result in bleeding and could be treated over the counter medication fails to constitute a serious medical need); McKeithan v. Beard, 2010 U.S. Dist. LEXIS 50666, *9-14 (W.D. Pa. 2010)(a prisoner who has a rash from exposure to inmates with MRSA fails to allege a serious medical need); Freeman v. Northumberland County, 2013 U.S. Dist. LEXIS 14962, 2-4 (M.D. Pa. Jan. 22, 2013) (denying motion for reconsideration of order and opinion granting motion to dismiss, reported at Freeman v. Northumberland County, 2012 U.S. Dist. LEXIS 29072 (M.D. Pa. Mar. 5, 2012)); Hughes v. Miskell, 2011 U.S. Dist. LEXIS 154189, 29-30 (M.D. Pa. Jan. 10, 2011)(bed bug bites and rash not a serious medical need).

Nausea fails to constitute a serious medical need in the context of the Eighth Amendment. Navolio v. Lawrence County & Primecare Med., Inc., 2010 U.S. Dist. LEXIS 11218, 19-20 (W.D. Pa. Jan. 5, 2010); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417 (S.D.N.Y. Sept. 4, 2003)(nausea fails to constitute a serious medical need since it does not qualify as "a condition of urgency, one that may produce death, degeneration or extreme pain").

The following courts have concluded that shortness of breath fails to rise to the level of a

serious medical need necessary to sustain a claim based on 42 U.S.C. §1983.  Lindsey v. Brady,

537 F. Supp. 2d 666, 671 (D. Del. 2008); Bates v. Sullivan, 6 Fed. Appx. 425, 426 (7th Cir.

2001) (non-precedential)(finding that an inmate had not suffered a serious asthmatic attack

indicating shortness of breath was not proven serious enough to implicate the Eighth

Amendment).

> D.   Moore Has Failed to Show "But For" Causation Since He Has
>      No Medical Expert to Establish the Link Between Any Injury He
>      Claims he Suffered and the Alleged Deliberate Indifference of
>      McGrogan.

Moore has not established "but for" causation.  He has no evidence, let alone sufficient

evidence, to support a jury verdict that any deliberate indifference to his serious medical need by

McGrogan caused harm to Moore.  He has not produced expert testimony that any conduct of

McGrogan caused him injury.

This Court held in Wilson v. Burke, Civil Action No. 09-261, 2012 U.S. Dist. LEXIS

134009 at *23-4 (E.D. Pa. Sept. 18, 2012) that in a deliberate indifference case the plaintiff must

establish "but for" causation to defeat a motion for summary judgment by providing expert

testimony.  See Miszler v. Shoemaker, 2009 U.S. Dist. LEXIS 23755 (M.D. Pa. March 20,

2009)(Vanaskie, J.); Walthour v. Tennis, 2009 U.S. Dist. LEXIS 81794 (M.D. Pa. Sept. 9,

2009)(Vanaskie, J.).   Here, Moore has produced no expert testimony as to causation by

McGrogan.  See Jackson v. Ivens, 565 Fed. Appx. 115; 2014 U.S. App. LEXIS 8135 (non-

precedential)(the Court required expert testimony to establish causation in a §1983 deliberate

indifference claim by inmate).

> E.   Moore Has Failed to Exhaust his Administrative Remedies
>      Because He Has not Appealed the Denial of Initial Grievance.

The Congress of the United States has required expressly and with no exception that any

inmate who wishes to pursue a cause of action based on any federal law or the United States

Constitution must exhaust all administrative remedies before filing suit.  See 42 U.S.C.

§1997e(a).  That statute states in relevant part:

> No action shall be brought with respect to prison conditions under §1979 of the Revised Statutes of the United States (42 U.S.C. §1983), or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Thus, in order to state a cause of action pursuant to any of the claims in his complaint against McGrogan relating to 42 U.S.C. §1983, Moore must show that he has exhausted all available administrative remedies. The City of Philadelphia has provided an original administrative remedy of grievance and an appeal process. See Exhibit "G".

The only grievance submitted by Moore concerning the incidents in his complaint was denied by prison authorities. No indication exists that Moore ever appealed this denial. See Exhibit "B". Consequently, he has not exhausted his administrative remedies.

10

V.      <u>CONCLUSION</u>

In the light of the foregoing, Margaret McGrogan, RN, respectfully requests that Troy Lamont Moore, Sr.'s motion for summary judgment be denied and that her motion for summary judgment be granted.

GOLD & FERRANTE, P.C.

BY:      <u>/S/ ALAN S. GOLD</u>
ALAN S. GOLD
Attorney for Defendant,
Margaret McGrogan, RN

261 Old York Road, Suite 526
Jenkintown, PA 19046
(215)885-1118

11

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have sent a true and correct copy of defendant, Margaret McGrogan, RN's Answer to Plaintiff's Motion for Summary Judgment, together with Opposing Brief and Exhibits via US First Class Regular Mail and ECF Filing, as noted below, on this date to the following individuals:

Troy Lamont Moore, Sr., FE-2483
SCI-Forest
PO Box 945
Marienville, PA 16239-0945
via US First Class Regular Mail

Aaron Shotland
via ECF Filing:  aaron.shotland@phila.gov

                                                    ____/s/ ALAN S. GOLD____
                                                    ALAN S. GOLD

Dated:         July 14, 2015