IN THE UNITED STATES DISTIRCT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT MOORE, SR.,           :   CIVIL ACTION NO. 14-3873
    Plaintiff

                                  :

    v.

LOUIS GIORLA, et al.,             :

    Defendants

### ORDER

AND NOW, this _____ day of _____, 2015, it is HEREBY ORDERED that the Motion of Plaintiff for Summary Judgment be Granted. The summary judgment be entered in favor of Troy Lamont Moore, Sr., and against Defendants Louis Giorla, Claudette Martin, Corrections Officer S. Walton better known as Walden and Margaret McGrogan, Rn Nurse and their summary judgment be denied.

                                           BY THE COURT:

                                           _____
                                           Robreno, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR., | : | CIVIL ACTION NO. 14-3873 |
| Plaintiff | : | |
| v. | : | |
| LOUIS GIORLA, et al., | | |
| Defendants | : | |



FILED
AUG - 6 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Plaintiff, Troy Lamont Moore, Sr., hereby file this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Pursuant to Local 7.1, plaintiff hereby incorporate an attached Memorandum of Law.

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR., | : | CIVIL ACTION NO. 14-3873 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS GIORLA, et al., | : | |
| Defendants | | |

### PLAINTIFF'S BRIEF FOR PRELIMINARY OBJECTIVE OF DEFENDANT MARGARET MCGROGAN'S MOTION FOR SUMMARY JUDGMENT TO BE DENIED

I. STATMENT OF THE CASE

Pro-se plaintiff, Troy Lamont Moore, Sr., a state prisoner currently incarcerated at SCI-Forest filed this civil action against Defendants Louis Giorla, Claudette Martin, Corrections Officer S. Walton better known as Walden and Margaret McGrogan, Rn Nurse. This memorandum of law in support of his motion for summary judgment pursuant to Rule 56 (d) of the Federal Rules of Civil Procedures & Local Rule 7.

On June 23, 2014, plaintiff filed this lawsuit being granted to proceed informa pauperis. See, Doc. 1. Plaintiff filed a Complaint on June 26, 2014 against Defendants alleging that the toilet in his cell 18 at Philadelphia Industrial Correctional Center (PICC) overflowed on September 16, 2013. Which he was not allowed out of his cell for more then eight (8) hours. The video footage will support plaintiff's claims that was available to inspect. See, Compl. Doc. 3. Plaintiff also alleges that he suffered from shortness of breath, vomiting, diarrhea and a facial rash as a result of his exposure to sewage. Id. at page 6, ¶3. Plaintiff received inadequate medical care and alleged that defendants failed to assist him to receive appropriate medical care.

-3-

Deliberate Indifference does apply to defendant McGrogan because she was informed on 9-17-2013 that plaintiff has been dignosed with CAD (Corinary Artery Disease) and was in distress at the time.

Plaintiff is prescribed Nitro Glycerin PRN (Per request needed) and upon request of said medication that plaintiff was denied issuance.

Evidence of denial of life saving medication can be referenced on page three, paragraph "D" of the original complaint delivered to prison authorities 6-15-2014.

Per the PICC Correctional Facility's guide lines and regulations, an inmate cannot utilize the medical departments services with out filing a sick call unless the incident constitute an emergency, ie; stroke, heart attack or assault. Plaintiff was ent directly to medical.

Injuries sustained due to defendant McGrogan's gross lack of care care plaintiff to remained in distress for several hours after the refusal of medication by defendant McGrogan.

On Tuesday, July 21, 2015 till Thursday, July 23, 2015 at SCI-Forest this institution was lock down. On Tuesday, July 28, 2015, at SCI-Forest their law library was closed. It is imperative that plaintiff make this court aware of his matter at this institution. Therefore, plaintiff response has been filed timely as required.

