```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TROY LAMONT MOORE, SR.,              :     CIVIL ACTION
                                     :     NO. 14-3873
          Plaintiff,                 :
                                     :
     v.                              :
                                     :
LOUIS GIORLA, et al.,                :
                                     :
          Defendants.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                               December 17, 2015

Plaintiff Troy Lamont Moore, Sr., a Pennsylvania state prisoner, brings this pro se action under 42 U.S.C. § 1983 against prison officials. He alleges that he was prohibited from leaving his cell for a night even though his toilet had overflowed. Accordingly, he was exposed to raw sewage for a number of hours. He further alleges that when he was permitted to visit the medical department, he received constitutionally deficient treatment. Defendants and Plaintiff have filed cross-motions for summary judgment. For the reasons that follow, the Court will deny Plaintiff's motion and grant Defendants' motions.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff is a prisoner at State Correctional Institution – Forest in Marienville, Pennsylvania. Previously, he was imprisoned at the Philadelphia Industrial Correctional Center ("PICC"). He alleges that on September 16, 2013, while at PICC, the toilet in his cell overflowed repeatedly – and despite Plaintiff's requests, Correctional Officer Walden did not let Plaintiff out of that cell for at least eight hours, leaving him surrounded by raw sewage during that time. Compl. at 3. As a result of breathing in the sewage for hours, Plaintiff states, he developed shortness of breath, chest pains, and vomiting. Id. Eventually, Plaintiff was permitted to go to PICC's medical department, where RN Margaret McGrogan attended to him. Id. She measured his vital signs and blood oxygenation and gave him medication for diarrhea. Statement of Uncontested Facts of Def.

---

[1]     At a telephone conference set up to determine the discovery Plaintiff needed in order to respond to Defendants' motions for summary judgment, Plaintiff requested video footage of the incident in question, as well as the repair records for his cell. Counsel for Defendants Giorla and Martin – the prison defendants – stated that he could produce the cell repair reports, as well as Plaintiff's medical records, but that the video footage no longer existed. Telephone Telephone Conference Tr. 3:22-7:10, Apr. 6, 2015, ECF No. 39.

For the purposes of summary judgment, the central facts – that Plaintiff's toilet overflowed, exposing him to raw sewage for a number of hours and resulting in temporary physical side effects – appear to be undisputed. As a result, it is irrelevant that the video of these events is unavailable, because Defendants do not dispute its contents.

2

McGrogan, Ex. B at 13, ECF No. 24-3.

On June 26, 2014, after exhausting his administrative remedies, Plaintiff filed a complaint against Philadelphia Prison Commissioner Louis Giorla, Major Claudette Martin, Correctional Officer Walden, Nurse McGrogan, and another unnamed nurse under 42 U.S.C. § 1983. ECF No. 3. After filing answers and conducting discovery, all parties (except Officer Walden, who has not yet been identified and served) filed motions for summary judgment. ECF Nos. 21, 24, 38. Those motions are now ripe for disposition.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

The guidelines governing summary judgment are identical when addressing cross-motions for summary judgment. See Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). When confronted with cross-motions for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Schlegel v. Life Ins. Co. of N. Am., 269 F. Supp. 2d 612, 615 n.1 (E.D. Pa. 2003) (alteration in original) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 (3d ed. 1998)).

**III. DISCUSSION**

    A.    <u>Defendants Louis Giorla and Claudette Martin's Motion for Summary Judgment</u>

Defendants Giorla and Martin argue that they are entitled to summary judgment because they had no personal involvement in the constitutional violations alleged here.

It is well-established that state actors have no vicarious liability under § 1983 for the actions of others. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). That is, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). His liability "must be based on his own acts or omissions," not those of any other actor. <u>Agresta v. City of Philadelphia</u>, 801 F. Supp. 1464, 1468 (E.D. Pa. 1992).

Here, there is no evidence that either Giorla or Martin caused Plaintiff's toilet to overflow, prevented him from leaving his cell (thus exposing him to fecal matter), or caused him to receive inadequate medical treatment. Rather, Plaintiff first discussed the overflow incident with Giorla and Martin roughly three or four days and two or three weeks, respectively,

after the incident occurred. See Moore Dep. 33:8-11, 36:23-37:5, Jan. 16, 2015, ECF No. 21-1. There are no allegations – much less any evidence – that they had any involvement in the underlying events. Plaintiff's only remaining arguments about the actual conduct of Giorla and Martin concern their failures to appear for depositions in this matter – which are relevant to Plaintiff's Motion for Sanctions (discussed below), not to the constitutional claims in his Complaint.

