IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR., | : | CIVIL ACTION NO. 14-3873 |
| Plaintiff | : | |
| | : | |
| v | : | |
| | : | |
| LOUIS GIORLA, et al, | : | Philadelphia, Pennsylvania |
| | : | December 3, 2014 |
| Defendants | : | 2:27 p.m. |

- - -

TRANSCRIPT OF TELEPHONE CONFERENCE
BEFORE THE HONORABLE EDUARDO C. ROBRENO
UNITED STATES DISTRICT JUDGE

- - -

APPEARANCES:

For the Plaintiff:    TROY LAMONT MOORE, SR.
                      FE-2483
                      SCI-Forest
                      Box 945
                      Marienville, PA   16239

For Defendant         AARON SHOTLAND, ESQUIRE
Giorla:               City of Philadelphia
                      Law Department
                      1515 Arch Street
                      14th Floor
                      Philadelphia, PA   19102

For Defendant         ALAN S. GOLD, ESQUIRE
McGrogan:             26 Old York Road
                      Suite 526
                      Jenkintown, PA   19046

Transcribers Limited
17 Rickland Drive
Sewell, NJ 08080
856-589-6100 • 856-589-9005

2

1  Audio Operator:        Jeff Lucini

2  Transcribed By:        Donna M. Anders

3                - - -

4          Proceedings recorded by electronic sound
   recording; transcript produced by computer-aided
5  transcription service.

6                - - -

3

1    (The following is a telephone conference
2    heard at 2:27 p.m.)
3            THE COURT:  Good afternoon.  This is Judge
4    Robreno, and we are on the record.  Mr. Moore, are you
5    there?
6            MR. MOORE:  Yes, Your Honor, I am, thank you.
7            THE COURT:  Mr. Shotland?
8            MR. SHOTLAND:  Yes, I am, Your Honor.
9            THE COURT:  Mr. Gold?
10           MR. GOLD:  Yes, I am, Your Honor.
11           THE COURT:  Okay.  We have everybody on the
12   line.
13           There are two matters before me here.  One
14   is the motion to compel, and the other one is the
15   motion to dismiss, and also we have some business to
16   transact as far as the initial pretrial conference is
17   concerned.
18           Let me take the motion to compel first.  It
19   seems to me that it may be slightly premature, but not
20   completely so.  So, long as the information that is
21   requested, that is the video footage at the time of the
22   incident, if that exists, a repair report for the week
23   following the incident, and the medical records for the
24   plaintiff are preserved, then the balance would be
25   denied without prejudice.

4

1  Now, Mr. Shotland, who has control of these
2  documents, of the video footage, the repair reports and
3  the medical records?
4  MR. SHOTLAND: Should they exist, the prison
5  would have all those, you know --
6  THE COURT: Okay. Have you --
7  MR. SHOTLAND: -- have all of it.
8  THE COURT: Have you --
9  MR. SHOTLAND: I have not been able to
10 confirm that there is a video of this incident, or that
11 there is a repair report, or really any part of this
12 incident I haven't been able to confirm any of those
13 things exist. But, if they do exist, we would have
14 them.
15 THE COURT: Now, Mr. Moore, you said that
16 Commissioner Giorla agreed to preserve the video
17 footage. Where did you get that idea?
18 MR. MOORE: Actually I talked to Major Martin
19 and Commissioner Giorla personally and I explained to
20 them that I would like that footage preserved and as
21 soon as -- actually as soon as I talked to Major
22 Martin, she ordered one of her correctional officers to
23 pull the tape and preserve it.
24 THE COURT: Okay. So, Mr. Shotland, do you
25 have any idea what happened there.

1   MR. SHOTLAND:  I don't.
2   THE COURT:  No?
3   MR. SHOTLAND:  I mean, right now the only
4   party (inaudible) that has been served is Commissioner
5   Giorla and I don't think he has an independent
6   recollection of this incident, you know, there is a lot
7   of --
8   THE COURT:  Yes, but he had, according to Mr.
9   Moore, he had a conversation with Mr. Moore.
10  MR. SHOTLAND:  Right.
11  THE COURT:  Okay.  Now, let me see.  Now,
12  where did this incident occur, here in Philadelphia?
13  MR. MOORE:  Yes, Your Honor.
14  THE COURT:  Okay.  Now, Commissioner Giorla
15  and Major Martin, and Correctional Officer Walden, all
16  of these are Philadelphia folks, is that right?
17  MR. MOORE:  That is correct, Your Honor.
18  THE COURT:  Okay.  Even though you're now at
19  SCI-Forest, you're no longer in the city system.
20  MR. MOORE:  That's correct.
21  THE COURT:  Okay.  Well, I am going to enter
22  an order here, Mr. Shotland, so that that will be
23  preserved.  So, I think you should move promptly to
24  be sure that these matters are identified and
25  preserved.

