**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | : | **CIVIL ACTION** |
| **Defendants.** | : | **NO. 14-3873** |
| | : | |

**ORDER**

     **AND NOW**, this _____ day of _____, 2017, upon consideration of

Defendant's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** and

**DECREED** that said Motion is **GRANTED**.  Any and all of Plaintiff's claims are barred by the

applicable statute of limitations and are hereby **DISMISSED** with prejudice.


                                        _____

                                        Robreno, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | : | **CIVIL ACTION** |
| **Defendants.** | : | **NO. 14-3873** |
| | : | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Saajida Walton, by and through undersigned counsel, hereby moves this Court to dismiss Plaintiff's Amended Complaint stemming from an incident which occurred on September 16, 2013.  Defendant moves to dismiss Plaintiff's constitutional claims brought under 42 U.S.C § 1983, alleging Eight Amendment violations.

In support of her motion, Defendant relies upon the Memorandum of Law filed contemporaneously herewith.

Date: May 19, 2017                                   Respectfully submitted,


                                                    /s/ Brock Atkins
                                                    BROCK ATKINS
                                                    Deputy City Solicitor
                                                    City of Philadelphia Law Dept.
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102-1595
                                                    215-683-5446 • (fax) 215-683-5397

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | : | **CIVIL ACTION** |
| **Defendants.** | : | **NO. 14-3873** |
| | : | |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant Saajida Walton hereby fileS this Memorandum of Law in support of her Motion to Dismiss.

### PROCEDURAL BACKGROUND

Plaintiff initiated this civil action against Saajida Walton by serving her with an Amended Complaint on May 2, 2017.  ECF Docket #57.  The case was originally initiated by Plaintiff on June 23, 2014 with the filing of Plaintiff's application to proceed in forma pauperis.  ECF #1.  In his Amended Complaint, Plaintiff alleges that on June 16, 2013, while incarcerated at Philadelphia Industrial Correctional Center, the toilet in his cell overflowed and he was not permitted to exit his cell.  Id. at p. 5.  Plaintiff brings § 1983 claims under the Eighth Amendment to the Constitution, alleging cruel and unusual punishment.  Id

### LEGAL STANDARD

When considering Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must take all allegations contained in the complaint as true and construe them in the light most favorable to Plaintiff.  H. J. Inc. v. Northwestern Bell Tel. Co., 492 U. S. 229,

109 S. Ct. 2893, 2906 (1989); <u>Rocks v. City of Philadelphia</u>, 868 F.2d 644, 645 (3d Cir. 1989).

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court considers the allegations in the Complaint, accepting as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them.  <u>See Markowitz v. Northeast Land Co.</u>, 906 F.2d 808, 812 (3d Cir. 1990).  A motion to dismiss for failure to state a claim shall be granted if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 46, (1957); <u>Frazier v. SEPTA</u>, 785 F.2d 65, 66 (3d Cir. 1986).

**A<span style="font-size:smaller">RGUMENT</span>**

## I.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Claims brought pursuant to § 1983 are governed by the statute of limitations applicable to state personal injury actions.  Under Pennsylvania law, that period is two years.  <u>See Johnson v. City of Philadelphia</u>, 1997 WL 152790 (E.D. Pa. 1997); 42 Pa. C.S.A. § 5524.  Under Pennsylvania law, the statute of limitations for these types of claims are governed by 42 Pa. C.S.A. § 5524 which provides a two year statute of limitations.  In addition, the two year statute applies to "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct."  42 Pa. C.S.A. § 5524(7).

It is well established that the statute of limitations for any claim begins to run from the time the plaintiff knew or reasonably should have known the cause of his injury.  <u>Bayless v. Philadelphia National League Club</u>, 579 F.2d 37 (3d. Cir. 1978); <u>Mitchell v. Hendricks</u>, 431 F.Supp. 1295, 1298 (E.D. Pa. 1977); <u>Schaffer v. Larzelere</u>, 410 Pa. 402, 189 A.2d 267 (1963);

3

Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788 (1959); Maginley v. Philadelphia Gas Works, 1982

WL 290368, 8 Phila. Co. Rptr. 416, 418 (Pa.Com.Pl. 1982).  The test consists of three parts: "(1)

knowledge of the injury; (2) knowledge of the actual element which cause the injury; and (3)

knowledge of the causative relationship between the injury and the defendant's conduct."

Maginley, 8 Phila.Co. Rptr. at 419 (citing Volpe v. Johnson-Manville Corp., January Term, 1977

No. 2052, CCP Philadelphia (May 2, 1980)).  In addition, the statute of limitations will not be

tolled due to a subsequent continuance of the wrong if the Plaintiff had knowledge of the earlier

injury.  Id. at 420 (citing Daniels v. Beryllium, 211 F. Supp. 452, 455-56 (E.D. Pa. 1962)).

