IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT MOORE, SR., : Plaintiff
:
VS. : CIVIL ACTION: § 1983
: NO.: 14-3873
COMMISSIONER LOUIS GIORLA, ET AL., : Defendants :

FILED
JUN 12 2017
KATE BARKMAN, Clerk
By ________ Dep. Clerk

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Troy Lamont Moore, by and for himself, hereby moves this Honorable Court to deny "Defendant's Motion To Dismiss". Specifically, plaintiff's civil rights complaint timely filed on June 23, 2014. In support of plaintiff's motion, the following facts and argument are submitted in support thereof:

1. The instant action arose out an incident while plaintiff was incarcerated at the Philadelphia Industrial Correctional Center and in the care, custody and control of the administration, corrections officer's; medical personnel; and others employed by the City/County of Phildelphia/Corrections Industries.

2. Plaintiff is currently confined at the State Correctional Institution at Forest, located at P.O. Box 945, Marienville, PA 16239.

3. There are genuine issues of material fact made against defendant S. Walton (AKA "Walden"). Said defendant refused to act and/or

comply with her duties. Said failure(s)/refusal(s) caused plaintiff to suffer both mental and physical ailment and harm, violating plaintiff's right to be free from "cruel and unusual" punishment.

4. The complaint was initially filed on June 23, 2014, following the actual incident and therefrom exhaustion of administrative remedies. Said incident having occurred on June 16, 2013.

## PROCEDURAL BACKGROUND

Upon initiating the instant § 1983 complaint, plaintiff was operating upon information provided by Corrections Officials employed at the Philadelphia Industrial Correctional Center [where plaintiff was housed].

Following the incident, plaintiff sought to obtain the identity of the officer directly involved, i.e. Saajida Walton. However, said officer did not have any identifying name tag or other form of identification about her person and/or uniform.

Plaintiff, sought to obtain said officer's name, specifically as plaintiff needed the same for filing the proper grievance. Plaintiff was met with indifference by other administrative staff as well as supervising officers/administrative officials. The only name provided to plaintiff was provided "orally" with the phonetic sounding of "Walden". Operating under these circumstances, plaintiff filed and exhausted his administrative remedies. No objections and/or

corrections of the spelling of officer Walton's name had been provided and/or initiated.

Upon exhausting his administrative remedies, plaintiff then initiated this instant § 1983 action. The heading of which provided sufficient notification, as well as, the pleading(s) themselves, i.e. naming the defendant's. See, Moore v Giorla, et al., 03873 (2014).

Having therefrom, initiated service via the Federal Marshall "summons" service. Plaintiff attempted to serve all defendant's, including S. Walton, however having spelled the name incorrectly. Said spelling was consistent with and contemporaneous with, the information as had been provided by the both, officer Walton's superior officer's as well as the administration officials. Plaintiff only learned of the mis-spelling once the Federal Marshalls could not complete service of the complaint as had been made out. Nor did the administration/superior officer's provide the Marshall's with the correct and/or proper spelling of officer Walton's name. Additionally, the administration/superior officer's failed to co-operate in any fashion including failing to provide a forwarding address and/or place of employment. [Ms. Walton had been relieved of her duties as "correctional officer"].

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff has filed his complaint in a timely manner and within the requisite "statute of limitations". The incident arose

on June 16, 2013 and a complaint (§1983) followed, filed June 23, 2014, just over one year to the date. Subsection 42 Pa. C.S.A. § 5524 provides a two year statute of limitation, specifically regarding plaintiff's complaint. Accordingly, plaintiff's complaint is "timely filed".

Here, the defendant's attempt to benefit from their own covert actions, averting identification when failing to be in full uniform, i.e. failing to wear an identification badge/tag. Moreover, despite plaintiff's diligent and "good faith" efforts, of attempting to learn of the proper spelling and residence of the defendant's, plaintiff was only greeted with indifference and a lack of co-operation. Plaintiff not only wrote to the administration of Philadelphia Industrial Corrections Center (seeking information on the defendant') but also sought assistance from the "right to know" act, however without any success. In fact, it was not until this Court referred to defendant's "Walton's" full name in a Court order, did plaintiff learn of the correct spelling of said individuals' name. Following the Court's directive, plaintiff properly amended the caption with the proper spelling of Ms. Walton's first and last name on December 19, 2016.

Instantly, the defendant's argues for dismissal of the complaint against Saajida Walton based upon plaintiff's purported failure to file said complaint within the permissible statute of limitations. See, Johnson v City of Philadelphia, 1197 WL 152790 (E.D.Pa.1997); also see, 42 Pa.C.S.A. § 5524.

Defendant's argument is misplaced, this is said

consideration given the basis for the complaint brought occurred on June 16, 2013 and this instant action was filed June 23, 2014, well within the applicable statute of limitations. Accordingly, plaintiff properly exhausted his administrative remedies and therefrom correctly set forth the basis for his claims as well as the resultant violations/harm. Plaintiff's failure to properly spell the defendant's name which in turn caused a delay in service does not form the basis for dismissal upon failure to bring the complaint in a timely manner. Any failure to properly serve the defendant was due to their own hand when failing to properly represent his/her-self during the course of the duties/employ, i.e. wearing a proper uniform and properly identifying oneself. Moreover, defendant Walton's superior(s) and/or the administration failed to provide any co-operation with the identification of the their employee.

That while plaintiff failed to properly identify Ms. Walton's properly spelled name, his good faith efforts as well as his diligence excuse any such failure, specifically since the basis for his claims had been brought in a "timely manner". Additionally, consideration must be given the defendant's own action(s) when acting covertly with an aim to avert identification.

Because the basis for this action/claim has been properly filed with this Court and in a timely manner, defendant's "Motion To Dismiss" should be denied. Specifically when consideration is given the evasive actions of the defendant's when attempting to

avoid identification both during their official duties and while acting in their individual capacity. Plaintiff's adequacy when pleading the basis for his claims as well as the individual's/entities involved have properly identified said parties within the permissible statute of limitations. Said properly pled claims and consideration given plaintiff's good faith and diligent efforts are proper and defendant's should not be able to benefit from their own deliberate actions in effort to avoid service and/or identification for purposes of liability. See, Dean v Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992).

## CONCLUSION

WHEREFORE, plaintiff pray this Honorable Court deny defendant's "Motion To Dismiss" specifically upon the basis of plaintiff's failure to meet his obligation under the applicable statute of limitations. Moreover, plaintiff pray this Court permit plaintiff to proceed to a final and just determination.

Date: 06-07-17

Respectfully Submitted,

Troy Lamont Moore, Sr.
Inmate Number: MX-9664
SCI-Forest
P.O. Box 945
Marienville, PA 16239

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR., Plaintiff | : | CIVIL-ACTION: § 1983 |
| VS. | : | |
| COMMISSIONER LOUIS GIORLA, ET AL., Defendants | : | NO.: 14-3873 |
| | : | Jury Trial Demanded |

ORDER OF THE COURT

AND NOW, on this ________day of ____________, it is hereby ordered that defendant's "Motion To Dismiss" is "DENIED".

By the Court:

EDUARDO C. ROBRENO, J.

