### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | **:** | **CIVIL ACTION** |
| **Defendants.** | **:** | **NO. 14-3873** |
| | **:** | |

### ORDER

And now, this _____ day of _____, _____,  upon consideration of

Defendant Saajida Walton's Motion for Summary Judgment and Plaintiff's response thereto, it is

hereby **ORDERED and DECREED** that Defendant's Motion for Summary Judgment is granted

and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____

Robreno, J.

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | : | **CIVIL ACTION** |
| **Defendants.** | : | **NO. 14-3873** |
| | : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendant Saajida Walton[1], by and through the undersigned counsel, hereby files this

Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and

this Honorable Court's Policies and Procedures.

Pursuant to Local Rule 7.1(c) Defendant hereby incorporates by reference the attached

Memorandum of Law as though fully set forth at length.

---

[1] Defendant Saajida Walton hereby opposes Plaintiff's motion for summary judgment based on the arguments set forth in this motion.  Defendant also notes that Plaintiff adduced no evidence of record to support his claim that Saajida Walton violated his 8th Amendment rights and asks that Plaintiff's motion for summary judgment be denied.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER LOUIS GIORLA, et al., | : | CIVIL ACTION |
| Defendants. | : | NO. 14-3873 |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
FOR SUMMARY JUDGMENT**

Defendant Saajida Walton ("Defendant"), by and through their undersigned counsel,

hereby files this Memorandum of Law in support of her Motion for Summary Judgment pursuant

to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(c).

## I.  Factual and Procedural History

On June 23, 2014, Plaintiff, Troy Moore, initiated this lawsuit by filing an application to

proceed without paying costs or fees.  ECF Doc. 1.  Plaintiff filed a Complaint on June 26, 2014

against Louis Giorla and Claudette Martin (hereinafter "prison personnel"), alleging that the

toilet in his cell at Philadelphia Industrial Correctional Center ("PICC") overflowed on

September 16, 2013, and that he was not allowed out of his cell for more than eight (8) hours.

(See Compl. generally, ECF Doc. 3.)  Plaintiff further alleged that he suffered from shortness of

breath, vomiting, diarrhea, and a facial rash as a result of his exposure to sewage.  Id. at P. 6, ¶3.

He claimed to have received inadequate medical care and claims that prison personnel failed to

help him obtain appropriate medical care.  Id. at P. 6, ¶¶5-6.  Plaintiff's claims against prison

personnel were dismissed by Order of the Court on December 18, 2015.

Plaintiff filed an Amended Complaint on February 10, 2016.  ECF Doc. 46.  Plaintiff

claimed that "S. Walton" ignored his request to remove him from his cell after he was exposed to

excrement coming from an overflowing toilet in his cell.  Id. at p. 5.  On December 19, 2016, this

Court Ordered that the caption be amended to replace "S. Walton" with Saajida Walton.  ECF

Doc. 52.  On May 2, 2017, Plaintiff served Saajida Walton with a copy of the Amended

Complaint.  ECF Doc. 57.

## II. Legal Standard

The court shall render summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient

evidentiary basis on which a reasonable jury could find for the non-moving party.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A factual dispute is "material" only if it might

affect the outcome of the suit under governing law.  See id.  All inferences must be drawn, and

all doubts resolved in favor of the non-moving party.  See United States v. Diebold, Inc., 369

U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of

identifying these portions of the record that it believes demonstrate the absence of material fact

disputes.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat summary judgment,

the non-moving party must respond with facts of record that contradict the facts identified by the

moving party, and may not rest on mere denials.  See id. at 321, n.3; First Natl. Bank of Pa. v.

Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of

proof, the non-moving party must, by affidavits or by the depositions and admissions on file,

"make a showing sufficient to establish the existence of [every] element essential to that party's

case." Celotex, 477 U.S. at 322-24.  The non-moving party must adduce more than a mere

scintilla of evidence in its favor to defeat the moving party's summary judgment motion.  See

Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989).  Although all

justifiable inferences must be drawn in favor of the non-moving party, the "moving party is

entitled to summary judgment where no reasonable resolution of conflicting evidence and

inferences therefrom could result in a judgment for the non-moving party."  Schwartz v. Hospital

of Univ. of Pa., 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993).  Furthermore, "[p]laintiff cannot

simply reassert factually unsupported allegations in its pleadings."  Poles v. St. Joseph's Univ.,

1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing Celotex, 477 U.S. at 325).

