```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| TROY LAMONT MOORE, SR., | : | CIVIL ACTION |
| | : | NO. 14-3873 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS GIORLA, et al. | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                March 28, 2018

      Plaintiff, a Pennsylvania state prisoner, filed this pro se action under 42 U.S.C. § 1983 against prison officials. He alleges that the toilet in his cell violently overflowed, covering him with raw sewage, and that he was not permitted to leave his cell or clean himself off for approximately eight hours.

      Plaintiff and the sole remaining Defendant have filed cross-motions for summary judgment. For the reasons that follow, the Court will grant Defendant's motion and deny Plaintiff's motion.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff Troy Lamont Moore, Sr. was imprisoned at the Philadelphia Industrial Correctional Center ("PICC"). He alleges that on September 16, 2013, while at PICC, the toilet in his cell overflowed repeatedly – and despite Plaintiff's requests, Correctional Officer Walton did not let Plaintiff out of that cell for at least eight hours, leaving him surrounded by raw sewage during that time. See Am. Compl., ECF No. 46.

On June 26, 2014, after exhausting his administrative remedies, Plaintiff filed a complaint against Philadelphia Prison Commissioner Louis Giorla, Major Claudette Martin, Nurse McGrogan, and another unnamed nurse under 42 U.S.C. § 1983. ECF No. 3. Plaintiff also named Correctional Officer "Walden" in the initial Complaint. However, as Plaintiff later learned, he should have named Officer "Walton" instead.[2]

After filing answers and conducting discovery, all defendants (except "Walden," who had not yet been served) filed motions for summary judgment. ECF Nos. 21, 24, 38. In a memorandum opinion, the Court granted Defendants' motions for

---

[1] The basic facts of this case are not disputed for the purposes of summary judgment. See Telephone Conference Tr. 3:22-7:10, Apr. 6, 2015, ECF No. 39.

[2] According to Plaintiff, the reason for Plaintiff's confusion was that he was provided the name of the correctional officer orally by another prison employee, which Plaintiff then attempted to spell phonetically. See Tr. of July 24, 2017 Hearing at 7:10-14.

summary judgment because they lacked personal involvement. ECF No. 42. The Court also dismissed the claims against a person identified as "Walden" without prejudice, considering that PICC had been unable to identify her, and that she had not been served. Id.

Plaintiff repeatedly attempted to serve "Walden," but the summons were returned to Plaintiff unexecuted, with notations that PICC could not identify her. See ECF Nos. 6, 48, 52, 54, 56. Eventually, after the U.S. Marshals were unable to contact or find "Walden" to effectuate service, they contacted PICC's human resources department, which furnished the Marshals with the correct spelling. Tr. of July 24, 2017 Hearing at 12:17-20. Thereby, Walden was identified as Officer Walton. See id. at 12-13.

Then, on February 10, 2016, Plaintiff filed his Amended Complaint against "S. Walton," alleging that Walton had ignored Plaintiff's requests to remove him from his cell after he was exposed to raw sewage coming from an overflowing toilet in his cell. ECF No. 46. On December 19, 2016, the Court ordered that the caption be amended to replace "S. Walton" with "Saajida Walton." ECF Doc. 52. On May 2, 2017, Plaintiff served Saajida Walton with a copy of the Amended Complaint. ECF Doc. 57.

3

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

The guidelines governing summary judgment are identical when addressing cross-motions for summary judgment. See Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008). When confronted with cross-motions for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Schlegel v. Life Ins. Co. of N. Am., 269 F. Supp. 2d 612, 615 n.1 (E.D. Pa. 2003) (alteration in original) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 (3d ed. 1998)).

**III. DISCUSSION**

As noted above, the parties have filed cross-motions for summary judgment. The Court will address each motion in turn.

   A.   Defendant's Motion

Defendant argues that the statute of limitations bars Plaintiff's claim. In the alternative, she argues that she is entitled to qualified immunity. The Court will first address the issue of qualified immunity.

