IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY LAMONT MOORE, SR., *Plaintiff,* v. C.O. SAAJIDA WALTON, *Defendant.* | CIVIL ACTION NO. 14-3873 |

**Pappert, J.**                                                                           **November 12, 2024**

## MEMORANDUM

In 2014, Troy Lamont Moore, Sr. filed this lawsuit alleging he was subjected to excessive force while an inmate at the Philadelphia Industrial Correctional Center. In his initial Complaint, Moore misspelled defendant Saajida Walton's name. It took years to identify her, but in May of 2017, Walton was finally served with the Complaint. But by then the statute of limitations had run, so Judge Robreno—then presiding over the case—granted summary judgment in Walton's favor. In April of 2024, the Third Circuit Court of Appeals vacated that decision and remanded, holding the district court did not properly apply the relation back doctrine. The panel instructed the Court to consider whether Walton had actual or constructive notice of the lawsuit by December 17, 2015, when the first complaint was dismissed.

The Court gave the parties 90 days to complete discovery on the notice issue. When the parties couldn't meet that deadline, the Court gave them another 60 days. Nonetheless, two days before the discovery deadline, counsel for Moore served the City of Philadelphia, which is not a party to the suit, with a subpoena seeking documents

1

and purporting to schedule a deposition for six days after the end of discovery. The City moved to quash the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A) because the subpoena did not leave a reasonable time for the City to comply. The Court grants the motion.

I

A

Moore first filed his Complaint in June of 2014 alleging that, on June 16, 2013, the defendants violated his Eighth Amendment rights when the toilet in his prison cell overflowed and he suffered prolonged exposure to human waste. Moore named the following defendants: Louis Giorla, Major Martin, "Walden, Correctional Officer" and "McGrogan, RN Medical Nurse." (Compl. at 1, ECF No. 3.) The Court now knows that Moore's reference to C.O. "Walden" was an attempt to name Saajida Walton, the corrections officer who allegedly forced him to stay in his cell with the waste.

In December of 2015, Judge Robreno granted summary judgment for Giorla, Martin and McGrogan and dismissed the claim against "Walden" without prejudice because the prison was unable to identify her. (Mem. Granting Summ. Judg. at 5, ECF No. 41.) In February of 2016, Moore filed an amended complaint and named "Corrections Officer S. Walton" as the defendant. (ECF No. 46.) A new summons with Walton's name was returned unexecuted with the notation that the City needed "more info." (ECF No. 48.) Judge Robreno ordered Moore to provide more information on Walton, noting that the "[City of Philadelphia has indicated that [the] only individual with a similar name is Saajida Walton." (ECF No. 49.) When Moore confirmed that Saajida Walton was who he wished to sue, (ECF No. 50), another summons was

returned unexecuted because the "Phila[delphia] Law Dept. has no identifiable record of individual." (EF No. 54.) Finally, in May of 2017, the summons was returned executed upon Walton's mother. (ECF No. 57.)

The parties filed cross-motions for summary judgment. Walton claimed that Moore's lawsuit was barred by the two-year statute of limitations because service was not effectuated until nearly four years after the alleged conduct. (ECF No. 65.) Judge Robreno granted the motion, holding that the claims were barred by the statute of limitations and that the Rule 15(c) relation-back doctrine did not apply because there was no evidence that "Walton knew or should have known of this action before the statute of limitations had run." (Mem. Granting Summ. Judg. to Walton at 9-10, ECF No. 67.) In April 2018, Moore appealed the Court's decision. (ECF No. 71.) On April 12, 2024, the Third Circuit Court of Appeals vacated the summary judgment order and remanded the case for further proceedings consistent with its instructions. (Remand Op., ECF No. 75.) The same day, the case was reassigned to this Court, given Judge Robreno's retirement. (ECF No. 76.)

B

Federal Rule of Civil Procedure 15(c)(1)(C) allows plaintiffs to amend a complaint after the limitations period expires if, during the service "period provided by Rule 4(m)," the defendant "knew or should have known the action would have been brought against it." (Remand Op. at 2-3.) The summary judgment order, the Third Circuit held, did not properly account for good cause extensions of the service period the court had granted for the initial complaint, which necessarily ended when the complaint was dismissed on December 17, 2015. (*Id.* at 19.) Thus, the Third Circuit

directed the Court to address "(1) whether Walton received [actual or constructive] notice of the action by December 17, 2015, and if so (2) whether Moore can demonstrate the absence of prejudice . . . , and if so (3) the merits of Moore's Eighth Amendment claim." (*Id.* at 22.) The panel also clarified that "the District Court may exercise its discretion as to whether to permit additional discovery on the issue of notice." (*Id.* at 21.)

C

On May 10, 2024, the Court held a telephone conference with both parties and, exercising its discretion, allowed limited discovery on whether Moore had actual or constructive notice of the initial Complaint by December 17, 2015. (Scheduling Order at 1, ECF No. 82.) The discovery deadline was set for Friday, August 9, 2024. (*Id.*) The parties were unable to meet that deadline, partly because of a privilege dispute over e-mails between the City Law Department and the prison. So the Court extended the discovery deadline to October 11, 2024, (ECF No. 84), and resolved the privilege dispute on September 12, 2024. (ECF No. 93.)

