IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT MOORE, SR.,

    *Plaintiff,*

v.

C.O. SAAJIDA WALTON,

    *Defendant.*

CIVIL ACTION
NO. 14-3873

**Pappert, J.**                                                                                      **October 29, 2025**

## MEMORANDUM

      In 2014, Troy Lamont Moore, Sr. filed this lawsuit alleging violations of his constitutional rights while he was an inmate at the Philadelphia Industrial Correctional Center. In his Original Complaint, Moore misspelled Corrections Officer Saajida Walton's name. Years later, Moore filed an Amended Complaint which correctly identified Walton. But the statute of limitations had expired, so Judge Robreno—then presiding over the case—granted summary judgment to Walton. In April of 2024, the Third Circuit Court of Appeals vacated the order granting summary judgment and remanded the case, opining that the district court incorrectly applied the "relation back" doctrine. The panel directed the court on remand to address in first instance whether Walton had actual or constructive notice of the action against her by December 17, 2015, the date of the Original Complaint's dismissal.

      After an extensive discovery period on the notice issue, the parties have now supplemented their pre-remand summary judgment motions. Because there is no evidence that Walton was on notice of the action against her by December 17, 2015, the

1

Amended Complaint does not relate back to the Original Complaint's filing.  The claim against Walton is time barred and the Court grants judgment in her favor.

I

A

Moore filed his Original Complaint in June of 2014 under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights because his prison cell toilet overflowed and he suffered prolonged exposure to human waste.  (Compl. at 1, Dkt. No. 3.)  Moore named the following defendants: Louis Giorla; Major Martin; Walden, Correctional Officer and McGrogan, RN Medical Nurse.  (*Id.*)  Moore's reference to C.O. "Walden" was an attempt to name Saajida Walton, the corrections officer who allegedly refused to let Moore out of his fetid cell.  On December 17, 2015, Judge Robreno granted summary judgment on the claims against Giorla, Martin and McGrogan and dismissed the claims against "Walden" without prejudice because the prison could not identify her.  (Mem. Granting Summ. J. at 5, Dkt. No. 41.)  Moore then filed an Amended Complaint naming "Corrections Officer S. Walton" as the sole defendant.  (Dkt. No. 46 at 1.)

The parties filed cross-motions for summary judgment.  (Dkt. Nos. 60 and 65.)  Judge Robreno granted Walton's motion, ruling that she did not have actual or constructive notice of the action against her within the deadline for service of the Original Complaint under Federal Rules of Civil Procedure 4(m) and 15(c).  (Mem. Granting Summ. J. at 12, Dkt. No. 67.)  Moore's Amended Complaint against Walton thus did not "relate back" to the filing date of the Original Complaint, and because the

Amended Complaint was filed after the applicable statute of limitations expired, Moore's claims were time barred. (*Id.* at 9–10, 12.)

B

In 2024, the Third Circuit Court of Appeals vacated the order granting summary judgment.[1] *Moore v. Walton*, 96 F.4th 616 (3d Cir. 2024). The panel found the district court "erred to the extent it looked to the statute of limitations rather than the period for service under Rule 4(m) to assess notice," which period for service must include "any mandatory extensions granted for good cause." *Id.* at 626. The appellate court explained that "despite being extended . . . for good cause, the Rule 4(m) service period for the Original Complaint necessarily ended" when it was dismissed on December 17, 2015. *Id.* at 627. The panel instructed this Court to address "(1) whether Walton received [actual or constructive] notice of the action by December 17, 2015, and if so (2) whether Moore can demonstrate the absence of prejudice—the final element necessary to satisfy the relation-back inquiry, and if so (3) the merits of Moore's Eighth Amendment claim." *Id.* at 628. After giving the parties five months to conduct discovery on these narrow issues, (Dkt. Nos. 82 and 84), they were allowed to supplement their 2018 summary judgment motions, (Dkt. Nos. 112–114, 118), which the Court now considers in light of the panel's opinion and instructions.

II

Federal Civil Rule 56 directs a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears

---

[1] On the same day, the case was reassigned given Judge Robreno's retirement. (Dkt. No. 76.)

3

the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the movant does so, the burden shifts to the nonmovant to show evidence raising a genuine issue of material fact for trial. *Id.* Although the Court gives the nonmoving party the benefit of all factual inferences, he still must identify "evidence on which the jury could reasonably find for" him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the evidence he identifies is "merely colorable" or "not significantly probative," then summary judgment is appropriate. *Id.* at 249–50. The same rule applies to cross-motions for summary judgment. *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008).

### III

#### A

Section 1983 claims like Moore's "are subject to the statute of limitations governing personal injury actions." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003). The applicable state statute of limitations for such actions in Pennsylvania is two years. *Id.* The underlying events in this case took place on September 16, 2013 and Moore filed the Amended Complaint that added Walton as a defendant more than two years later on February 10, 2016. (Am. Compl. at 5.) Moore's claims against Walton are therefore time barred unless the Amended Complaint "relates back" to the date the Original Complaint was filed, as provided by Federal Rule of Civil Procedure 15(c).