II. ARGUMENT

### A. MOORE HAS STATE A CONSTITUTIONAL CLAIM AGAINST S. WALTON BETTER KNOWN AS WALDEN TO SUPPORT HIS MOTION FOR SUMMARY JUDGMENT

Moore filed this action against defendant Walton better known as Walden alleging that his constitutional rights were violated on September 16, 2013 regarding is cell 18 toilet overflowing with feces and urine. The inside plaintiff's cell was in fact saturated with the fumes of feces and urine.. Which could undermine health and sanitation. See, Kelley v. Boro, 60 F.3d 664, 666-67 (9th cir. 1996). No qualified immunity where defendant Walton failed to remove plaintiff from cell 18 after plaintiff complained about fumes. Which was a violation of plaintiff's Eighth Amendment. Plaintiff seeks redress against defendant Walton pursuant to 42 U.S.C. 1983.. See, attached Exhibit 1.

"A[n individual government] defendant in a civil rights actions must have personal involvement in the alleged wrongdoing; liability can be predicated on defendant Walton personal involvement. See, Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place and persons responsible. See, Evancho v. Fisher, 423 F.3d 347, 353 (3d. Cir. 2005); See, Boykins v. Ambridge Area Sch. Dist. 621 F.2d 75, 80 (3d Cir. 1980) (citing Hall v. Pa. State Police, 570 F.2d 86, 89 (3d Cir. 1978)

It is so true that the Prison Litigation Reform Act (PLRA), Under 42 U.C.S. §1997e (e), provides a limitation on the award of monetary damages. This was defendants reason for failing to comply with plaintiff's subpoenas for the deposition to be deposed. The defendants are facing sanctions due to their actions. Plaintiff has demonstrated an appropriate act by defendants to comply to subpoenas to be deposed to support the third circuit requirements in order to be awarded compensatory damages for physical injury. With headaches, stomach cramps, chest pain and nervousness.

The U.S. Supreme Court explained what deliberate indifferences means in its 1994 decision Farmer v. Brennan.

In Farmer, the Supreme Court held that an official acts with deliberate indifferences when she or he "knows harm that inmates as like plaintiff face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

Basic human needs that the courts recongnize which is sanitation and hygiene. A severe or prolonged lack of sanitation can violate the constitution. Inmates as like plaintiff have a right to a basic level of sanitation where they live and work. A basic level of sanitation involves several things, including a working toilet in each cell in which an inmate as like plaintiff is confined.

Plaintiff seeks for relief in Monetary Damages against Corrections Officer S. Walton better known as Walden in the amount of Thirty Five Thousand Dollars and in Punitive Damages in the amount of Fifty Thousand Dollars. See, attached Exhibit 2.

B. MOORE HAS STATE A CONSTITUTIONAL CLAIM AGAINT DEFENDANT MCGRONGAN, R.N. TO SUPPORT HIS MOTION FOR SUMMARY JUDGMENT

Moore filed this action against defendant McGrogan alleging that his constitutional rights were violated on September 17, 2013 regarding not being treated for fumes of feces and urine. The denial of medical care endanger plaintiff which cause unnecessary pain.

Element of Medical Care Claim:

Like the right of plaintiff to be protected from assault by other inmates, deliberate indifference is a critical part of any medical care claim. Here is the rule.

Jail & prison officials violate the constitution when they act with deliberate indifference to an inmate's serious medical needs. The inside plaintiff's cell was in fact saturated with the fumes of feces and urine. See, Exhibit 1 as evidence that will show plaintiff's cell 18 toilet overflowing.

See, Exhibit 2 as evidence that will show plaintiff's cell 18 was fixed by Mr. Kohenklein. Cell 18 was being washed down by bleach & floor being washed and dryed. Which was due to fumes of feces and urine. Plaintiff went to medical the defendant McGrogan place on plaintiff's finger, a finger monitor. Defendant McGrogan instructed plaintiff to return back to his unit

"A[n individual government] defendant in a civil rights actions must have personal involvement in the alleged wrongdoing; liability can be predicated on defendant McGrogan personal involvement receiving inadequate medical care for feces and urine. See, Rode v. Dellarciprete, (3d cir. 1988). The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place and person responsble. See, Evancho v. Fisher, 423 F.3d 347, 353 (3d cir. 2005).

The Defendant McGrogan was also responsible for information that plaintiff gave concerning his health disorder during his examination. Which was shortness of breath, throwing up of raw sewage for several hours. See, Exhibit 4 plaintiff's sick call request document which stated the following:

Medical Problem (be specific): Shortness of breath, throwing up, Diarhea, Rash (Facial & Arms) due to exposure of Raw Sewage for several hours. Which was dated 9-17-2013 at 1:15..