Accordingly, Giorla and Martin have demonstrated that there is no genuine issue of material fact as to their role – or lack thereof – in the incident alleged in this case, and that they are therefore entitled to judgment as a matter of law.

B. <u>Defendant Margaret McGrogan's Motion for Summary Judgment</u>

McGrogan argues that she is entitled to summary judgment because Plaintiff has presented no evidence of deliberate indifference on her part.

To sustain a claim of constitutionally infirm medical treatment, a prisoner must demonstrate that the relevant prison officials acted with deliberate indifference to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). In order to prove deliberate indifference, the prisoner must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

6

Moreover, the official must both have been "aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exist[ed], and he must also [have drawn] the inference." Id. To survive summary judgment, then, Plaintiff must show that there is a genuine issue of material fact as to whether McGrogan knew that Plaintiff was at risk of serious harm and acted with disregard to that risk.

Plaintiff has failed to demonstrate as much here. Specifically, even viewing the facts in the light most favorable to the Plaintiff – that is, assuming that he was experiencing chest pains, shortness of breath, and vomiting, Plaintiff has presented no evidence from which a jury could infer that he was facing a substantial risk of serious harm when he visited the medical department, much less that McGrogan was aware such a risk existed and chose to ignore it. To the contrary, McGrogan's notes of treatment indicate that she took Plaintiff's blood pressure, pulse, and respiratory rate, all of which were within normal range. See McGrogan Mot. Summ. J. 7, ECF No. 24; id. Ex. B at 13, ECF No. 24-3. Moreover, McGrogan's affidavit indicates that she believed the care she gave to Plaintiff – which included giving him medication for his diarrhea – was appropriate for his symptoms. Id. Ex. G ¶ 4, ECF No. 24-8. From this evidence, no reasonable jury could infer that McGrogan was deliberately indifferent in her treatment of Plaintiff.

7

Plaintiff alleges that he requested a dose of nitroglycerine, which was denied – and he argues that this denial is evidence of deliberate indifference. But to prevail on this argument, Plaintiff would need to show that he was at substantial risk of serious harm without nitroglycerine, and that McGrogan knew that and still chose not to provide it. He has not done so. The mere fact that his request was denied does not establish deliberate indifference. McGrogan believed that "there was no reason to provide him with any other medication in light of his examination, medical findings and clinical presentation," id. ¶ 6, and Plaintiff has not identified the risk that he faced in the absence of nitroglycerine.

Therefore, McGrogan has successfully shown that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.

C.  Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment as to his claims against all four defendants.

Because Plaintiff has not presented evidence upon which a reasonable factfinder could find in his favor as to his claims against Giorla, Martin, and McGrogan, he is not entitled to judgment as a matter of law, and his motion for summary judgment will be denied.

Defendant Walden has not yet been served, as the prison has been unable to identify her. Telephone Conference Tr. 8:17-12:5, Dec. 3, 2014. Accordingly, the Court will dismiss the claims against Walden without prejudice.

### IV.  MOTION FOR SANCTIONS

Plaintiff also filed a motion for sanctions against Defendants Giorla, Martin, and McGrogan, due to their failure to appear at depositions for which he had obtained subpoenas.

The Court has held two telephone conferences in this case. During the first, held on December 3, 2014, the Court determined that after Defendants filed motions for summary judgment, the Court would hold a second telephone conference, at which time Plaintiff would identify his discovery needs for the purposes of responding to any motions for summary judgment. See Telephone Conference Tr. 6:5-8:5, Dec. 3, 2014. Thereafter, Plaintiff obtained subpoenas for Defendants' depositions, and when Defendants failed to appear, he filed the motion for sanctions. ECF No. 27.

At the second telephone conference, held on April 6, 2015, the Court noted that the motion for sanctions was premature because the Court had previously determined that Plaintiff's discovery needs would be identified during that second conference. Telephone Conference Tr. 14:8-13, Apr. 6,

9

2015. Accordingly, the Court will deny this motion.

**V.    CONCLUSION**

For the foregoing reasons, the Court will grant Defendants Giorla, Martin, and McGrogan's motions for summary judgment and enter judgment in their favor. The Court will also deny Plaintiff's motion for summary judgment as to those defendants and dismiss his claims without prejudice as to Walden. Finally, the Court will deny Plaintiff's motion for sanctions.