1           MR. SHOTLAND: Okay. I will, Your Honor.
2           THE COURT: Okay. Very well. Okay. So,
3  motion to compel granted in part, denied in part as
4  aforesaid.
5           Now, second, motion to dismiss. This is what
6  I think should be done here in order to make the
7  process more orderly and try to avoid unnecessary
8  paperwork, et cetera, which will be necessary if we
9  don't implement this procedure.
10          What I would like to do is have Mr. Moore's
11 deposition taken by the defendants and, thereafter,
12 have the defendants file a motion for summary judgment.
13 At that time, we will then have a telephone conference
14 and Mr. Moore will at that time be able to identify and
15 state what discovery he needs in order to answer the
16 motion for summary judgment.
17          In the event the motion is granted, of
18 course, that is the end of the case as far as this
19 Court is concerned. If the motion is denied, then we
20 move to step number two which will be a broader
21 discovery which may be necessary in order to proceed to
22 the possible trial of this matter.
23          So, in order to, as I said, streamline the
24 case, identify the issues, this is how I propose to
25 proceed. So, Mr. Moore, do you follow that? Do you

understand what I am saying? We are going to have your deposition taken. Do you know what a deposition is?

MR. MOORE: Actually going on record just to get the facts clear and precise, and have it recorded.

THE COURT: Exactly. What happens is that the lawyers will either in person or by video conferencing will ask you questions concerning this case and you will be under oath, and there will be a transcript that will be generated so you will get a chance to explain, you know, in response to their answers (sic) what it is that happened here.

They will then take the transcript, they will provide you with a copy of the transcript and then they will file a motion for summary judgment, which means that they are going to ask the Court to throw your case out.

But, instead of doing it as a motion to dismiss, that they are doing it now, they will have to do it by specific citations to the record. You will then be able to review the motion for summary judgment. You will have a copy of the transcript.

Then we will get on the phone and you will tell me, Judge, I need this information or that information in order to be able to respond. I will

1  then take a look at all of it, either we will grant,
2  that will end of the case, or I will deny it, and that
3  means the case goes forward, and if it goes forward
4  then you get an opportunity to ask for more discovery
5  afterwards.
6       The thinking is that we ought to at an early
7  point in the proceedings identify factually what
8  happened here. You're going pro se which means you
9  don't have a lawyer representing you here, and we want
10 to be sure then that the record is clear what you are
11 claiming, and what it is that you contend that happened
12 to you, and there will be no question about that. So,
13 do you follow that?
14      MR. MOORE: Yes, sir.
15      THE COURT: Okay. Mr. Shotland, any comments
16 about that?
17      MR. SHOTLAND: No comments about that, Your
18 Honor. The issue with the service of some of the
19 parties in the case --
20      THE COURT: Yes.
21      MR. SHOTLAND: -- we have not been able to
22 identify the individual defendants that he's identified
23 or named as defendants.
24      THE COURT: You mean -- do you know Major
25 Martin?

1  MR. SHOTLAND: There is a number of people
2  with the last name Martin that works for the prison
3  system, and none of them that I can tell are majors.
4  THE COURT: Okay.
5  MR. SHOTLAND: And then the other defendant
6  is Walden. I wasn't able to confirm that that's an
7  employee. I am not sure whether that is a first or
8  last name, and wasn't able to confirm it.
9  THE COURT: So, Mr. Moore, what do you know
10  about these folks that may be helpful?
11  MR. MOORE: CO Walden, that is her last name,
12  she's an older female. She works on G2 of PICC Prison
13  in Philadelphia. She was actually on duty when the
14  incident happened, and with one duty actually
15  overnight. She works the graveyard shift.
16  MR. SHOTLAND: What is her first name?
17  MR. MOORE: I don't know her first name. Her
18  last name is Walden.
19  MR. SHOTLAND: Okay. And it --
20  MR. MOORE: And Major Walden is serving as, I
21  guess, right underneath the superintendent, so she is,
22  I think, second in command there at PICC.
23  MR. SHOTLAND: Do you know her first name?
24  MR. MOORE: No, I don't know her first name.
25  MR. SHOTLAND: It's a woman?

10

1  MR. MOORE: Yes.

2  MR. SHOTLAND: Okay.

3  THE COURT: Now, Walden, Mr. Shotland, I
4  don't mean to tell you how to do your job, but do you
5  take into account those who may have retired as well
6  now?

7  MR. SHOTLAND: We said -- you know, I am not
8  directly involved with identifying the personnel.

9  THE COURT: Okay.

10  MR. SHOTLAND: But, you know, I know the
11  process is looking through who was working at the time
12  of the incident. So, that would be taken into account.