Based on the foregoing, the Defendant is entitled to judgment on Plaintiff's § 1983 claim.

Plaintiff alleges that on June 16, 2013, while incarcerated at Philadelphia Industrial Correctional

Center, the toilet in his cell overflowed and he was not permitted to exit his cell.   See Complaint.

The event giving rise to these alleged constitutional violations occurred on June 16, 2013.  In

accordance with the law, the statute of limitations for this § 1983 claim expired on June 17,

2015, two years after the alleged incident.  Plaintiff failed to serve Saajida Walton with a copy of

the Amended Complaint until May 2, 2017, almost two (2) full years after the statute had run.  In

view of the foregoing, Plaintiff's constitutional claims brought pursuant to § 1983 are time

barred and should be dismissed with prejudice.  See Narducci v. Timoney, 1999 WL 961221

(E.D. Pa. 1999).

## II.     THE "RELATION BACK" PROVISION OF RULE 15(C)(1)(A) IS INAPPLICABLE.

Federal Rule of Civil Procedure 15(c) allows for the "relation back" of an amended

complaint in certain circumstances.  Rule 15(c)(1)(A) provides that a complaint may relate back

when such relation back is permissible by the law that provides the statute of limitations

applicable to the action.  Fed. R. Civ. P. 15(c)(1)(A).  Thus, in applying Rule 15(c)(1)(A), the

Court must look to the laws of the Commonwealth of Pennsylvania because state law governs the statute of limitations.

Pennsylvania law is clear: a "plaintiff may not add a new defendant after the applicable statute of limitations has expired." Anderson Equipment Company v. Huchber et al., 456 Pa. Super. 535, 539, 690 A.2d 1239, 1241 (Pa. Super. 1997). Furthermore, under Pennsylvania law, "John Doe" defendants are considered an entirely fictitious name or a fictitious entity. Id., 456 Pa. Super. at 541, 690 A.2d at 1241. See also Marzella v. King, 256 Pa. Super 179, 389 A.2d 659, 662 (Pa. Super. 1978) (summons that fails to designate a legally competent entity does not effectively commence a civil action); Cathcart v. Keene Indus. Insulation, 324 Pa. Super. 123, 471 A.2d 493, 501 (Pa. Super. 1984) (injured party must determine with the statutory period the identity of the party who caused his injuries).

## III.      THE "RELATION BACK" PROVISION OF RULE 15(C)(1)(C)  IS INAPPLICABLE.

Rule 15(c)(1)(C) explicitly provides for the situation at hand, where a party is attempting to name a new party to the action. Rule 15(c)(1)  provides that an amended pleading naming a new party will relate back if certain conditions are satisfied. An amended pleading naming a new party may be deemed to "relate back" when:

> (B) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, or

> (C) the amendment changes the party or the naming of the party against who a claim is asserted if the foregoing provision (2) is satisfied, *and* if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment: (i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining  a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(1). (emphasis added).  Because plaintiff did not in any way notify Saajida

Walton of this lawsuit within the timeframe provided by Rule 4(m) - 90 days, and there is no

reason that Saajida Walton knew or should of known of this lawsuit and that she would be a

party, these conditions are not met in the present case. Therefore, Plaintiff's Amended Complaint

does not "relate back" to his original filing, his claims against Saajida Walton are time-barred,

and should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss all of

Plaintiff's claims, as outlined in the attached proposed Order.

Date:  May 19, 2017

Respectfully submitted,

/s/ Brock Atkins
BROCK ATKINS
Divisional Deputy City Solicitor
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
215-683-5446 • (fax) 215-683-5397

## CERTIFICATE OF SERVICE

     I hereby certify that on this date, a true and correct copy of **Defendants' Motion to Dismiss** was electronically filed and is available for viewing and downloading from the ECF system.  A copy was also mailed via first class mail to the following recipients:

     **TROY LAMONT MOORE, SR.**
     MX9664
     SCI-FOREST
     HOUSING UNIT: CB1002
     BOX 945
     MARIENVILLE, PA 16239

Date:  May 19, 2017

     Respectfully submitted,

     /s/ Brock Atkins _____
     BROCK ATKINS
     Divisional Deputy City Solicitor
     City of Philadelphia Law Dept.
     1515 Arch Street, 14th Floor
     Philadelphia, PA 19102-1595
     215-683-5446 • (fax) 215-683-5397