### III. Argument

### I.  PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Claims brought pursuant to § 1983 are governed by the statute of limitations applicable to

state personal injury actions.  Under Pennsylvania law, that period is two years.  See Johnson v.

City of Philadelphia, 1997 WL 152790 (E.D. Pa. 1997); 42 Pa. C.S.A. § 5524.  Under

Pennsylvania law, the statute of limitations for these types of claims are governed by 42 Pa.

C.S.A. § 5524 which provides a two year statute of limitations.  In addition, the two year statute

applies to "[a]ny other action or proceeding to recover damages for injury to person or property

which is founded on negligent, intentional, or otherwise tortious conduct." 42 Pa. C.S.A. §

5524(7).

It is well established that the statute of limitations for any claim begins to run from the

time the plaintiff knew or reasonably should have known the cause of his injury.  Bayless v.

Philadelphia National League Club, 579 F.2d 37 (3d. Cir. 1978); Mitchell v. Hendricks, 431

F.Supp. 1295, 1298 (E.D. Pa. 1977); Schaffer v. Larzelere, 410 Pa. 402, 189 A.2d 267 (1963);

Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788 (1959); Maginley v. Philadelphia Gas Works, 1982

WL 290368, 8 Phila. Co. Rptr. 416, 418 (Pa.Com.Pl. 1982).  The test consists of three parts: "(1)

knowledge of the injury; (2) knowledge of the actual element which cause the injury; and (3)

knowledge of the causative relationship between the injury and the defendant's conduct."

Maginley, 8 Phila.Co. Rptr. at 419 (citing Volpe v. Johnson-Manville Corp., January Term, 1977

No. 2052, CCP Philadelphia (May 2, 1980)).  In addition, the statute of limitations will not be

tolled due to a subsequent continuance of the wrong if the Plaintiff had knowledge of the earlier

injury.  Id. at 420 (citing Daniels v. Beryllium, 211 F. Supp. 452, 455-56 (E.D. Pa. 1962)).

Based on the foregoing, the Defendant is entitled to judgment on Plaintiff's § 1983 claim.

Plaintiff alleges that on June 16, 2013, while incarcerated at Philadelphia Industrial Correctional

Center, the toilet in his cell overflowed and he was not permitted to exit his cell.  See Complaint.

The event giving rise to these alleged constitutional violations occurred on June 16, 2013.  In

accordance with the law, the statute of limitations for this § 1983 claim expired on June 17,

2015, two years after the alleged incident.  Plaintiff failed to serve Saajida Walton with a copy of

the Amended Complaint until May 2, 2017, almost two (2) full years after the statute had run.  In

view of the foregoing, Plaintiff's constitutional claims brought pursuant to § 1983 are time

barred and should be dismissed with prejudice.  See Narducci v. Timoney, 1999 WL 961221

(E.D. Pa. 1999).

## II.    THE "RELATION BACK" PROVISION OF RULE 15(C)(1)(A) IS INAPPLICABLE.

Federal Rule of Civil Procedure 15(c) allows for the "relation back" of an amended

complaint in certain circumstances.  Rule 15(c)(1)(A) provides that a complaint may relate back

when such relation back is permissible by the law that provides the statute of limitations

applicable to the action.  Fed. R. Civ. P. 15(c)(1)(A).  Thus, in applying Rule 15(c)(1)(A), the

Court must look to the laws of the Commonwealth of Pennsylvania because state law governs

the statute of limitations.

Pennsylvania law is clear: a "plaintiff may not add a new defendant after the applicable

statute of limitations has expired."  Anderson Equipment Company v. Huchber et al., 456 Pa.