1.  *Qualified Immunity*

When a defendant in a § 1983 action claims qualified immunity, a court must first determine if the plaintiff's allegations are sufficient to establish the violation of a federal constitutional or statutory right. Wilson v. Layne, 526 U.S. 603, 609 (1999), citing Conn v. Gabbert, 526 U.S. 286, 290 (1999). If the plaintiff's allegations meet this threshold, a court must next determine whether the right that the defendant's conduct allegedly violated was a clearly established one, about which a reasonable person would have known. Id. If the plaintiff's allegations fail to satisfy either inquiry, then a defendant is entitled to qualified immunity and dismissal of the case.

Qualified immunity is a legal determination to be made by the Court. Siegert v. Gilley, 500 U.S. 226, 232 (1991) (Deciding "this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits"). However, where the facts are in dispute, a court will submit the issue to the jury for factual determinations. Then, based on those determinations, a court determines whether the defendant is entitled to qualified immunity.

6

"[A] prison official violates the Eighth Amendment only when two requirements are met." Giblom v. Gillipsie, 435 Fed. Appx. 165, 168 (3d Cir. 2011) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "First, the deprivation alleged must be, objectively, sufficiently serious." Id. "[S]econd . . . a prison official must have a sufficiently culpable state of mind." Id. The objective component is narrowly defined: only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992). A prisoner must show that the condition, either alone or in combination with other conditions, deprived him or her of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294, 304 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

These needs include "food, clothing, shelter, sanitation, medical care and personal safety." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). "[A] totality of the circumstances test must be applied to determine whether the conditions of confinement constitute cruel and unusual punishment." Tillery v. Owens, 907 F.2d 418, 427 (3d Cir. 1990). In determining whether the conditions of confinement amount to a constitutional violation, the "'circumstances, nature, and duration' of the conditions must be carefully considered" but

7

the "length of exposure . . . is often of prime importance." Martin v. Gearhart, 712 F. App'x 179, 186 (3d Cir. 2017) (quoting DeSpain v. Uphoff, 264 F.3d 965 (10th Cir. 2001)).

"Sanitation is one of the basic human needs recognized by eighth amendment cases," Peterkin v. Jeffes, 855 F.2d 1021, 1027 (3d Cir. 1988). Additionally, the Third Circuit has noted that "there is no doubt that 'exposure to human waste carries particular weight in the conditions calculus." Martin, 712 F. App'x at 187 (quoting DeSpain, 264 F.3d at 967).[3]

In this case, Plaintiff alleges that he was covered in raw sewage for approximately eight hours. See Am. Compl., ECF No. 46. Regarding the qualified immunity analysis, Defendant only contests whether the injury was sufficiently serious, and

---

[3] See also McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001) (upholding Eighth Amendment claim given the "totality of the circumstances" where plaintiff alleged that he was forced to remain in feces-covered cell for a three-day period)); see also Despain, 264 F.3d at 974 (upholding Eighth Amendment claim where plaintiff alleged exposure to other inmates' urine and feces due to standing water from flooded toilets for thirty-six hours); Wheeler v. Walker, 303 Fed. App'x 365, 367–68 (7th Cir. 2008) (upholding Eighth Amendment claim where plaintiff alleged he was confined for two weeks in a roach-infested cell with a badly torn mattress, a urine and waste "encrusted" sink and toilet, and debris covering the floors, walls and sink); Henry v. Overmyer, No. 10-189 2013 WL 3177746, at *2 (W.D. Pa. June 24, 2013) (holding that prisoner had established a triable issue of fact for an Eighth Amendment claim where he alleged that he was forced to use a feces-stained mattress for twelve days); Woods v. Abrams, 2007 WL 2852525 at *12 (W.D. Pa. 2007) (observing that the plaintiff's allegations that the wall of his cell was covered with feces by a prior inmate "may assert an Eighth Amendment claim" but entering summary judgment since the plaintiff was issued cleaning supplies the next day and was not "required to remain in an unsanitary condition for an inordinate period of time").

whether Plaintiff's rights were clearly established. Considering the "particular weight" given to exposure to human waste, see Martin, 712 F. App'x at 187, there is a triable issue of fact regarding the violation alleged here. Therefore, Defendant is not entitled to qualified immunity at this stage of the proceedings. Accordingly, the Court proceeds to address the statute of limitations issue.