The parties proceeded with discovery, exchanging documents and conducting four depositions of relevant Law Department and Department of Prisons officials between September 30 and October 1. *See generally* (ECF No. 91). Counsel also deposed Walton at some unknown time. (Memo. in Supp. of Mot. to Quash at 3, ECF No. 89.) But then, on October 9, 2024, Moore issued a subpoena to the City of Philadelphia directed at the Law Department and Department of Prisons. (Subpoena, ECF No. 91-5.) Pursuant to Federal Rule of Civil Procedure 30(b)(6), the subpoena included a notice of deposition scheduled for October 17, 2024 and broad requests for

documents from an almost six-year period relating to Moore's case and communications between the Law Department, Department of Prisons and Walton. (*Id.*) The next day, October 10, 2024, the City filed its motion to quash the subpoena under Federal Rule of Civil Procedure 45(d)(3), arguing it did not leave a reasonable time to comply, was overbroad, was duplicative of completed discovery and covered privileged attorney-client communications and attorney work product. (ECF No. 89.) On October 24, 2024, Moore filed a response and the City filed a brief reply. (ECF Nos. 91, 92.)

II

A

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court "*must* quash or modify" a subpoena that "fails to allow a reasonable time to comply," Fed. R. Civ. P. 45(d)(3)(A)(i) (emphasis added), "requires disclosure of privileged . . . matter," *id.* at 45(d)(3)(A)(iii), or "subjects a person to undue burden," *id.* at 45(d)(3)(A)(iv). The City argues each of these applies, but the Court finds it unnecessary to address privilege or undue burden because the subpoena failed to allow a reasonable time to comply.

What is considered a "reasonable time to comply" is fact dependent, but courts generally "consider fourteen days from the date of service presumptively reasonable." *In re Keebaugh*, No. 19-163, 2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) (citing *Grant v. Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-cv-1665, 2011 WL 5429005, at *7 (E.D. Pa. Nov. 7, 2011)).

Moore served the subpoena on the City on October 9, 2024, (ECF No. 91-5), two days before the close of discovery and eight days prior to the date scheduled for the deposition—October 17, 2024. To start, eight days is an inadequate window for the

City to prepare for expansive discovery requests and several potential depositions. *Id.*, at \*4 ("Federal courts have . . . found compliance times of eight and seven days not to be reasonable. . . . Given the [extensive discovery] requested here, the Court finds the compliance time of ten (10) days to be unreasonable." (cleaned up)); *FTC v. Thomas Jefferson Univ.*, No. 20-01113, 2020 WL 4347371, at \*11-12 (E.D. Pa. July 29, 2020) (finding eight days to be an unreasonable amount of time to respond).

More importantly, it was also unreasonable for Moore to serve the subpoena two days before the close of discovery and purport to schedule a deposition for after the discovery deadline. Generally, "parties have no right to take a deposition after the close of discovery," *Sikkelee v. Precision Airmotive Corp.*, 522 F. Supp. 3d 120, 163 (M.D. Pa. 2021), and by asking Walton's counsel to engage in discovery after the deadline, the subpoena did not leave them a reasonable time to comply. Many courts have exercised their discretion to quash subpoenas that ignore discovery deadlines when "there is no reason why the subpoena could not have been brought during the discovery period." *Revander v. Denman*, No. 00 Civ. 1810, 2004 WL 97693, at \*1 (S.D.N.Y. Jan. 21, 2004); *see also, e.g.*, *Galloway v. Islands Mech. Contr., Inc.*, No. 2008–071, 2013 WL 163985, at \*15 (D.V.I. Jan. 14, 2013) (explaining that a subpoena that scheduled discovery past the discovery deadline "invokes the authority of the court," "unnecessarily lengthens [the] discovery process," and "diverts the parties' attention from the post-discovery aspects of preparing the case for trial"); *Jefferson v. Biogen IDEC Inc.*, No. 11–CV–00237, 2012 WL 1150415, at \*2 (E.D.N.C. Apr. 5, 2012); *Peterbilt of Great Bend, LLC v. Doonan*, No. 05–1281, 2006 WL 3193371, at \*2 (D. Kan. Nov. 1, 2006). After

five months of discovery, Moore provides no legitimate justification for waiting until the eleventh hour to drop this subpoena on the City.

Moore argues the City had time to comply because it was on notice of the impending subpoena as early as August 5, 2024, when counsel for Moore sent counsel for the City a draft of the subpoena and its attached schedules. (Resp. to Mot. to Quash at 9.) But then counsel sat on the subpoena for over two months. Moore claims he was waiting until after the other four depositions to narrow the subpoena's scope. (*Id.*) But the subpoena was not dependent on the outcome of other depositions; it sought independent information from the Law Department and Department of Prisons. In either event, Moore had more than enough time to complete the four depositions and serve the subpoena. Further, being on notice of a *potential* subpoena does not change the Court's analysis regarding the City's time to respond to the *actual* subpoena. It was reasonable for counsel to wait until they received the actual subpoena before expending City resources collecting documents and preparing for depositions. Finally, it was reasonable for the City to regard the draft subpoena as abandoned when, after following up on September 9, and meeting with counsel regarding its objections on September 19, it was not served with the subpoena until October 9. (Memo. in Supp. of Mot. to Quash at 9); (Memo. in Opp. to Mot. to Quash at 9.)

B

If any grounds under Rule 45(d)(3) exist, the Court is required to either quash or modify the subpoena. Moore argues only that the Court should not quash the subpoena. In any event, quashing is the appropriate remedy because Moore did not give the City a reasonable amount of time to respond to the subpoena. By serving the

7

subpoena two days before the close of discovery, Moore undermined any possible argument for the subpoena's modification.  And even assuming Moore had requested an extension of the discovery deadline, which he did not, the Court would have no cause to grant such a request.  Having initially exercised its discretion to allow ninety days for limited discovery on a very narrow issue, the Court extended discovery for another sixty days, giving the parties a total of five months.  Moore's last-minute subpoena could have been served at any time during the past five months.  Instead, as Moore admits, he only served the subpoena after failing to uncover evidence of constructive notice through document discovery and five depositions.  (Pl. Resp. to Mot. to Quash at 11, ECF No. 91.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.