B

"Rule 15(c)[] provides for the 'relation back' of amended complaints that add or change the name of a party if certain conditions are met, in which case the amended complaint is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint." *Singletary v. Pa. Dep't of Corr.,* 266 F.3d 186, 189 (3d Cir. 2001). To establish relation back under Rule 15, Moore must meet the following requirements:

> *[F]irst,* the claim against the newly added defendant must arise "out of the conduct, transaction, or occurrence set out . . . in the original pleading," *second,* the newly named party must have "received such notice of the action that it will not be prejudiced in defending the merits," and *third,* the newly named party must have or should have known that "but for a mistake" made by the plaintiff concerning the newly named party's identity, "the action would have been brought against" the newly named party in the first place.

*Moore v. Walton*, 96 F.4th at 623 (quoting Fed. R. Civ. P. 15(c)(1)). Only the notice requirement is at issue here, under which a newly named party must receive actual or constructive notice of the action against them within the Rule 4(m) service period for the original complaint. *Id.* at 619, 626. The service period includes "any good cause extensions granted under [Rule 4(m)]." *Id.* at 626.

IV

The Third Circuit Court of Appeals concluded that, in order for Moore's Amended Complaint to relate back to his Original Complaint, Walton must have been on notice by December 17, 2015—when the Original Complaint was dismissed and "the Rule 4(m) service period for the Original Complaint necessarily ended." *Id.* at 627. Moore admits there is no evidence that Walton was on actual notice of the action against her by that date, (Pl.'s Resp. to Def.'s Statement of Material Facts, ¶ 1, Dkt. No 113-1), and argues

5

instead that Walton was on constructive notice, (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 3–7, Dkt. No. 113).

A

Two methods may impute constructive notice on a newly added defendant under Rule 15(c): the "shared attorney" method and the "identity of interest" method. *Garvin*, 354 F.3d at 222–23. The "shared attorney" method "is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.'" *Id.* (quoting *Singletary*, 266 F.3d at 196). Similarly, "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 223 (quoting *Singletary*, 266 F.3d at 197) (internal quotation marks omitted). Moore raises only the "shared attorney" method.[2]

B

Moore argues that Aaron Shotland and Brock Atkins, who represented codefendants Giorla and Martin, also represented Walton "in every way but formal entry of appearance." (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 6.) But counsel for Giorla and Martin had no interaction with Walton before December 17, 2015. (Pl.'s Resp. to Def.'s Statement of Material Facts, ¶ 2) (stating that Shotland had no interaction with Walton before December 17, 2015); (*Id.* ¶ 14c) ("Defendant Saajida Walton testified that she had no knowledge of Plaintiff's complaint until a month or two

---

[2] The "identity of interest" method did not impute notice to Walton because notice to an employer does not impute notice to non-managerial employees like Walton. *Singletary*, 266 F.3d at 200.

before the [October, 2024] deposition . . . and she does not recall ever having spoken with Aaron Shotland or Brock Atkins."). And both attorneys testified that they either didn't recall speaking with Walton or did not represent her. (Dep. of Brock Atkins at 25:16–19, Dkt. No. 99-5; Def.'s Suppl. Statement of Material Facts ¶ 2, Dkt. No. 112.)

Moore offers no record evidence to rebut Walton's testimony that she was unaware of the action and nothing to show that she communicated with an attorney who might have informed her about a potential action against her. *See* Fed. R. Civ. P. 56(c). Notice will not be imputed to an added defendant where there is no evidence that the allegedly shared attorneys had "any communication or relationship whatsoever" with them. *Garvin*, 354 F.3d at 226.

Lacking any evidence that anyone communicated with Walton about the action before December 17, 2015, Moore contends that the City of Philadelphia and its Law Department's prospective commitments to defend all City employees imputed notice of the action to Walton. (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 6.) But the shared attorney inquiry "is not whether new defendants *will* be represented by the same attorney, [the inquiry is] whether the new defendants *are* being represented by the same attorney." *Garvin*, 354 F.3d at 223 (quotations omitted) (emphasis in original). The City's blanket, prospective commitment did not impute notice to Walton of the action against her.

Finally, Moore claims that the analysis in *Garvin v. City of Philadelphia* is "legally suspect" in light of the Supreme Court decision *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 5.) Moore is wrong for two reasons. First, *Krupski* focuses on Rule 15(c)(1)(C)(ii)'s "but for a

mistake" requirement, not the Rule 15(c)(1)(C)(i) notice requirement at issue in *Garvin* and here. *Krupski*, 560 U.S. at 541. Indeed, the defendant in *Krupski* conceded that it was on constructive notice of the action against it under Rule 15. *Id.* at 545.

Second, *Garvin* and *Krupski* are analytically consistent. Despite Moore's contentions, both decisions address the relation-back inquiry from the defendant's, not the plaintiff's, perspective. *Krupski*, 560 U.S. at 541 ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."); *Garvin*, 354 F.3d at 223–227 (considering in its shared attorney analysis whether defendants, not the plaintiff, were on notice of the action.) Although *Garvin* discusses the plaintiff's diligence in identifying the proper defendant, this discussion did not dictate its holding. *Id.* at 223–228. The analysis performed in *Garvin* is not, as Moore argues, "contrary" to the analysis performed in *Krupski*. (Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 5.)

V

Because Walton was not on actual or constructive notice of the action against her by December 17, 2015, Moore's Amended Complaint does not relate back to the date of the Original Complaint's filing and is barred by the applicable statute of limitations. There is accordingly no need to consider whether Moore can demonstrate the absence of prejudice or the merits of Moore's Eighth Amendment Claim. *Moore v. Walton*, 96 F.4th at 628.

An appropriate order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.