Plaintiff seeks for relief in monetary damages against Defendant Margaret McGrogan, RN in that amount of Thirty Five Thousand Dollars and Punitive Damages in the amount of Fifty Thousand Dollars.

C.  MOOORE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES
    BY APPEALING THE DENIAL OF INITIAL GRIEVANCE

Standards for grievance procedure in jails contained in this subchapter were applicable to action by pretrial detainee of county jail against county sheriff and two of his subordinate officers under the Civil Rights Act of 1871. Tyra v. Harger, D.C.Ind 1984, 587 F.Supp. 1336. The plaintiff exhausted his administrative remedies as required. See, Jackson v. Cain, C.A.5 (La) 1989, 864 F.2d 1235.

The plaintiff seeks relief to be granted regarding Exhausted of his Administrative Remedies.

-6-

D.     MOORE HAS STATE A CONSTITUTIONAL CLAIM AGAINST DEFENDANT
        LOUIS GIORLA TO SUPPORT HIS MOTION FOR SUMMARY JUDGMENT

Moore filed this action against defendant Giorla alleging that his constitutional rights were violated denying plaintiff to video footage to support his claims. Defendant Giorla failed to preserve video footage which would have shown how long plaintiff was in cell 18 inhaling feces and urine on September 16, 2013. Spoliation of Evidence has occurred in this case caused by defendant Giorla due to plaintiff instructed Giorla to preserve video for litigation purpuses. See, Taylor v. City of New York, U.S.D.C (S.D. NY) case No. 1:12-cv-05881-RPP.

Plaintiff served defendant Giorla a subpoena to be deposed to bring with Giorla for deposition the video footage. The defendant Giorla failed to appear at a deposition under subpoena. Sanctions are pending against defendant Giorla supporting facts for spoliation of evidence; (i.e. video footage). Defendant Giorla attorney stated on April 6, 2015 conference that the video footage was erased due to plaintiff not giving notification to preserve within 30 days after the initial 9-16-2013 incident. Notification was directly given and confirmed with both defendant Giorla and Claudette Martin. Which can be confirmed with the 10-14-2013 grievance that shows only a 17 day lapse.

The Court shall render summary judgment if the pleadings, depositions, anwsers to interrogatories and admissions on file with documents and affidavits showing that there are genuine issues as to material fact. And plaintiff is entitled to a judgment as a matter of law. See, --- Fed.R.Civ.P. Rule 56.

"A[n individual govenment] defendant in a civil rights action must have personal involvement in the alleged wrongdoing of spoliation of evidence; liability can be predicated on defendant Giorla personal involvement. See, Rode v. Dellarciprete, 845 F.2d 1195, 1207 --- (3d Cir. 1988). The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place and persons responsible. See, Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff seeks for relief in monetary damages against Defendant Louis Giorla in the amount of Thirty Five Thousand Dollars and Punitive Damages in the amount of One Hundred Thousand Dollars.

### F. MOORE HAS STATE A CONSTITUTIONAL CLAIM AGAINST DEFENDANT CLAUDETTE MARTIN FOR MOTION FOR SUMMARY JUDGMENT

Moore filed this action against defendant Martin alleging that his constitutional rights were violated denying plaintiff to video footage to support his claims. Defendant Martin failed to preserve video footage which would have shown how long plaintiff was in cell 18 inhaling feces and urine on September 16, 2013. Spoliation of Evidence has occurred in ths case caused by defendant Martin due to plaintiff instructed Martin to preserve video footage for litigation purposes. See, -------
Taylor v. City of New York, U.S.D.C. (S.D. NY) case No. 1:12-cv-05881-RPP.

Plaintiff served defendant Martin a subpoena to be deposed to produce video footage for the deposition. The defendant Martin failed to appear at a deposition under subpoena. Sanctions are pending against defendant Martin supporting facts for spoliation of evidence; (i.e. video footage). Defendant Martin attorney stated on April 6, 2015 conference that the video footage was erased due to plaintiff not giving notification to preserve within 30 days after the initial 9-16-2013 incident. Notification was directly given and confirmed with both defendants Martin and Giorla. Which can be confirmed with the 10-14-2013 grievence that shows on a 17 day lapse.