13  THE COURT: Now, Walden, Mr. Shotland wanted
14  to know is spelled W-A-L-D-E-N?

15  MR. MOORE: Let me get the correct spelling
16  here.

17  (Pause in proceedings.)

18  MR. MOORE: It's spelled W-A-L-D-E-N.

19  THE COURT: Okay.

20  MR. SHOTLAND: Okay.

21  THE COURT: You don't know the first name or
22  the woman working the graveyard shift, you said.

23  MR. MOORE: I don't know her first name, no,
24  Your Honor.

25  THE COURT: Okay. McGrogan, do we know that

1  person?
2          MR. SHOTLAND: McGrogan I think is one of the
3  nurses.
4          THE COURT: Margaret, yes.
5          MR. GOLD: Oh, yes, we are okay with that,
6  Your Honor.
7          THE COURT: Okay.
8          MR. GOLD: I am defending her.
9          THE COURT: Okay. Mr. Gold, you are fine
10 with her.
11         MR. GOLD: And we received service. We are
12 not contesting service. We filed the motion to
13 dismiss.
14         THE COURT: Okay.
15         MR. SHOTLAND: I do want to say with regard
16 to the defendant, Walden, we weren't able to figure out
17 who that was based on her last name, and without any
18 further information we probably will not be able to
19 accept service for this person --
20         THE COURT: Okay.
21         MR. SHOTLAND: -- without something more.
22 He's given a little bit more of a description in that
23 she is second in command. She should be relatively
24 easy to figure out.
25         THE COURT: And a female, yes. Okay. There

1  is no reason why we could not proceed, Mr. Shotland, is
2  there?
3           MR. SHOTLAND:  I can't accept service for
4  defendant Walden because I don't know who that person
5  is.
6           THE COURT:  But, Giorla -- you represent the
7  commissioner?
8           MR. SHOTLAND:  Yes.
9           THE COURT:  Okay.  And the commissioner has
10 been served?
11          MR. SHOTLAND:  Yes.
12          THE COURT:  And why don't you make an effort
13 here as to Martin --
14          MR. SHOTLAND:  Okay.
15          THE COURT:  -- and I will then give you 60
16 days to take the deposition and file a motion for
17 summary judgment, and I will assume you will be able by
18 then to have Martin on board, even though we may not
19 have Walden.
20          MR. SHOTLAND:  Okay.
21          THE COURT:  And we will try to get some more
22 information on that.  Okay.  And then I will set out an
23 order with the deadlines that we have established
24 today.
25          Mr. Gold, is there anything that you want to

13

1  add to this?
2           MR. GOLD:  Your Honor, is that order going to
3  include a directive to the warden of
4  SCI-Forest to produce him on such date as we --
5           THE COURT:  Absolutely.
6           MR. GOLD:  Thank you.  Because that will save
7  us some time of having to file a motion.
8           MR. SHOTLAND:  No, that will be fine.
9           MR. GOLD:  Thank you.
10          THE COURT:  Are you planning to do this in
11 person or by video?
12          MR. GOLD:  By video.
13          MR. SHOTLAND:  Are you going to do it by
14 video, okay?  I would prefer to do it -- he is very
15 far away from here.
16          MR. GOLD:  It's about nine hours.
17          MR. SHOTLAND:  Yes.
18          THE COURT:  Marienville, is that west of
19 Pittsburgh, is that right?
20          MR. GOLD:  Right, it's passed Pittsburgh.
21          MR. SHOTLAND:  It's way out there.
22          THE COURT:  Near Ohio, okay.
23          MR. SHOTLAND:  And I have a procedure --
24          MR. GOLD:  It's a fun trip.
25          THE COURT:  It's a fun trip on the turnpike,

14

1  yes.
2              MR. GOLD:  All the way,
3              THE COURT:  Okay.  Good.  Okay.  So, I will
4  set that out that it will be by video recording.  I
5  will say defense counsel will make the logistical
6  arrangements.
7              MR. SHOTLAND:  Very good.
8              THE COURT:  Okay.
9              MR. SHOTLAND:  Thank you, Your Honor.
10             THE COURT:  Thank you, Mr. Moore.  Thank you
11  all.  I will issue an order today.
12             MR. MOORE:  Thank you, Your Honor.
13             MR. SHOTLAND:  Thank you, Your Honor.
14             MR. GOLD:  Thank you.  Have a nice day
15  everybody.
16             THE COURT:  Okay.
17             (Proceedings adjourned, 2:40 p.m.)
18                         * * *
19
20
21
22
23
24
25

## CERTIFICATION

I, Donna Anders, do hereby certify that the foregoing is a true and correct transcript from the electronic sound recordings of the proceedings in the above-captioned matter.

12/3/15
Date

Donna Anders