Super. 535, 539, 690 A.2d 1239, 1241 (Pa. Super. 1997).  Furthermore, under Pennsylvania law,

"John Doe" defendants are considered an entirely fictitious name or a fictitious entity.  Id., 456

Pa. Super. at 541, 690 A.2d at 1241. See also Marzella v. King, 256 Pa. Super 179, 389 A.2d

659, 662 (Pa. Super. 1978) (summons that fails to designate a legally competent entity does not

effectively commence a civil action); Cathcart v. Keene Indus. Insulation, 324 Pa. Super. 123,

471 A.2d 493, 501 (Pa. Super. 1984) (injured party must determine with the statutory period the

identity of the party who caused his injuries).

## III.     THE "RELATION BACK" PROVISION OF RULE 15(C)(1)(C)  IS INAPPLICABLE.

Rule 15(c)(1)(C) explicitly provides for the situation at hand, where a party is attempting

to name a new party to the action.  Rule 15(c)(1)  provides that an amended pleading naming a

new party will relate back if certain conditions are satisfied. An amended pleading naming a new

party may be deemed to "relate back" when:

> (B) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (C) the amendment changes the party or the naming of the party against who a claim is asserted if the foregoing provision (2) is satisfied, *and* if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment: (i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining  a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(1). (emphasis added).  Because plaintiff did not in any way notify Saajida

Walton of this lawsuit within the timeframe provided by Rule 4(m) - 90 days, and there is no

reason that Saajida Walton knew or should of known of this lawsuit and that she would be a

party, these conditions are not met in the present case. Therefore, Plaintiff's Amended Complaint

does not "relate back" to his original filing, his claims against Saajida Walton are time-barred,

and should be dismissed with prejudice.

## IV.    PLAINTIFF'S EIGHT AMENDMENT CLAIM FAILS

An Eighth Amendment violation requires an objectively serious deprivation and

deliberately indifferent conduct. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128

L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271

(1991). Here, Plaintiff alleges that he was forced to remain in a cell overnight with an

overflowing toilet, before being allowed to visit the medical unit the following morning.  In

contrast, Courts have held that a four-day confinement in a cell alleged to have been smeared

with human waste and infested with flies, where kicking and banging of other inmates occurred

at all hours, while extremely deplorable, did not amount to such a deprivation.  *See Mitchell v.*

*Horn*, No. CIV.A.98-4742, 2005 WL 1060658, at *3 (E.D. Pa. May 5, 2005); See also *Harris v.*

*Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (10 days in "filth, roach-infested" cell, without

toilet paper, toothbrush or toothpaste was not cruel and unusual punishment); *Stone-El v.*

*Sheehan,* 914 F.Supp. 202, 206 (N.D.Ill.1995) (noisiness and lack of any mattress, forcing

inmate to sleep on bare floor in presence of vermin, did not implicate constitutional rights).

Moreover, based on the record evidence, it cannot be said that the defendant was deliberately

indifferent to plaintiff's circumstances. Plaintiff admits that he was able to visit the medical unit

the following morning and did not suffer these conditions for longer than an overnight period.

Given these facts, defendant, as a matter of law, is entitled to judgment on the conditions of

confinement claim and Plaintiff's claim should be dismissed.


## V.     DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY


Even assuming Plaintiff's Constitutional rights were violated, qualified immunity should

nonetheless be granted to Correctional Officer Saajida Walton.  Government officials performing

discretionary functions generally are "shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The

doctrine of qualified immunity "seeks to ensure that defendants reasonably can anticipate when

their conduct may give rise to liability by attaching liability only if the contours of the right

violated are sufficiently clear that a reasonable official would understand that what he is doing

violates that right." *United States v. Lanier*, 520 U.S. 259, 270-71 (1997) (internal quotations

and citations omitted).  Qualified immunity "protects 'all but the plainly incompetent or those

who knowingly violate the law.'" *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (quoting

*Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court discussed the two-step

inquiry which should be used to determine whether police officers can be held liable for an

alleged violation of plaintiff's constitutional rights.  Once it is established that a constitutional

right has been violated, the Court should consider whether the officer reasonably believed his

actions were legal under the circumstances.  *See also Showers v. Spangler*, 182 F.2d 165, 171

(3d Cir. 2000); *Kim v. Gant*, 1997 WL 535138 at *10 (E.D. Pa. 1997).