2.  *Statute of Limitations*

Claims brought under § 1983 are subject to the state statutes of limitations governing personal injury actions. Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (citations omitted). Specifically, the Pennsylvania statute of limitations for personal injury actions, which is applicable in the instant case, is two years. Id. (citing 42 Pa. Cons. Stat. § 5524(7) (2003)).[4] Importantly, "parties to be brought in [or parties whose naming is to be changed] by amendment must have received notice of the institution of the action within 120 days following the filing of the action." Fed. R. Civ. P. 4(m).

In this case, the underlying events giving rise to Plaintiff's claims occurred on June 16, 2013. However, Plaintiff

---

[4] "The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." Garvin, 354 F.3d at 220 (citing Talbert v. Kelly, 799 F.2d 62, n.1 (3d Cir. 1986)).

9

did not serve Walton with a copy of the Amended Complaint until May 2, 2017, almost four years after the incident, and nearly two years after the statute of limitations had run. Accordingly, the statute of limitations bars Plaintiff's claim against Walton unless the Amended Complaint "relates back" to the initial Complaint under Rule 15(c) of the Federal Rules of Civil Procedure.

Such an amended pleading relates back where, among other requirements, the party to be brought in by amendment knew or should have known that the action would have been brought against him or her, "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c). The core of the relation back inquiry is "what the prospective <u>defendant</u> knew or should have known" after the initial pleading was filed. <u>Krupski v. Costa Crociere S. p. A.</u>, 560 U.S. 538, 548 (2010) (emphasis in original).

There is no evidence in the record that Walton knew or should have known of this action before the statute of limitations had run. Moreover, Plaintiff does not so contend. <u>See generally</u> Tr. of July 24, 2017 Hearing. Instead, Plaintiff's argument is that that the <u>PICC</u>, via Walton's supervisors, "knew exactly who [Plaintiff] was referring to," <u>id.</u> at 12:1-2, and had ample time to provide Walton's "true name." <u>Id.</u> at 6:1-8. Yet, even assuming that PICC had adequate notice that Walton was

the intended defendant, that does not establish that Walton herself had notice. Further, as explained below, any such notice that PICC had is not imputed to Walton.

The Third Circuit has recognized two methods of imputing notice to defendants under Rule 15(c): (i) the existence of a shared attorney between the original and proposed new defendant; and (ii) an identity of interest between these two parties. Additionally, Rule 15(c)(3)(B) requires that the party sought to be added knew or should have known that, but for a mistake, the plaintiff would have named him or her in the original complaint. Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 189 (3d Cir. 2001).

In this case, neither method of imputing notice is applicable. First, Walton and the other defendants did not share an attorney prior to the running of the statute of limitations. Second, the Third Circuit has held that notice to an employer does not constitute notice to a non-managerial, staff-level employee. See id. at 200; see also Garvin, 354 F.3d at 227.

Additionally, equitable tolling does not apply in this case. For one, Plaintiff was aware that his initial attempts to serve Walton were returned unexecuted, and that PICC was at least claiming that it could not identify her. See ECF Nos. 6, 48, 52, 54, 56. Yet, Plaintiff did not request through discovery that PICC produce Walton's identity.

Because Plaintiff has failed to show that Walton had either actual notice or constructive notice within the required 120 day period under Rule 15(c), Plaintiff's Amended Complaint does not relate back to the date of the initial Complaint. Therefore, Plaintiff's § 1983 claims against Walton are barred by the statute of limitations.

    B.   <u>Plaintiff's Motion</u>

Plaintiff, in his motion, basically summarizes the case and contends that there is no genuine dispute of material fact. Thus, in Plaintiff's view, he is entitled to summary judgment in his favor. Although Plaintiff is correct that Defendant has not disputed the basic facts of this case, as discussed above, the statute of limitations bars his claims.

**III. CONCLUSION**

For the reasons set forth above, the Court will grant Defendant's Motion for Summary Judgment, but deny Plaintiff's Motion for Summary Judgment.

An appropriate order follows.