The Court shall render summary judgment if the pleadings, depositions, anwsers to interrogatories and admissions on file with documents and affidavits showing that there are genuine issues as to material fact. And plaintiff is entitled to a judgment as matter of law. See, Fed.R.Civ.P. Rule 56.

-9-

"A[n individual govenment] defendant in a civil rights action must have personal involvement in the alleged wrongdoing of spoliation of evidence; liability can be predicated on defendant Martin personal involvement. See, Rode v. Dellarciprete, 845 F.2d 1195, 1207 ---- (3d Cir. 1988). The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place and persons responsible. See, Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff seeks for relief in monetary damages against Defendant Claudette Martin in the amount of Thirty Five Thousand Dollars and Punitive Damages in the amount of One Hundred Thousand Dollars.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | Civil Action No. 14-3873 |
| Plaintiff | : | |
| v. | : | |
| LOUIS GIORLA, et al., | : | |
| Defendants | | |

## CERTIFICATE OF SERVICE

I, Troy L. Moore, hereby certify that on July 28, 2015, I caused a copy of Plaintiff's Brief for Preliminary Objective of Defendant McGrogan's Motion for Summary Judgment to be Denied to be served upon the persons indicated below Via first class mail postage prepaid.

Aaron Shotland, Esquire
City of Philadelphia Law Department
1515 Arch Street
14th Floor
Philadelphia, Pa 19102

RESPECTFULLY SUBMITTED,

Troy L. Moore
FE-2483
SCI-Forest
P.O. Box 945
Marienville, Pa 16239

Alan S. Gold, Esquire
261 Old York Road
Suite 526
Jenkintown, Pa 19046

-10-

MR 8



# SICK CALL REQUEST

Check one: _____ Dental   _____ Medical   ✓ Mental Health

Name: __TROY L. MOORE SR.__   Inmate I.D. Number __853 403__
(Print Name)

Social Security No. _____

Housing Unit: __62 Cell 18__

Medical Problem (be specific): __REQUESTING TO SEE MR. GEE TO DISCUSS ONGOING PSYCH ISSUES ASAP ▽ PTSD PROBLEM HAS REOCCURED SINCE TRANATIC INCIDENT ON 9-16-13__

Inmate's Signature _____   Date: __9-25-13__   Time: __2:50 PM__

**FOR MEDICAL UNIT USE ONLY**

Disposition: _____

Provider's Signature: _____   Date: _____   Time: _____

86-146

Case 2:14-cv-03873-ER Document 37-5 Filed 07/14/15 Page 10 of 11

MR 9

# SICK CALL REQUEST

Check one: _____ Dental  ✓ Medical  _____ Mental Health

Name: **TROY L. MOORE SR.** (Print Name)  Inmate I.D. Number: **853 403**

Social Security No. _ _ _

Housing Unit: **G2 Cell 18**

Medical Problem (be specific): **SHORTNESS OF BREATH, THROWING UP, DIARHEA, RASH (FACIAL & ARMS) DUE TO EXPOSURE OF RAW SEWAGE FOR SEVERAL HOURS**

Inmate's Signature: _[signature]_  Date: **9-17-13**  Time: **1:15**

**FOR MEDICAL UNIT USE ONLY**

Disposition: _seen by_

Provider's Signature: _A. [illegible] PN_  Date: **9/18/13**  Time: _[illegible]_

86-146



Exhibit 2-A

## SICK CALL REQUEST

Check one: _____ Dental  ✓ Medical  _____ Mental Health

Name: TROY L. MOORE SR.  Inmate I.D. Number 853 403
(Print Name)

Social Security No. _ _ _

Housing Unit: G2 Cell 18

Medical Problem (be specific): SHORTNESS OF BREATH, THROWING UP, DIARRHEA, RASH (FACIAL & ARMS) - DUE TO EXPOSURE OF RAW SEWAGE FOR SEVERAL HOURS