The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken

judgments by police officers.  *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir.

1995).  As the Supreme Court pointed out in Saucier:

> The concern of the immunity inquiry is to acknowledge that
> reasonable mistakes can be made as to the legal constraints on
> particular police conduct.  It is sometimes difficult for an officer to
> determine how the relevant legal doctrine, here excessive force,
> will apply to the factual situation the officer confronts.  An officer
> might correctly perceive all of the relevant facts but have a
> mistaken understanding as to whether a particular amount of force
> is legal in those circumstances.  If an officer's mistake as to what
> the law requires is reasonable, however, the officer is entitled to
> immunity defense.

*Saucier,* 121 S.Ct. at 2158.  The officer's subjective intent is immaterial to the qualified

immunity question.  "Instead, 'whether an official protected by qualified immunity may be held

personally liable for an allegedly unlawful action generally turns on the 'objective legal

reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at

the time it was taken." *Showers*, *supra*, 182 F.2d at 172 (quoting *Anderson*, *supra*).

10

Here, based on the prior jurisprudence highlighted above regarding conditions of confinement, there was no clearly established rule of which Saajida Walton could have been aware regarding how she needed to respond to the overflowing toilet in Plaintiff's cell.  As there is no evidence that Saajida Walton violated clearly established constitutional guidelines regarding conditions of confinement, she is entitled to qualified immunity and Plaintiff's claims should be dismissed.

## VI.      PLAINTIFF SUFFERED AT MOST A *DE MINIMIS* PHYSICAL INJURY

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides a limitation on the award of monetary damages: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Third Circuit has routinely held the physical injury requirement of § 1997e(e) requires an inmate to prove more than a *de minimis* physical injury.  Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Michel v. Levinson, 437 Fed. Appx. 160, 163-164 (3d Cir. 2011).  Absent showing of more than *de minimis* physical injury, an inmate may not be awarded compensatory damages for mental or emotional injuries, even if there exists physical manifestation of the mental injuries.  Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998).[2]  When an inmate can demonstrate only *de minimis* physical injury, or no physical injury at all, the inmate is limited to an award of nominal damages.  Mitchell, 318 F.3d at 533; Salley v. Pa. Dep't of Corr., 181 Fed. Appx. 254, 263 (3d Cir. 2006).

---

[2] In Davis, the D.C. Circuit held physical manifestation of mental or emotional injuries was insufficient to clear the PLRA's physical injury hurdle.  In support of its analysis the D.C. Circuit cited the Third Circuit case, Terrafranca v. Virgin Atl. Airways, 151 F.3d 108, 111-112 (3d Cir. 1991),  which held that physical manifestation of emotional injuries did not satisfy the "bodily injury" requirement for recovery under the Warsaw Convention.

While there has been no bright line rule developed as to what constitutes a *de minimis* injury, courts have held the following types of injury to be *de minimis*:[3]

- Headaches, stomach cramps, chest pain, nervousness, and worry, <u>Ellis v. United States</u>, Civ. No. 08-160, 2009 U.S. Dist. LEXIS 89392, at *6-7 (W.D. Pa. Sept. 28, 2009);

- Bruising, <u>Dixon v. Toole</u>, 225 Fed. Appx. 797, 799 (11th Cir. 2007);

- Painful and difficult bowel movements, <u>Tsosie v. Bureau of Prisons</u>, 2012 U.S. Dist. LEXIS 138995, at *11-12 (M.D. Pa. Sept 27, 2012);

- Foot fungus, nose sores, and constipation, <u>Canell v. Multnomah Cnty</u>, 141 F.Supp.2d 1046, 1053-1054 (D. Or. 2001);