Inmate's Signature _____  Date: 9-17-13  Time: _____

**FOR MEDICAL UNIT USE ONLY**

Disposition: _____

Provider's Signature: _____  Date: _____  Time: _____
86-146

---

Exhibit 2-C

## SICK CALL REQUEST

Check one: _____ Dental  ✓ Medical  _____ Mental Health

Name: TROY L. MOORE SR.  Inmate I.D. Number 853 403
(Print Name)

Social Security No. _ _ _

Housing Unit: G2 Cell 18

Medical Problem (be specific): STILL SUFFERING FROM HEAD ACHES, PLEASE RENEW MOTRIN SCRIPT FOR MED LINE

Inmate's Signature _____  Date: 10/5/13  Time: 3:00 PM

**FOR MEDICAL UNIT USE ONLY**

Disposition: _____

Provider's Signature: _____  Date: _____  Time: _____



EXHIBIT 2-B

## SICK CALL REQUEST

Check one: ____ Dental   ____ Medical   ✓ Mental Health

Name: __TROY L. MOORE SR.__   Inmate I.D. Number __853 403__
(Print Name)

Social Security No. __ __ __

Housing Unit: __G2 CELL 18__

Medical Problem (be specific): __REQUESTING TO SEE MR. GEE TO DISCUSS ONGOING PSYCH ISSUE'S ASAP ✓ PTSD PROBLEM HAS REOCCURED SINCE TRANATIC INCIDENT ON 9-16-13__

Inmate's Signature _____ Date: __9-25-13__ Time: __2:50 PM__

**FOR MEDICAL UNIT USE ONLY**

Disposition: _____

Provider's Signature: _____ Date: _____ Time: _____

86-146

TROY LAMONT MOORE, SR.

### Page 58

1  A.   It is the following day.
2  Q.   And you weren't complaining of shortness of
3  breath then?
4  A.   Okay. If that's what it says, that's what
5  it says.
6  Q.   Don't you remember -- you have no memory of
7  the following day what your symptoms were?
8  A.   You're asking -- what you're doing is
9  you're asking me to remember something from a year
10 and a half ago to today. Is that what you're
11 asking?
12 Q.   I'm asking what symptoms in this traumatic
13 event in your life you were having the next day?
14 A.   Okay. I was having stomach problems. I
15 was still vomiting. I was having diarrhea and
16 severe headaches.
17 Q.   You weren't having chest pains, you weren't
18 having shortness of breath?
19 A.   No. The next day, which was the 17th,
20 which would be the day before, chest pains subsided
21 that afternoon even though I was denied the
22 Nitroglycerin.
23 Q.   The chest pain subsided on the afternoon of
24 September 17th?

### Page 59

1  A.   17th, correct.
2  Q.   When did you have any other medical
3  treatment for any other reason -- for any reason by
4  any provider?
5  A.   I was seen several days in a row for the
6  athlete's foot, for the rashes. I was prescribed
7  the antifungal cream. I was given Motrin for the
8  headaches. I was given antacids for the stomach
9  problems for several days after until I was informed
10 by the doctor -- my sick call request would no
11 longer be accepted.
12 Q.   You had a sick call and you were seen on
13 September 23rd for your feet. You had another sick
14 call and you were seen on March 23rd. You were
15 discharged from this prison to Graterford on
16 November -- it looks like November 13th.
17      Does that correspond with your memory?
18 A.   Pretty much.
19 Q.   What is it you wanted Nurse McGrogan to do
20 for you that morning?
21 A.   It's what she didn't do. She didn't
22 provide me any medical care.
23 Q.   So you wanted her to provide you with
24 medical care? That's what you wanted?

### Page 60

1  A.   Correct.
2  Q.   She didn't think medical care, other than
3  what she did, was necessary. You have a difference
4  of opinion?
5  A.   Correct.
6  Q.   And what's the basis of your difference?
7  What more was it that you wanted her to do?
8  A.   For one, she was informed by me that I take
9  Nitroglycerin. That was denied.
10 Q.   Well, you had no shortness of breath. She
11 thought medically you didn't need it. There was no
12 complaints of chest pains. There was no shortness
13 of breath. Your oxygenation was normal. Your pulse
14 rate was normal. You blood pressure was normal.
15 A.   That's absolutely incorrect because I
16 informed her of the chest pains. And like I stated
17 for the record before, the only thing that was done
18 by Nurse McGrogan while I was at medical was a
19 finger monitor. Now if you can monitor --
20 Q.   What else did you want her to do?
21 A.   Administer medication that I'm allowed to
22 have.
23 Q.   So you wanted medication? That's what
24 you --