- Diarrhea, memory loss, dizziness, and fatigue, <u>Ellerbe v. Unites States</u>, Civ. No. 09-2226, 2011 U.S. Dist. LEXIS 105854, at *5 (N.D. Ohio Sept. 19, 2011);

- Back pain, leg pain, and canker sores, <u>Oliver v. Keller</u>, 289 F.3d 623, 629 (9th Cir. 2002)

- Itching, <u>Robinson v. Corr. Corp. of America</u>, 14 Fed. Appx. 382, 383 (6th Cir. 2001);

- Insect bites, and exposure to rodents and rodent feces, <u>Whitlock v. Director TDCJ-CID</u>, Civ. No. 10-137, 2010 U.S. Dist. LEXIS 140236, at *14 (E.D.Tex. Dec. 15, 2010);

---

[3] These cases include injuries deemed *de minimis* under both the PLRA and the Federal Tort Claims Act because the Third Circuit has held that the damages limitation provisions in these acts are so similar that courts may rely on cases dealing with either statute in interpreting what is considered a *de minimis* injury. <u>Tsosie v. Bureau of Prisons</u>, 2012 U.S. Dist. LEXIS 138995, at *10-11 (M.D. Pa. Sept. 27, 2012) (citing <u>Perez v. United States</u>, 271 F. Appx. 240, 242 (3d Cir. 2008);  28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e(e).

- Anxiety, nausea, and nightmares, <u>Chatham v. Adcock</u>, 334 Fed. Appx. 281, 285 (11th Cir. 2009)

- Exposure to fecal pathogens, <u>Mitchell v. Horn</u>, Civ. No. 98-4742, 2005 U.S. Dist. LEXIS 8139, at * 4-5 (E.D. Pa. May 5, 2005) (Ludwig, J.)

Here, Plaintiff claims that as a result of his exposure to sewage, he developed shortness of breath, chest pains, vomiting, diarrhea, and a facial rash.   (<u>See</u> Ex. 1: Deposition of Troy Lamonte Moore, Sr., 24:2-26:1).  Plaintiff concedes that his chest pains and shortness of breath subsided the day after the incident.  <u>Id</u>. at  58:17-59:1.  He also testified that his diarrhea and vomiting subsided 2-4 days following the incident.  <u>Id</u>. at 24:14-25:7.  Additionally, this Court noted in its earlier opinion in finding that the nurse who saw Plaintiff was not deliberately indifferent to a serious medical need, that when Plaintiff received medical attention in the morning following this incident, Plaintiff's blood pressure, pulse and respiratory rate were all within normal range.  See Memorandum and Opinion, ECF Doc. 41, p. 7.

Based on the evidence, Plaintiff did not suffer anything more than a de minimis physical injury.  The injuries that he alleges are all self-reported, unverifiable, and not supported by clinical or medical evidence. Given the lack of evidence of an injury suffered by the Plaintiff and the short duration during which he claims to have suffered even minor injuries, his claim for compensatory damages should be dismissed.


**WHEREFORE**, the Defendant respectfully requests that this Court grant her motion for summary judgment and enter judgment in favor of the Defendant as a matter of law.

Respectfully submitted,

Date:  <u>August 22, 2017</u>                    <u>    /s/ Aaron Shotland </u>
                                                Aaron Shotland
                                                Pa. Attorney ID No. 205916
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                (215) 683-5434
                                                aaron.shotland@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY LAMONT MOORE, SR.** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER LOUIS GIORLA, et al.,** | : | **CIVIL ACTION** |
| **Defendants.** | : | **NO. 14-3873** |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System of the U.S. District Court for the Eastern District of Pennsylvania, and to be served upon the following, via first class mail, postage prepaid:

**TROY LAMONT MOORE, SR.**
MX9664
SCI-FOREST
HOUSING UNIT: CB1002
BOX 945
MARIENVILLE, PA 16239

Date:  August 22, 2017                          /s/ Aaron Shotland
                                                         Aaron Shotland
                                                         Pa. Attorney ID No. 205916
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         (215) 683-5434
                                                         aaron.shotland@phila.gov