### Page 61

1  A.   Correct.
2  Q.   I thought you came down there to be
3  examined and to be checked out to see what medical
4  needs you had? Or did you just go down looking for
5  medication?
6  A.   As I stated before, I informed the block
7  officer that morning that I was having chest pains.
8  That's the only way that you can get off of the
9  block and considered an emergency.
10 Q.   Thank you.
11 A.   Thank you.
12      MR. FERRANTE: I don't have any
13      other questions for you.
14 BY MR. SHOTLAND:
15 Q.   Mr. Moore, just very briefly, was there
16 soap in your cell?
17 A.   I'm not sure whether there was soap in the
18 cell or not.
19 Q.   You don't know whether there was soap in
20 your cell?
21 A.   Yeah, because some days -- when soap is
22 handed out, some days you may go through a period of
23 two or three days without any soap before you get
24 your renewal.

ELECTRONIC REPORTING STENOGRAPHIC AFFILIATES

TROY LAMONT MOORE, SR.

Page 62

1  Q.  And you don't remember whether there was
2  soap in your cell?
3  A.  I don't remember.
4  Q.  But there was a sink in your cell?
5  A.  That is correct.
6  Q.  And after the toilet overflowed for the
7  first time, you went to the sink and you washed
8  yourself off as best as you could?
9  A.  I splashed water in my eyes and in my mouth
10 to get the raw sewage out of my face area.
11 Q.  Was there anything stopping you from
12 cleaning yourself off at the sink?
13 A.  The raw sewage that was spurting out of the
14 toilet. The -- let me just give you an idea that --
15 the sink sits over top of the toilet.
16 Q.  The sink is directly over top of the
17 toilet?
18 A.  Not directly. It's in the proximity over
19 the toilet.
20 Q.  And at times you said the toilet was
21 overflowing every 10 minutes, but within those 10
22 minute periods it was not overflowing, correct?
23 A.  Some there weren't, some there were. Like
24 I said, when the cells above me would flush their

Page 63

1  toilet within that 10 minute interval, our toilet
2  would overflow again.
3              MR. SHOTLAND: Thank you,
4  Mr. Moore. That's all I have.
5              (Witness excused.)
6              (Deposition concluded at
7  3:44 p.m.)

Page 64

1              CERTIFICATION
2
3
4      I, ALEXANDRA ALVARADO, Court
5  Reporter, certify that the foregoing
6  is a true and accurate transcript of
7  the foregoing deposition, that the
8  witness was first sworn by me at the
9  time, place and on the date herein
10 before set forth.
11     I further certify that I am
12 neither attorney nor counsel for, not
13 related to nor employed by any of the
14 parties to the action in which this
15 deposition was taken; further, that I
16 am not a relative or employee of any
17 attorney or counsel employed in this
18 case, nor am I financially interested
19 in this action.
20
21
          Alexandra Alvarado
22        Court Reporter
          and Notary Public
23        Dated:_____

17 (Pages 62 to 64)

**ELECTRONIC REPORTING STENOGRAPHIC AFFILIATES**

```
Inmate Grievances
  MOORE              TROY
  (last)             (first)
  Intake             PID  853403      DOB 08/20/1972

  Grievance  Type      Sub-Type       Submitted   Logged      Fac.  Status
  G132571    MEDICAL   MEDICAL        10/31/2013  11/01/2013  PICC  RESOLVED
  G022150    MEDICAL   MEDICAL        11/18/2002  11/19/2002  CFCF  RESOLVED




  Height 6'03        Hair BLACK              Sex MALE
  Weight 160         Eyes BROWN              Race BLACK
  Marks:

  Languages:
    ENGLISH
                            PgUp    PgDn    F9      F10      F11      F12
                                                    Attnd    ·Where   Report
                            GoBack  Zoom            IPay              About

  MR    Lock&Track © 2002-2004 LockWorks LLC
Philadelphia Police Photo-id Number
```



1